1  LYNN ROSSMAN FARIS (State Bar No. 096029)
2  PHILIP C. MONRAD (State Bar No. 151073)
   JENNIFER KEATING (State Bar No. 250857)
   LEONARD CARDER, LLP
3  1330 Broadway, Suite 1450
   Oakland, CA 94612
4  Telephone: (510) 272-0169
   Facsimile: (510) 272-0174
5  Email: lfaris@leonardcarder.com
6         pmonrad@leonardcarder.com
          jkeating@leonardcarder.com
7
   Attorneys for Plaintiffs
8

9

                    UNITED STATES DISTRICT COURT
10
                IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA
11

12

13  PAULA LABRIE, ALFREDO MACIAS,        )   **Case No. C08-03182 PJH**
    PETER MILLMAN, TOM CHORTABTIM,       )
14  RAF SISON                            )   **FIRST AMENDED COMPLAINT**
                                         )   **DEMAND FOR JURY TRIAL**
15                                       )   **FLSA COLLECTIVE ACTION**
                                         )   **RULE 23 CLASS ACTION**
16           Plaintiffs,                 )
                                         )   1. FLSA Minimum Wage, Overtime
17      v.                               )      29 U.S.C. §§ 206, 207, 216(b), 255(a);
                                         )   2. Calif. Minimum Wage, Overtime
18                                       )      CA Labor Code §§ 510, 1194,
    UPS SUPPLY CHAIN SOLUTIONS, INC.     )       IWC Wage Order 9-2001, §§ 3, 4;
19                                       )   3. Calif. Expense Reimbursement
                                         )      CA Labor Code § 2802;
20           Defendant.                  )   4. Calif. Reporting Time Pay
                                         )      IWC Wage Order 9-2001, § 5;
21                                       )   5. Calif. Waiting Time Penalties
                                         )      Calif. Labor Code § 203;
22                                       )   6. Fraud
                                         )   7. Calif. Unlawful, Unfair Business Practices
23                                       )      CA Bus. & Prof. Code § 17200;
                                         )
24  _____ )

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

1    Plaintiffs PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM

2    CHORTABTIM and RAF SISON, on behalf of themselves and similarly situated drivers for

3    Defendant UPS SUPPLY CHAIN SOLUTIONS, INC., in the United States (FLSA claim) and in

4    the State of California (California claims), and on behalf of the general public allege as follows:

5    **INTRODUCTION**

6    1.    The Fair Labor Standards Act requires that covered employers pay to all their

7    employees at least the minimum wage for all hours worked, and time-and-a-half their regular rate

8    of pay as overtime premium compensation for all hours worked in excess of 40 in a week,

9    including hours where employees are "engaged to wait" for the employer's benefit.  29 U.S.C. §

10   216.  Likewise, the California Labor Code requires employers to pay at least minimum wage and

11   overtime premium pay for hours worked in excess of 8 in a day, as well as in excess of 40 in a

12   week.   Calif. Lab. Code §1194.  The California Labor Code further requires employees to meet

13   other legal obligations to their employees, including the duty to reimburse employees for all

14   expenses necessarily incurred in connection with their employment (Lab. Code §2802), the duty

15   to provide workers compensation coverage (Lab. Code §§3200 *et seq*.), the duty to promptly pay

16   all wages due and owing upon termination (Lab. Code § 201, 203.) and other legal obligations.

17   2.    Employers may not avoid these legal obligations by simply labeling their workers

18   as "independent contractors," if the employers in fact treat their workers as employees.

19   3.    Defendant UPS SUPPLY CHAIN SOLUTIONS, INC. (hereinafter "UPS SCS")

20   does just that.  UPS SCS is a specialized business unit within United Parcel Services, Inc., which

21   provides expedited pick up and delivery services for business customers, using smaller vehicles

22   separate from the familiar UPS brown truck.  To secure an unfair competitive advantage over its

23   competitors by lowering its labor costs in an integral element of its business, UPS SCS

24   misclassified the drivers of these delivery vehicles as "independent contractors." Specifically,

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1

UPS SCS has created a sham independent contractor relationship with these drivers for the purpose of shifting risk and operating expenses onto those drivers, while retaining all the control and dominion that an employer exercises over employees.

4.    UPS SCS has called these so-called "independent contractor" drivers within its Supply Chain Solutions unit by a variety of names such as "smart couriers," "transportation suppliers," "transportation service providers" and "contractors."  Hereinafter all such persons, however labeled by UPS, who performed delivery and pick-up services for defendant UPS SCS as purported "independent contractors" will be called "drivers."  The term "drivers" as used herein does not refer to persons who work or worked for UPS as acknowledged employees.

5.    The California Employment Development Department ("EDD") has determined in two audits that predecessor entities now owned and controlled by UPS SCS misclassified their drivers as "independent contractors," when in fact they were employees.  *See Air Couriers International, et al. v. Employment Development Department, et al*, 150 Cal.App.4th 923 (2007). Since those audits, UPS SCS has changed the names of those corporate entities, but it has continued the same operations without meaningfully changing the degree of control it exercises over the means and manner of the drivers' work.

