ROBERT P. KRISTOFF (SB# 090874) bobkristoff@paulhastings.com
ZACHARY HUTTON (SB# 234737) zacharyhutton@paulhastings.com
MICHAEL M. PFYL (SB# 240925) michaelpfyl@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, California  94105-3441
Telephone:    (415) 856-7000
Facsimile:    (415) 856-7100

Attorneys for Defendant
UPS SUPPLY CHAIN SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM CHORTABTIM, RAF SISON,<br><br>Plaintiffs,<br><br>vs.<br><br>UPS SUPPLY CHAIN SOLUTIONS, INC.,<br><br>Defendant. | CASE NO. C08-03182 PJH<br><br>**DEFENDANT UPS SUPPLY CHAIN SOLUTIONS, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:   October 1, 2008<br>TIME:   9:00 a.m.<br>DEPT:   Crtrm. 3, 17th Floor<br>JUDGE:  Hon. Phyllis J. Hamilton |

TO PLAINTIFFS PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM CHORTABTIM, RAF SISON AND THEIR ATTORNEYS OF RECORD, LYNN ROSSMAN FARIS, PHILIP C. MONRAD, AND JENNIFER KEATING OF LEONARD CARDER LLP:

PLEASE TAKE NOTICE that on October 1, 2008 at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Phyllis J. Hamilton in Courtroom 3, 17th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant UPS Supply Chain Solutions, Inc. ("SCS"), will and hereby does move the Court to dismiss Plaintiffs' sixth cause of action for fraud asserted in Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant brings this Motion on the grounds that even if all material facts in the FAC are true, Plaintiffs' sixth cause of action for fraud should be dismissed because it is predicated upon Plaintiffs' allegation that Defendant misrepresented employment law to its independent contractor couriers and "fraud cannot be predicated upon misrepresentations as to matters of law.'" *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004) (citation omitted); *see also Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050 SC, 2007 WL 2729214, at *3 (N.D. Cal. Sept. 18, 2007) (granting defendant employer's motion to dismiss plaintiffs' fraud claim predicated upon an alleged misrepresentation of California wage and hour law).

Defendant bases this Motion on this Notice, the Memorandum of Points and Authorities in support thereof, the pleadings on file in this case, and such other oral and documentary evidence as may be presented or at the time of the hearing on this matter.

DATED: August 25, 2008          PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: /s/          MICHAEL M. PFYL
                 MICHAEL M. PFYL

Attorneys for Defendant
UPS SUPPLY CHAIN SOLUTIONS, INC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiffs Paula Labrie, Alfredo Macias, Peter Millman, and Tom Chortabtim, couriers who used to work for Defendant SCS on an independent contractor basis, assert in the sixth cause of action in their First Amended Complaint ("FAC") that SCS committed fraud when it characterized them as independent contractors in their work contracts. In other words, Plaintiffs contend that SCS should have characterized them as employees — not independent contractors — and thus misrepresented their legal status.

Plaintiffs' fraud claim is not actionable, however, because it is predicated upon an alleged misrepresentation of *law*: Plaintiffs claim that SCS misrepresented their entitlement to various employee benefits guaranteed by California and Federal employment laws. But controlling legal precedent provides that to plead an actionable fraud claim a plaintiff must allege a misrepresentation of *fact*. Plaintiffs have not done so, and their FAC fails to state a valid fraud claim.

For this reason, and because Plaintiffs have already amended their complaint in an attempt to cure the fatal deficiency in their fraud claim and failed, SCS respectfully requests that the Court dismiss, with prejudice, Plaintiffs' sixth cause of action for fraud.