6.    Despite UPS SCS's control over virtually all material aspects of the employment relationship with drivers, and despite the unequivocal command of applicable statutes and case law that workers such as plaintiffs are entitled to the protections due employees under the FLSA and California law, and despite the finding of the Court of Appeal in the *Air Couriers case*, UPS SCS continues to misrepresent the status of these drivers, and to misclassify them as "independent contractors."

7.    As a result, UPS SCS has willfully deprived these drivers of the rights and protections guaranteed by the FLSA and California law to all employees described above.  UPS

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

2

1  SCS's mis-characterization of its drivers as independent contractors, its concealment and/or non-

2  disclosure of the true nature of the legal relationship between UPS SCS and these drivers and the

3  attendant deprivation of substantial rights and benefits of employment are part of an on-going

4  unfair, and/or unlawful and/or fraudulent business practice by UPS SCS which this court should

5  remedy, both as to harm done to UPS SCS's drivers and to lawful competitors.

6

7  ## PARTIES

8      8.    Plaintiffs PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM

9  CHORTABTIM and RAF SISON are residents, respectively, of Alameda, Los Angeles, Santa

10  Clara, Los Angeles and Los Angeles Counties, in the State of California.  Plaintiffs were

11  employed by UPS SCS as purported "independent contractor" drivers in California for all

12  relevant times.  Together, they sue on behalf of themselves, as representatives of all drivers in the

13  classes defined below, on behalf of the public, and as private attorney generals pursuant to the

14  Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, *et seq*.  Attached hereto as

15  Exhibit A are Consents to Become Party Plaintiff to the FLSA claims in this action executed by

16  named Plaintiffs, and by similarly situated drivers.  Plaintiffs will file additional Consents to

17  Become Party Plaintiffs executed by similarly situated drivers as they are secured.

18      9.    Plaintiffs are informed and believe and on that basis allege that defendant UPS

19  SUPPLY CHAIN SOLUTIONS, INC., is incorporated in Georgia, and is a wholly owned

20  subsidiary of United Parcel Service, Inc.  Defendant UPS SUPPLY CHAIN SOLUTIONS, INC.,

21  is a registered foreign corporation with the California Secretary of State, doing business at various

22  locations throughout the state of California, including at least one location in the Counties of San

23  Francisco, Alameda, and Santa Clara.

24      10.   Plaintiffs are informed and believe and on that basis allege that the corporate entity

25  named herein as defendant UPS SUPPLY CHAIN SOLUTIONS, INC., was formerly known as

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

3

1  and/or operated by one or more of the following entities: Air Couriers International, Sonic

2  Couriers of Arizona, Inc., Sonic Air, Inc., Arizona Sonic Air, Inc., UPS Service Parts Logistics,

3  Inc., and UPS Logistics Group.  On information and belief, these entities have been purchased,

4  merged and/or reorganized under the ownership, direction and control of defendant UPS

5  SUPPLY CHAIN SOLUTIONS, INC., and/or its parent United Parcel Service, Inc., and

6  defendant UPS SUPPLY CHAIN SOLUTIONS, INC. is liable for the violations alleged herein,

7  whether committed under the name UPS SUPPLY CHAIN SOLUTIONS, INC., or under

8  different names, including but not limited to those identified above.

9

10  ## JURISDICTION AND VENUE

11  11.    This court has jurisdiction over the subject matter and the parties pursuant to 28

12  U.S.C. §§ 1331, 2201, and 2202.  This court has supplemental jurisdiction over the related state

13  law claims pursuant to 28 U.S.C. § 1367(a).  Plaintiffs' state law claims are closely related to

14  plaintiffs' federal claims, as all of plaintiffs' claims share common operative facts.  Resolving all

15  state and federal claims in a single action serves the interests of judicial economy, convenience

16  and fairness to the parties.

17  12.    Venue is proper in the Northern District of California under 28 U.S.C. Section

18  1391(b), because some or all of the wrongful conduct at issue took place in, and defendant has

19  offices in and does business in the Northern District of California.

20  ## INTRADISTRICT ASSIGNMENT

21  13.    A substantial part of the events or omissions which give rise to the claims alleged

22  herein occurred in Alameda and San Francisco County, and accordingly this action may be

23  assigned to the San Francisco Division or the Oakland Division of this Court.

24  //

25  //

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

14.     Plaintiffs bring their First Claim For Relief, for violations of the FLSA, as a nationwide "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of the following class, numbering approximately 1,000 persons, which will hereinafter be referred to as the "FLSA Collective Action Plaintiffs."

> All persons in the United States who perform or performed delivery services for Defendant UPS Supply Chain Solutions, or for its predecessor entities, as purported "independent contractors" and who file written Consents To Become Party Plaintiffs in this Action, for the period commencing three years prior to the filing of such Consents.

15.     Named Plaintiffs and the FLSA Collective Action Plaintiffs are similarly situated, perform substantially similar duties for UPS SCS and are uniformly subject to UPS SCS's common policy and practice of unlawfully classifying said Plaintiffs as "independent contractors," despite UPS SCS's common practice of reserving to itself the right to control and/or controlling the manner and means of said Plaintiffs' performance of their duties for UPS SCS.