**II.    PROCEDURAL HISTORY**

Plaintiffs filed their Complaint on July 2, 2008, alleging (1) failure to pay minimum wage and overtime compensation in violation of the FLSA; (2) failure to pay minimum wage and overtime compensation in violation of the California Labor Code; (3) failure to reimburse employment related expenditures in violation of California Labor Code Section 2802; (4) failure to pay reporting time compensation in violation of California law; (5) waiting time penalties; (6) fraud; and (7) unfair business practices in violation of California Business and Professions Code Section 17200. Counsel for SCS, Robert Kristoff, met and conferred with Plaintiffs' counsel, Philip Monrad, on July 29, 2008, and requested that Plaintiffs voluntarily dismiss their fraud claim because it is predicated upon a misrepresentation of law and therefore not actionable. Plaintiffs declined, and instead filed a FAC on August 6, 2008, attempting to cure

their flawed fraud claim.

### III. FACTUAL BACKGROUND

SCS is not United Parcel Service — "Brown" — the package delivery company. Rather, SCS is a sister company to UPS Brown and operates a logistics business.[1] SCS is the only fully integrated logistics company in the world.  It manages other companies' supply chains, i.e. inventories — from the assembly line to the customer's locations — and does everything related to moving and storing goods for its customers around the world.  SCS was formed through the acquisition and combination of over 30 different logistics, warehousing, freight forwarding, customs brokerage and transportation companies into one business.  SCS has hundreds of distribution centers throughout the United States and abroad.  Each of these distribution centers houses the scores of service offerings SCS provides to its customers.

In moving the customer's products from the assembly line to the customer's ultimate user, the Transportation Services group at SCS utilizes a variety of independent transportation entities to move the customers' product, including shipping lines; railroads; independent trucking companies; independent truckers; delivery companies; and independent contractor couriers.  None of these transportation entities are owned, operated or controlled by SCS.  They are all independent contractors.  The couriers are the subject of this lawsuit.

For pickups and deliveries of small parcels that need to be delivered to customers on an expedited basis  SCS contracts with independent contractor couriers such as the Plaintiffs, who have indicated that they are available to make highly time-sensitive pickups and deliveries. Couriers are always paid by the job — either mileage for longer runs or a fixed rate for shorter deliveries.  When SCS receives a delivery order from a customer, a dispatcher contacts one of the local couriers that indicated they are available for deliveries that day.  The courier always has the option of accepting or declining any job.  If a courier declines a job, the dispatcher contacts the next courier on his list.  SCS sets no requirements on whether a courier must be available.  It oes not require a minimum number of days of availability per week.  SCS requests that its independent contractor couriers, including Plaintiffs, sign Independent Contractor Transportation

---

[1] SCS and UPS Brown are two separate, wholly owned subsidiaries of the same parent company.

Case No. C08-03182 PJH　　　　　　　　　　-3-　　　　　DEFENDANT UPS SUPPLY'S NOTICE OF
LEGAL_US_W # 59776920.3　　　　　　　　　　　　　　　　MOTION AND MOTION TO DISMISS

Agreements acknowledging their status as independent contractors.

## IV. APPLICABLE LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court may dismiss claims that fail to allege a "cognizable legal theory" or "sufficient facts . . . under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). In evaluating the allegations, the court looks to the four corners of the complaint, but the court "does not 'need to accept as true conclusory allegations[,] . . . unreasonable inferences,' legal characterizations, or unwarranted deductions of fact." *Transphase Sys., Inc. v. S. Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993) (citations omitted; second alteration in original); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (when evaluating a motion to dismiss a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

## V. PLAINTIFFS FAIL AS A MATTER OF LAW TO PLEAD AN ACTIONABLE FRAUD CLAIM

In their FAC, Plaintiffs allege that SCS required them to sign Independent Contractor Transportation Agreements which referred to Plaintiffs as independent contractors. (*See* FAC ¶¶ 66-69.) Plaintiffs further contend that under California and Federal law the terms and conditions outlined in the agreements actually created an employer/employee relationship — not an independent contractor relationship. (*Id.*) In other words, Plaintiffs allege that SCS committed fraud by misrepresenting California and Federal employment law.