16.     The First Claim For Relief, for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, Section 216(b), because named Plaintiffs' claims are similar to the claims of the members of the FLSA Collective Action Plaintiffs.

17.     The names and addresses of the FLSA Collective Action Plaintiffs are available from UPS SCS.  Accordingly, Plaintiffs pray herein for an Order requiring UPS SCS to provide the names and all available locating information for all members of the FLSA Collective Action Plaintiffs class, so notice can be provided to this class of the pendency of this action, and their right to opt in to this action as party Plaintiffs.

//

//

//

5

1

## RULE 23 CLASS ACTION ALLEGATIONS

18.    Plaintiffs bring all claims alleged herein under California law as a statewide "opt-out" class action under Federal Rules of Civil Procedure, Rule 23, on behalf of the following class, which will hereinafter be referred to as the "Rule 23 Class" or the "Plaintiff Class."

> All persons who performed delivery services in California for Defendant UPS Supply Chain Solutions, Inc., or for its predecessor entities, as purported "independent contractors," for the period commencing four years prior to the filing of this Complaint.

19.    During the class period, Plaintiffs are informed and believe and on that basis allege that more than 300 persons have worked for UPS SCS as drivers in California and who fall within the class identified above, whose identities may be ascertained from Defendants' records.

20.    This action may be properly maintained as a class action under Federal Rule of Civil Procedure 23 because:

A.    The members of the Rule 23 Class are so numerous that their individual joinder in a single action is impossible and/or impracticable;

B.    The central questions of law and fact involved in this action are of a common or general interest and those common legal and factual issues predominate over any questions affecting only individual members of the Rule 23 Class.  Among the common questions of law and fact are the following:

i.    Whether class members have been mis-classified as independent contractors pursuant to UPS SCS's written independent contractor agreements, and/or common practice of classifying class members as independent contractors while treating them like employees;

ii.    Whether UPS SCS has violated their legal obligations under federal and California law as detailed below;

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

6

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

iii.   Whether UPS SCS has unlawfully failed to provide workers compensation insurance benefits and unemployment insurance benefits to the class members in violation of Cal. Labor Code §§3200 *et seq.* and Cal. Unempl. Ins. Code §§100 *et seq.* respectively;

iv.   Whether UPS SCS's actions constitute violations of the Unfair Competition Law, Bus. & Prof. Code, § 17200, *et seq.*;

v.   Whether UPS SCS fraudulently misrepresented, concealed and/or failed to disclose to Plaintiffs and the class they seek to represent their true employment status, including the facts on which that status is based, thereby inducing them to incur substantial expenses and lost compensation in reliance on such representations;

21.   The claims of the named representative plaintiffs are typical of the claims of the Plaintiff Class.  The named Plaintiffs share the same interests as other members of the Plaintiff Class in this action because, like other class members, they have each been mis-classified, have been subjected to UPS SCS's unlawful policies and procedures and practices, and suffered substantial financial loss due to UPS SCS's wrongful mis-classification.  Given the significance of the deprivation of their rights, Plaintiffs have the incentive, and are committed to vigorously prosecuting this action.  They have retained competent and experienced counsel who specializes in class action and employment litigation to represent themselves and the proposed class.

22.   A class action is the only realistic method available for the fair and efficient adjudication of this controversy.  The expense and burden of individual litigation makes it impracticable for members of the class to seek redress individually for the wrongful conduct herein alleged.  Were each individual member required to bring a separate lawsuit, the resulting

7

multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

### FACTS COMMON TO ALL CAUSES OF ACTION

23.    Defendant UPS SUPPLY CHAIN SOLUTIONS, INC., is a national corporation and a division of United Parcel Services, Inc., whose business consists of expedited on-demand package delivery and pick-up service to business customers, using a single integrated nationwide network of transportation, sortation and communication facilities, and integrating Plaintiffs, FLSA Collective Action Plaintiffs and members of the Rule 23 Class into this existing network of operations.  Further reference to "Plaintiff Classes" or "drivers" shall refer to both the FLSA Collective Action Plaintiffs and the Rule 23 Class.

24.    UPS SCS hired Plaintiffs and members of the Plaintiff Classes to timely deliver and pick up packages at times, locations determined solely by UPS SCS, and charging rates to customers and paying drivers in amounts determined solely by UPS SCS.

25.    UPS SCS reserves the right to control the manner and means by which Plaintiffs and the Plaintiff Classes perform their duties for UPS SCS.   UPS SCS controls the dispatch of these drivers' work each day.

26.    UPS SCS unilaterally dictates drivers' "professional appearance and behavior."

27.    UPS SCS requires drivers to insure UPS SCS against all loss resulting from drivers' work for UPS SCS.

28.    UPS SCS unilaterally prescribes in detail how drivers record and document their work for UPS SCS.

29.    UPS SCS unilaterally requires drivers to follow UPS SCS's prescribed methods of delivery and inspection of packages, within deadlines prescribed by UPS SCS.