Even if the Court accepts Plaintiffs' allegations as true and presumes that SCS misrepresented applicable employment law, however, Plaintiffs have failed to plead an actionable claim because it is axiomatic that a fraud claim cannot be predicated upon misrepresentations of law. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004) (affirming dismissal of fraud claim based on employer's alleged misrepresentation that Plaintiff was not entitled to overtime compensation); *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050 SC, 2007 WL 2729214, at *3 (N.D. Cal. Sept. 18, 2007) (granting defendant's motion to dismiss plaintiffs' fraud claim

1  predicated upon allegation that defendant misrepresented California wage and hour law).  To
2  plead an actionable fraud claim, a plaintiff must allege a misrepresentation of *fact*.  *Schroeder v.*
3  *Auto Driveaway Co.*, 11 Cal. 3d 908, 917 (1974).  Courts apply this rule because "statements of
4  domestic law are normally regarded as expressions of opinion, which are generally not actionable
5  in fraud even if they are false."  *Miller*, 358 F.3d 616 at 621.

6  Both the Ninth Circuit and this Court have held that misrepresentations of
7  employment law — directly analogous to the misrepresentations Plaintiffs allege here — are not
8  actionable.  In *Miller*, the plaintiff alleged that his employer falsely represented that he was
9  exempt from state and federal overtime laws because he was salaried, and did not pay him all of
10 his earned wages.  *Id*. at 618.  In response, the defendant filed a motion to dismiss Plaintiff's
11 fraud claim on the grounds that the misrepresentation he alleged was not actionable.  *Id*. at 619.
12 In evaluating the employer's FRCP 12(b)(6) motion, the Ninth Circuit noted that as a general rule
13 fraud cannot be predicated upon misrepresentations of law.  *Id*. at 621.  The Court also concluded
14 that the alleged misrepresentation — that Miller was correctly classified as an exempt employee
15 and not entitled to overtime compensation — was a misrepresentation of *law* and did not include
16 any express or implied misrepresentation of *fact*.  *Id*. 621-22.  Accordingly, the Court affirmed
17 the trial court's decision to dismiss Plaintiff's fraud claim with prejudice and deny Plaintiff's
18 request for leave to amend.  *Id*. at 622-23.

19 Similarly, in *Cruz*, this Court granted the defendant employer's motion to dismiss
20 plaintiffs' fraud claim because it was predicated on an unactionable misrepresentation of
21 employment law.  *Cruz*, 2007 WL 2729214, at *3.  Plaintiffs worked for Defendant as Store
22 Managers and alleged that Defendant "committed fraud by inducing Plaintiffs and members of
23 their Class to work in excess of eight hours per day and forty hours per week without expectation
24 on their part that they were entitled to receive compensation for overtime worked."  *Id*. at *1.  The
25 Plaintiffs argued that Defendant's statements regarding entitlement to overtime pay were in fact
26 misrepresentations of fact, not law, "'because it was the fact [that the plaintiffs] were truly
27 managers [that] was misrepresented.'"  *Id*. at *3.  To clarify this argument, the Plaintiffs stated:
28 "'when an employer merely classifies someone as a manager and then employs them to perform

mostly non-managerial tasks, a misrepresentation of the fact of the employee's status has occurred." *Id*. But this Court flatly rejected Plaintiffs' argument:

> Plaintiffs fail to recognize that the central issue in the [fraud] claim revolves around the classification of the employment status of Plaintiffs. This question is a question of law. . . . That the disputed statements in the present case are of law and not fact is further supported by recent district court decisions. . . . this Court finds that the question of whether a certain class of employees is exempt is a question of law. Therefore, Defendant's Rule 12(b)(6) motion to dismiss the [fraud claim] for failure to state a claim is granted.

*Id*. at *3. Moreover, the Court denied Plaintiffs' request for leave to amend their fraud claim because it was predicated on a misrepresentation of law, it could not be saved by another amendment, and giving Plaintiffs an opportunity to amend would "likely be futile and result in undue delay." *Id*. at *5.