8

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

30.     UPS SCS employs a variety of managerial and supervisory employees who have supervisory responsibility over the drivers, their daily assignments, paperwork and payment. Drivers also interact with other UPS SCS personnel on a daily basis.

31.     UPS SCS unilaterally sets the compensation to be paid to Plaintiffs and plaintiff class members, pursuant to a formula determined by UPS SCS.

32.     UPS SCS unilaterally set the prices charged to their customers for the services rendered by Plaintiffs and the Plaintiff Classes.

33.     UPS SCS identifies drivers to the Transportation Security Administration ("TSA") as UPS SCS agents, requires drivers to obtain a security clearance with the TSA and assists drivers through this process.

34.     UPS SCS has a wide array of written and unwritten policies and procedures outside of so-called "independent contractor agreements" which drivers are required to follow. When drivers do not follow UPS SCS rules they are subject to various types of punishment, some financial and some disciplinary.

35.     Plaintiffs and members of the Plaintiff Classes provide services which are an integral and essential part of UPS SCS's core business enterprise B the timely delivery of packages B and they have no separate or distinct occupation or business.  By reliably serving UPS SCS's customers, by following UPS SCS's delivery and pick-up specifications, by reporting to UPS terminals, by using UPS SCS-mandated equipment, and in other material ways, Plaintiffs and members of the Plaintiff Classes have rendered, and continue to render, services to UPS SCS which are integral to the UPS SCS package delivery system.

36.     Plaintiffs and the Plaintiff Classes are entirely dependent for their financial livelihood on UPS SCS; and UPS SCS is entirely dependent on Plaintiffs and the Plaintiff Classes to deliver the services provided by UPS SUPPLY CHAIN SOLUTIONS.

9

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

37.     Either pursuant to written agreements, or common unwritten policies and written practices, UPS SCS uniformly purports to classify Plaintiffs and members of the Plaintiff Classes as "independent contractors." But at the same time, UPS SCS requires drivers to perform all pick up and delivery services that UPS SCS requests, according to the terms and conditions imposed by UPS SCS, including detailed service specifications and payment specifications.  Likewise, UPS SCS retains the right of entry into the drivers' vehicles and to remove items belonging to UPS SCS's customers.  UPS SCS further reserves to itself the right to control and to demand drivers' compliance with UPS SCS's unilaterally imposed requirements regarding *inter alia*, security procedures, payment processes; lost or damaged items processes, purchase and maintenance of insurance, advertising and publicity.  Moreover, UPS SCS requires drivers to secure advance authorization from UPS SCS before drivers can assign any rights or obligations under any agreements with UPS SCS.

38.     Written and oral "independent contractor agreements" between UPS SCS and members of the Plaintiff Classes are and were at all times mentioned herein contracts of adhesion, drafted or imposed exclusively by Defendants and/or their legal counsel, and presented to drivers, who are required to sign written agreements and or comply with oral agreements as a condition of employment, without any negotiation.  Such agreements are unlawful, unconscionable and fraudulent in form and effect.

39.     Although the nature of the work performed by Plaintiffs and members of the Plaintiff Classes makes detailed control by management unnecessary, Defendants nonetheless retain the right to control and do in fact exercise extensive control over the work of the drivers, to fulfill UPS SCS's commitments to its customers.

40.     As a practical matter, drivers' so-called "independent contractor" agreements with UPS SCS are terminable by UPS SCS at will, and without cause.

10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

## **FIRST CLAIM FOR RELIEF**
### **(Failure to pay minimum wage and overtime compensation,**
### **29 U.S.C. §206, 207, 216, 255(a))**

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

41.    UPS SCS is an enterprise engaged in commerce and/or in the production of goods for commerce as defined by 29 U.S.C. Section 203(r) & (s) and related Department of Labor regulations.

42.    As employees of UPS SCS, Plaintiffs and FLSA Collective Action Plaintiffs are entitled to the protections of the FLSA, including payment of at least the minimum wage for all hours worked, overtime compensation when due, and accurate recordkeeping of hours worked.

43.    UPS SCS routinely required and/or suffered or permitted Plaintiffs and FLSA Collective Action Plaintiffs to work for UPS SCS, paying only a limited sum for use of drivers' vehicles, and without paying them the minimum wage for all hours worked, and without paying them any overtime premium compensation for the many weeks when Plaintiffs and FLSA Collective Action Plaintiffs worked more than 40 hours per week.  Plaintiffs and FLSA Collective Action Plaintiffs regularly worked far in excess of 8 hours per day, for six and often seven days per week.

44.    In failing to pay Plaintiffs and FLSA Collective Action Plaintiffs the minimum wage for all hours worked in weeks when said Plaintiffs worked 40 hours per week or less, UPS SCS willfully violated 29 U.S.C. Section 206.

45.    In failing to pay Plaintiffs and FLSA Collective Action Plaintiffs overtime compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, and straight time wages for all hours worked up to 40 hours per week in such weeks, UPS SCS willfully violated 29 U.S.C. Section 207.