Just as the plaintiffs in *Miller* and *Cruz* alleged that their employers misclassified them as exempt from overtime laws and misrepresented their entitlement to overtime compensation, here Plaintiffs allege that SCS misclassified them as independent contractors and misrepresented their entitlement to various employee benefits under California and Federal law. In short, Plaintiffs allege that SCS misrepresented their legal status as independent contractors. Because the misrepresentation Plaintiffs allege is one of law, not fact, this Court should dismiss Plaintiffs' fraud claim in accordance with controlling legal precedent.

SCS anticipates that in opposition Plaintiffs will attempt to revive their flawed fraud claim by arguing that their FAC alleges SCS made an implicit misrepresentation of fact. Specifically, Plaintiffs' FAC states:

> By demanding that Plaintiffs and the Plaintiff Class sign these Agreements, [SCS] implicitly represented to its drivers that the factual elements underlying these Agreements supported [SCS]'s characterization of these Agreements as independent contractor agreements, so that the Agreements would, in fact, create an independent contractor relationship between [SCS] and Plaintiffs and the Plaintiff class.

(FAC ¶ 68.) But this allegation mischaracterizes the representation at issue and merely echoes the same meritless argument this Court considered and rejected in *Cruz*. There, the plaintiffs argued that by misrepresenting Plaintiffs' exempt status the employer misrepresented the "fact of

the employees' status"; *i.e.* the employer represented that the plaintiffs were exempt managers but "in fact" they were not. In *Cruz*, this Court recognized the circular nature of Plaintiffs' argument, rejected it, and concluded that the "central issue" in the fraud claim was a legal one. The Court should do the same here. Plaintiffs allege that by misrepresenting Plaintiffs as independent contractors, SCS misrepresented that the agreements would, "in fact," create an independent contractor relationship. However, this circular argument cannot disguise the fact that the central issue in Plaintiffs' fraud claim is a legal one: whether the law entitled Plaintiffs to receive various employee benefits.

Accordingly, this Court should dismiss Plaintiffs' fraud claim pursuant to FRCP 12(b)(6) because Plaintiffs have failed to plead an actionable misrepresentation of fact.

## VI. THE COURT SHOULD DISMISS PLAINTIFFS' FRAUD CLAIM WITH PREJUDICE AND WITHOUT LEAVE TO AMEND

In situations where a plaintiff previously filed an amended complaint, a district court has "particularly broad" discretion to deny leave to amend. *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). Additionally, where a claim cannot be saved by amendment, it is proper for a court to deny leave to amend. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (holding that dismissal without leave to amend is improper unless the complaint could not be saved by amendment).

Here, counsel for SCS met and conferred with Plaintiffs' counsel on July 29, 2008, informed him that Plaintiffs' fraud claim is deficient because it alleges a misrepresentation of law, and requested that Plaintiffs voluntarily dismiss the claim. Plaintiffs' counsel declined and, instead, filed an FAC to address the deficiency in the fraud claim. Plaintiffs have thus already amended their fraud claim and failed to cure its fatal flaw. Moreover, "because Plaintiffs' [fraud claim] is predicated on a misrepresentation of law, it cannot be saved by an additional amendment." *Cruz*, 2007 WL 2729214, at *5. Allowing Plaintiffs to amend their complaint again would merely result in undue delay and unnecessary litigation.

**VII.   CONCLUSION**

   For all the foregoing reasons, Defendant respectfully requests that the Court grant its motion and dismiss with prejudice Plaintiffs' sixth cause of action for fraud.

DATED:  August 25, 2008   PAUL, HASTINGS, JANOFSKY & WALKER LLP


            By: /s/   MICHAEL M. PFYL
                 MICHAEL M. PFYL

            Attorneys for Defendant
            UPS SUPPLY CHAIN SOLUTIONS, INC.