11

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

46.     WHEREFORE, Plaintiffs, and FLSA Collective Action Plaintiffs are entitled to all wages due and owing for hours worked, including:

> A.     Minimum wages for all hours worked in weeks when said Plaintiffs worked no more than 40 hours or less;
>
> B.     Straight-time wages calculated according to law, for all hours worked up to 40 hours per week in those weeks when said Plaintiffs worked more than 40 hours;
>
> C.     Overtime premium compensation at time-and-one-half Plaintiffs' straight time regular rate of pay for all hours worked in excess of 40 hours per week commencing three years prior to the filing of said Plaintiffs' Consents To Become Party Plaintiffs, pursuant to 29 U.S.C. Sections 216(b) & 255(a),
>
> D.     In addition, said Plaintiffs are entitled to an additional equal amount as liquidated damages and to attorneys fees pursuant to 29 U.S.C.  Section 216(b).

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wages and Overtime Wages;**
**Calif. Lab. Code §§ 510, 1194 and IWC Wage Order 9-2001)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

47.     As employees of UPS SCS, Plaintiffs and the Plaintiff Class are entitled to the protections of California law, including but not limited to payment of the minimum wage for all hours worked, and overtime compensation when due.

48.     In failing to pay Plaintiffs and the Plaintiff Class the minimum wage for all hours worked in days when they worked less than 8 hours per day, and/or in weeks when they worked

12

40 hours or less per week, UPS SCS willfully violated IWC Wage Oder 9-2001, as amended, § 4.

49.     In failing to pay Plaintiffs and the Plaintiff Class overtime compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of 8 hours per day and/or 40 hours per week, or double-time for hours worked in excess of 12 hours per day or after 8 hours on the seventh consecutive day, UPS SCS willfully violated IWC Wage Oder 9-2001, as amended, § 3(A) and California Labor Code Sections 510.

50.     WHEREFORE, Plaintiffs and the Plaintiff Class are entitled to all wages due and owing for hours worked, including:

A.     Minimum wages for all hours worked in weeks when said Plaintiffs worked no more than 40 hours or less, except those days in such weeks when said Plaintiffs worked more than 8 hours, and an equal additional amount as liquidated damages, pursuant to Labor Code § 1194 and 1194.2;

B.     Straight-time wages calculated according to law, for all hours worked up to 40 hours per week in those weeks when Plaintiffs worked more than 40 hours, and for all hours worked in days in which Plaintiffs worked more than 8 hours, pursuant to Labor Code Section 1194;

C.     Overtime premium compensation at time-and-one-half Plaintiffs' straight time regular rate of pay for all hours worked in excess of 40 hours per week and for all hours worked in excess of 8 hours per day, pursuant to Labor Code Section 1194, commencing three years prior to the filing of this action, pursuant to California Code of Civil Procedure Section 338(a), plus interest thereon and attorneys fees and costs.

//

//

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

13

1

2

**THIRD CLAIM FOR RELIEF**
**(Failure to Reimburse Expenditures, Calif. Labor Code §2802)**

3
Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth

4
herein.

5
51.    While acting on the direct instruction of UPS SCS and/or discharging their duties

6
for UPS SCS, Plaintiffs and Plaintiff Class members incurred work-related expenses including

7
but not limited to fuel, maintenance, operating costs and depreciation of vehicles; insurance,

8
communications and other equipment and uniforms.  Plaintiffs and Plaintiff Class necessarily

9
incurred these substantial expenses as a direct result of performing their job duties for UPS SCS.

10

11
52.    UPS SCS has failed to indemnify or in any manner reimburse the Plaintiffs or the

12
Plaintiff Class members for these expenditures, and has knowingly inserted illegal contractual

13
provisions as part of an unconscionable and illegal scheme designed to avoid its legal duty to

14
indemnify its employees.  By mis-classifying its employees as "independent contractors," and

15
further by  contractually requiring those employees to pay expenses which they incurred in direct

16
consequence of the discharge of their duties for UPS SCS and/or in obedience to the direction of

17
UPS SCS, UPS SCS has violated California Labor Code Section 2802.

18

19
53.    As a direct and proximate result of UPS SCS's conduct, Plaintiffs and Plaintiff

20
Class members have suffered substantial losses according to proof.

21
54.    WHEREFORE, Plaintiffs and the Plaintiff Class are entitled to reimbursement of

22
all costs necessarily incurred in discharge of their duties for UPS SCS, in an amount to be

23
ascertained at the trial of the matter according to proof, as well as interest thereon, costs and

24
attorney fees for the prosecution of this action.

25

26
**FOURTH CLAIM FOR RELIEF**
**(Reporting Time Pay, Calif. IWC Wage Order 9-2001, § 5.)**

27
Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

14

herein.

55.    California Industrial Welfare Commission Wage Order 9-2001, § 5 requires that when an employee is required to report to report to work, but is not put to work, he or she shall be paid for half the usual or scheduled day's work, but in no event for less than 2 hours, nor more than 4 hours, at the employee's regular rate of pay.

56.    Plaintiffs and members of the Plaintiff Class were frequently required to report to UPS SCS facilities to await dispatch to pickup and/or delivery service, without being dispatched. UPS SCS paid Plaintiffs and the Plaintiff Class no compensation whatsoever for this reporting time, which was time spent for UPS SCS's benefit, and which deprived Plaintiffs of the opportunity to pursue other matters.

57.    WHEREFORE, Plaintiffs and the Plaintiff Class are entitled to two to four hours of Reporting Time Pay for every day they reported to work and were not allowed to work, in an amount according to proof, to interest thereon, and to attorneys fees and costs for pursuing this claim.

## FIFTH CLAIM FOR RELIEF
### (Waiting time penalties, Calif. Labor Code §§ 201, 202 & 203)

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

58.    California Labor Code Section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

59.    California Labor Code Section 202 requires an employer within 72 hours to pay all compensation due and owing to an employee who quits, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

60.    California Labor Code Section 203 provides that if an employer willfully fails to

15

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

1    pay all compensation due and owing promptly upon termination, as required by Sections 201 and

2    202, then the employer is liable for waiting time penalty pay in the form of continued

3    compensation of up to 30 work days.

4        61.    UPS SCS has discharged all Plaintiffs and all members of the Plaintiff Class have

5    either quit or been terminated by UPS SCS.  But UPS SCS has willfully failed and refused to

6

7    timely pay all compensation and wages due to Plaintiffs and the Plaintiff Class.

8        62.    WHEREAS, Plaintiffs and the Plaintiff Class are entitled to waiting time penalties

9    of 30 days additional pay, together with interest thereon, and attorneys fees and costs, pursuant to

10   Calif. Labor Code Section 203.

11                          **SIXTH CAUSE OF ACTION**
12                                **(Fraud)**

13       Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth

14   herein.

15       63.    Defendant UPS SCS, including its subordinate and/or predecessor entities

16

17   identified above, has been subject to two completed audits and on information and belief is

18   subject to ongoing audits by the California Employment Development Department ("EDD").  In

19   its two completed audits, the EDD determined that Plaintiffs and Plaintiff Class members were

20   misclassified as independent contractors, when they should have been classified as "employees."

21   UPS SCS's appeal of that determination was rejected by the Sacramento Superior Court in a Final

22   Statement of Decision dated August 11, 2005, and further rejected by the Court of Appeal in *Air*

23   *Couriers International et al v. Employment Development Department*, 150 Cal.App.4th (2007).

24

25       64.    Despite these EDD determinations, UPS SCS in its day-to-day operations did not

26   materially change the extent to which it reserved to itself the right to control the means and

27   manner by which Plaintiffs and the Plaintiff Class performed their duties for UPS SCS.  To the

28   contrary, UPS SCS continued to exercise this right to control by imposing contractual and/or

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

16

1    extra-contractual requirements over nearly all elements of Plaintiffs' and Plaintiff Class members'

2    duties for UPS SCS.

3    65.    In its response to these EDD determinations, UPS SCS has engaged in fraudulent

4    misrepresentations to and concealments from Plaintiffs and the Plaintiff Class, including but not

5

6    limited to the following:

7    66.    After the trial court decision referenced above, UPS SCS on November 17, 2005

8    sent a memo authored by "Transportation Supplier Provider Managers" Lynnette Gayanilo and

9    Efrain Contreras "To All Independent Contractors."  This memo stated in part:

10    "As you all know by now any new [transportation service] supplier being contracted since
       February 15, 2005 is required to sign a new Agreement.  This being said, now all the
11    Independent Contractors need to sign this Agreement as well." . . . This Agreement needs
12    to [be] signed no later than December 9, 2005."

13    67.    Because they were required to do so to continue driving for UPS SCS, Plaintiffs and

14    on information and belief members of the Plaintiff Class on or about November and December,

15    2005 signed the new take-it-or-leave-it Agreements, entitled "UPS Supply Chain Solutions, Inc.

16    Independent Contractor Transportation Agreements."  As indicated in the title, and throughout

17    Exhibit A ("Terms and Conditions") to these Agreements, they purport to be independent

18

19    contractor agreements.

20    68.    By demanding that Plaintiffs and the Plaintiff Class sign these Agreements, UPS

21    SCS implicitly represented to its drivers that the factual elements underlying these Agreements

22    supported UPS SCS's characterization of these Agreements as independent contractor

23    agreements, so that the Agreements would, in fact, create an independent contractor relationship

24    between UPS SCS and Plaintiffs and the Plaintiff Class.

25

26    69.    Likewise, in demanding that Plaintiffs and the Plaintiff Class sign these

27    Agreements, UPS SCS implicitly represented that the level of control actually imposed by UPS

28    SCS over the manner and means of these drivers' work would comport with the level of control

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

17

described in the Agreements.

70.    On information and belief, UPS SCS expected Plaintiffs and the Plaintiff Class to rely on these representations, and Plaintiffs and the Plaintiff Class justifiably did rely on these representations, because UPS SCS had control over the source of these drivers' livelihoods, and UPS SCS had special knowledge about and exclusive control of the facts regarding the control UPS SCS would actually impose upon these drivers' duties for UPS SCS. On information and belief, UPS SCS intended its superior knowledge about and control of these facts to create a relationship of trust and confidence with Plaintiffs and the Plaintiff Class which would induce Plaintiffs and the Plaintiff Class to rely on the representations by UPS SCS noted in Paragraphs 68 & 69.

71.    This information and belief is based on the fact that UPS SCS knew or should have known that the following facts found by the Sacramento Superior Court in its August 11, 2005 Decision regarding Sonic Air (a prior name for UPS SCS) remained equally true in November, 2005, when UPS SCS demanded that Plaintiffs and the Plaintiff Class sign the new purported independent contractor Agreement:

> "Sonic failed to ensure that its drivers understood the legal and practical ramifications of these contracts, especially considering that individuals without a high school education were among those who executed Sonic's contracts. . . . . Another of Sonic's witnesses testified that he did not recall any driver asking him what any single provision of the contract meant. The testimony of many of the driver witnesses was consistent in that they only understood and/or were told by Sonic that being an independent contractor for Sonic meant receiving a form 1099 and having to pay your own taxes. No evidence was presented that any driver understood that they would be waiving their statutory protections of unemployment insurance and disability insurance through execution of a Sonic contract."

Aug. 11, 2005 Final Statement of Decision, 7:16-26.

72.    UPS SCS's representations noted above in Paragraphs 68 and 69 were false and fraudulent. UPS SCS knew or should have known that the Agreements it required Plaintiffs and the Plaintiff Class to sign did not create a lawful independent contractor relationship between

18

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

UPS SCS and Plaintiffs and the Plaintiff Class, because UPS SCS continued to impose extra-contractual requirements that exerted the same or even greater degree of control over the manner and means of these drivers' work which had caused the EDD determine that they were not properly classified as independent contractors.

73.     Likewise, UPS SCS knew or should have known that that the level of control it would actually impose over the manner and means of these drivers' work was far more intensive than the level of control described in the Agreements.

74.     Plaintiffs and the Plaintiff Class justifiably relied on the false and fraudulent misrepresentations alleged above, and based on such misrepresentations they signed the take-it-or leave it "Independent Contractor Transportation Agreements" required by UPS SCS as a condition of continuing to work for UPS SCS.

75.     Executing these Agreements and continuing to work for UPS SCS in reliance on these misrepresentations caused damage to Plaintiffs and the Plaintiff Class by shifting onto these drivers the financial responsibility for all of their own employment related expenses, and by causing Plaintiffs and the Plaintiff Class to work without the protections to which employees are entitled under the Labor Code, including reimbursement of such expenses, and minimum wage and overtime compensation.

76.     On information and belief based on UPS SCS's experience with the EDD audits, UPS SCS made these false and fraudulent misrepresentations with the intention of denying Plaintiffs and the Plaintiff Class their legal rights as employees.

77.     WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, are entitled to compensatory damages and punitive damages according to proof at trial, plus costs and attorneys fees incurred.

//

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

19

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

## SEVENTH CAUSE OF ACTION
### (Unfair Business Practices in Violation of California Business and Professions Code §§17200 et. seq.)

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

78.    The California Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code § 17200 *et. seq*. prohibits business and/or individuals from engaging in business practices which are unlawful, unfair or fraudulent.

79.    By all of the foregoing alleged conduct, including failing to pay minimum wage and overtime wages, by failing to indemnify plaintiffs and class members for work-related expenses, by failing and refusing to provide plaintiffs and class members with workers compensation insurance and unemployment insurance benefits, by intentionally, reckless and/or negligently misrepresenting to Plaintiffs and Plaintiff Class members the true nature of their employment status, and by engaging in the other acts and conduct alleged above, UPS SCS has committed, unlawful, unfair and fraudulent business practices within the meaning of Cal. Bus. & Professions Code §17200 *et seq*.

80.    As a direct and proximate result of the unfair business practices described above, Plaintiffs, members of the Plaintiff Class and  the general public have all suffered significant losses and UPS SCS have been unjustly enriched.

81.    Pursuant to Cal. Bus. & Prof. Code §17203, Plaintiffs and members of the Plaintiff Class are entitled to restitution of money acquired by UPS SCS by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and

82.    WHEREFORE, plaintiffs and the plaintiff class are entitled under Calif. Bus. & Prof. Code § 17203 to equitable restitutionary relief restoring and/or returning to Plaintiffs all of defendants' unfairly or illegally gotten profits measured by wages unpaid, expenses un-

20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

reimbursed, insurance premiums, workers compensation premiums, monies unlawfully withheld from wages, the portion of self-employment tax paid by Plaintiffs which should have been paid by Defendants and any other element of equitable relief for a full restitutionary remedy.

## PRAYER FOR RELIEF

Plaintiffs, on their own behalf, on behalf of each similarly situated FLSA Collective Action Plaintiff  who files a Consent to be Party Plaintiff (First Claim for Relief), on behalf of the California Rule 23 Plaintiff Class (remaining Claims for Relief), and as Private Attorneys general on behalf of the public, pray for judgment as follows:

1.      On Plaintiffs' **First Claim For Relief**, for an order by the Court certifying Plaintiffs' FLSA claims as a collective action under 29 U.S.C. § 216(b), and requiring UPS SCS to identify all members of the FLSA Plaintiff Class and to provide all available locating information for members of the class, and to provide notice to all class members of this lawsuit and their opportunity to file Consents To Become Party Plaintiffs thereto.

2.      On Plaintiffs' **First Claim For Relief,** for all unpaid wages due and owing under the FLSA,  including: (A) minimum wages for all hours worked in weeks when Plaintiffs worked less or no more than 40 hours; (B) overtime compensation at time-and-one-half Plaintiffs' regular rate of pay for all hours worked in excess of 40 hours per week; (C) straight-time wages for all hours worked up to 40 hours per week in those weeks when Plaintiffs worked more than 40 hours; (D) plus an equal additional amount as liquidated damages, (E) plus attorneys fees and costs.

3.      On Plaintiffs' **Second through Seventh Claims For Relief**, for an order certifying these claims as a state-wide class action pursuant to Fed. Rule Civ. Proc. 23, and providing for notice to all class members of  this action and their opportunity to opt out of the Class;

21

4.      On Plaintiffs' **Second Claim For Relief**, for all unpaid wages due and owing, including: (A) minimum wages for all hours worked in weeks when Plaintiffs worked no more than 40 hours or less, except those days in such weeks when Plaintiffs worked more than 8 hours, (B) plus an equal additional amount as liquidated damages,  (C) overtime premium compensation at time-and-one-half Plaintiffs' straight time regular rate of pay for all hours worked in excess of 40 hours per week and for all hours worked in excess of 8 hours per day; (D) Straight-time wages for all hours worked up to 40 hours per week in those weeks when Plaintiffs worked more than 40 hours, and for all hours worked up to 8 hours per day in those days in which Plaintiffs worked more than 8 hours; (E) plus attorneys fees and costs.  In this and following Prayers, "Plaintiff" refers to individual named Plaintiffs and also all members of the Plaintiff Class who do not opt out of the Class.

5.      On Plaintiffs' **Third Claim For Relief**, for reimbursement of all work-related expenses associated with Plaintiffs' employment with Defendants, plus interest thereon and attorneys fees;

6.      On Plaintiffs' **Fourth Claim For Relief**, for two to four hours of reporting pay at Plaintiffs' regular rate of pay, for all days when Plaintiffs were required to report to work but were not put to work, plus interest thereon and attorneys fees;

7.      On Plaintiffs' **Fifth Claim For Relief**, for 30 days pay at Plaintiffs' regular rate of pay, plus interest thereon and attorneys fees;

8.      On Plaintiffs' **Sixth Claim For Relief**, for an award of compensatory and punitive damages in an amount to be proven at trial;

9.      On Plaintiffs' **Seventh Claim For Relief**, for an order restoring and/or returning to Plaintiffs all of defendants' unfairly or unlawfully obtained profits measured by wages unpaid, expenses un-reimbursed, insurance premiums, workers compensation premiums, monies

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

FIRST AMENDED COMPLAINT                                    Case No.: 3:08-CV-03182 PJH

unlawfully withheld from wages, the portion of self-employment tax paid by Plaintiffs which should have been paid by Defendants and any other element of restitution required for a full restitutionary remedy.

10.     On all of Plaintiffs' Claims For Relief, for pre-judgment interest at the maximum lawful amount on all monetary damages and restitution awarded;

11.     On all of Plaintiffs' Claims For Relief, for attorneys fees and costs;

12.     For such other and further relief as the Court finds just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all claims as to which they are entitled to jury trial.

Dated: August 6, 2008                    LEONARD CARDER, LLP

                                          By:_____/s/_____
                                              Philip C. Monrad

                                          ATTORNEY FOR PLAINTIFFS

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

FIRST AMENDED COMPLAINT                                          Case No.: 3:08-CV-03182 PJH

## PROOF OF SERVICE

I am a citizen of the United States and am employed in Alameda County. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1330 Broadway, Suite 1450, Oakland, CA 94612. On August 6, 2008, I served the following document(s):

## FIRST AMENDED COMPLAINT

by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or manners described below to each of the parties herein and addressed as below or stated on the attached service list:

**Robert P. Kristoff**
Paul, Hastings, Janofsky & Walker LLP
55 Second Street, 24th Floor
San Francisco, California 94105-3441
Direct Tel: (415) 856-7073
Main Fax: (415) 856-7100
Direct Fax: (415) 856-7173
email: bobkristoff@paulhastings.com

_____ **BY ELECTRONIC MAIL:** I caused said document(s) to be transmitted to the email address(es) of the addressee(s) designated.

__X__ **BY FACSIMILE:** I caused said document(s) to be transmitted to the fax number(s) of the addressee(s) designated.

_____ **BY OVERNIGHT COURIER:**   I caused such envelope(s) to be delivered via overnight mail by UPS.

__X__ **BY REGULAR MAIL:** I caused such envelope to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with LEONARD, CARDER's practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Services on that same day in the ordinary course of business.

_____ **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the addressee(s) designated via Attorney's Diversified Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California, on August 6, 2008.

/s/ Khae Saechao
Khae Saechao

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1

PROOF OF SERVICE: FIRST AMENDED COMPLAINT                    Case No.: 3:08-CV-03182 PJH