ROBERT P. KRISTOFF (SB# 090874) bobkristoff@paulhastings.com
ZACHARY HUTTON (SB# 234737) zacharyhutton@paulhastings.com
MICHAEL M. PFYL (SB# 240925) michaelpfyl@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, California  94105-3441
Telephone:    (415) 856-7000
Facsimile:     (415) 856-7100

Attorneys for Defendant
UPS SUPPLY CHAIN SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM CHORTABTIM, RAF SISON,<br><br>Plaintiffs,<br><br>vs.<br><br>UPS SUPPLY CHAIN SOLUTIONS, INC.,<br><br>Defendant. | CASE NO. C08-03182 PJH<br><br>**DEFENDANT UPS SUPPLY CHAIN SOLUTIONS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FRAUD CLAIM**<br><br>DATE:    October 1, 2008<br>TIME:    9:00 a.m.<br>DEPT:    Courtroom. 3, 17th Floor<br>JUDGE:   Hon. Phyllis J. Hamilton |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................1

II. PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH THAT THE FIRST AMENDED COMPLAINT ALLEGES AN ACTIONABLE MISREPRESENTATION OF FACT ..........................................................................................2

    A. Plaintiffs' Attempt To Disavow The Explicit Language Of Their Own First Amended Complaint Is Improper .................................................................2

    B. Plaintiffs' First Amended Complaint Does Not Identify A Single, Specific Factual Misrepresentation With Particularity ...............................................3

    C. Plaintiffs' Distinction Between Representations About Their Legal Status As Independent Contractors, And Representations About The Facts "Surrounding" Their Status As Independent Contractors, Is Immaterial ...............5

    D. Plaintiffs' Assertion That "Employment Status Is A Question Of Fact" Is Incorrect ..............................................................................................................6

III. THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE THAT SCS PURPORTED TO HAVE EXPERT KNOWLEDGE CONCERNING EMPLOYMENT LAW ..........................................................................................................8

IV. THE COURT SHOULD DISMISS PLAINTIFFS' FRAUD CLAIM WITHOUT LEAVE TO AMEND .........................................................................................................10

V. CONCLUSION ..................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Air Couriers International v. Employment Development Department,*
    150 Cal. App. 4th 923 (2007) ..................................................................................................6

*Allarcom Pay Television, Ltd. v. General Instrument Corp.,*
    69 F.3d 381 (9th Cir. 1995) ....................................................................................................3

*Barnhart v. New York Life Ins. Co.,*
    141 F.3d 1310 (9th Cir. 1998) ................................................................................................7

*Blake v. Dierdorff,*
    856 F.2d 1365 (9th Cir. 1988) ................................................................................................5

*Bly-Magee v. California,*
    236 F.3d 1014 (9th Cir. 2001) ................................................................................................5

*Cruz v. Dollar Tree Stores, Inc.,*
    2007 WL 2729214 (N.D. Cal. Sept. 18, 2007) ...................................................................5, 6

*In re GlenFed Inc. Securities Litigation,*
    42 F.3d 1541 (9th Cir. 1994) ..................................................................................................5

*Edwards v. Marin Park, Inc.,*
    356 F.3d 1058 (9th Cir. 2004) ................................................................................................4

*Eminence Capital LLC v. Aspeon, Inc.,*
    316 F.3d 1048 (9th Cir. 2003) ..............................................................................................10

*Estrada v. FedEx Ground Package System, Inc.,*
    154 Cal. App. 4th 1 (2007) .....................................................................................................6

*Miller v. Yokohama Tire Corp.,*
    358 F.3d 616 (9th Cir. 2004) ................................................................................. 7, 8, 9, 10

*Nat'l Labor Relations Bd. v. Friendly Cab Co.,*
    512 F.3d 1090 (9th Cir. 2008) ................................................................................................7

*Pacesetter Homes, Inc. v. Brodkin,*
    5 Cal. App. 3d 206 (1970) ......................................................................................................9

*Regus v. Schartkoff,*
    156 Cal. App. 2d 382 (1957) ..................................................................................................9

*Santa Cruz Transportation, Inc. v. Unemployment Ins. Appeals Bd.,*
    235 Cal. App. 3d 1363 (1991) ................................................................................................7

*Seeger v. Odell*,
    18 Cal. 2d 409 (1941)......................................................................................................9

*Semegen v. Weidner*,
    780 F.2d 727 (9th Cir. 1985) ..........................................................................................4

*Shwarz v. United States*,
    234 F.3d 428 (9th Cir. 2000) ..........................................................................................5

*Toyota Motor Sales U.S.A., Inc. v. Superior Court*,
    220 Cal. App. 3d 864 (1990) .........................................................................................7

*Travis v. Knappenberger*,
    204 F.R.D. 652 (D. Or. 2001) ....................................................................................7, 8

**OTHER AUTHORITIES**

RESTATEMENT (SECOND) OF TORTS § 545................................................................................8

## I. INTRODUCTION

In Opposition, Plaintiffs attempt to save their defective fraud claim by disavowing the explicit language of their own First Amended Complaint ("FAC"), mischaracterizing the alleged representations upon which they base their fraud claim, and citing inapposite legal authority. But none of Plaintiffs' transparent tactics can obscure the fact that their fraud claim is predicated upon an alleged misrepresentation of *law*, and should be dismissed for failure to state a claim upon which relief can be granted.

On August 11, 2005, the Superior Court of Sacramento issued a decision holding that SCS[1] had misclassified sixteen of seventeen "employee" drivers as independent contractors. SCS disagreed with the trial court's decision because, in its opinion, the court applied the incorrect legal test and did not consider all of the relevant evidence. Accordingly, SCS appealed the trial court's decision to the California Court of Appeal, Third District. In the interim period between the trial court's decision and the appellate court's review, SCS did not convert its independent contractors to employees because it strongly believed that the appellate court would overturn the trial court's decision. However, shortly after the appellate court disagreed with SCS and affirmed the trial court's holding in April 2007, SCS adjusted its California operations to conform to the appellate court's decision.

The gravamen of Plaintiffs' fraud claim is that SCS "misrepresented" Plaintiffs' legal status as independent contractors by asking them to sign Independent Contractor Agreements in 2005,[2] during the interim period when the issue was pending before a California appellate court. But as SCS pointed out in its Motion to Dismiss, this type of representation is not actionable because it concerns an issue of *law* and *opinion*. SCS's Independent Contractor Agreement merely represented the company's opinion that, at that time, its drivers were independent contractors in the eyes of the law and it believed the appellate court would reach the

---

[1] The 2005 decision applied to SonicAir, a SCS predecessor entity, but for purposes of this Reply SCS does not distinguish between the two.

[2] SCS did not ask any of the named plaintiffs to sign Independent Contractor Agreements later than 2004 but, for purposes of this 12(b)(6) motion to dismiss, SCS does not dispute the facts as they are alleged in Plaintiffs' FAC.

same conclusion. SCS never misrepresented an issue of fact, and the First Amended Complaint does not allege otherwise.

In Opposition, Plaintiffs try to overcome this insurmountable barrier to their fraud claim with hollow semantics. They argue that the FAC does not allege that SCS misrepresented their legal status as independent contractors. Instead, they assert that it misrepresented "the facts underlying their independent contractor agreement," and "the terms and conditions surrounding the parties' working relationship." But, as the saying goes, "you can put all the lipstick you want on a pig, but at the end of the day it's still a pig." As much as the Plaintiffs try to dance around the central issue in their fraud claim and attempt to portray it as something other than it is, they cannot escape the fact that it boils down to this: SCS represented to Plaintiffs its *opinion* that, *according to California law*, Plaintiffs were independent contractors.

SCS explains below why — despite Plaintiffs' attempt at opposition — Plaintiffs' sixth cause of action for fraud should be dismissed without leave to amend.

**II.   PLAINTIFFS' OPPOSITION FAILS TO ESTABLISH THAT THE FIRST AMENDED COMPLAINT ALLEGES AN ACTIONABLE MISREPRESENTATION OF FACT**

In Opposition, Plaintiffs attempt to establish that the FAC alleges a misrepresentation of fact in three ways. First, Plaintiffs argue that the misrepresentation at issue is one of fact, yet they ignore the language in their own FAC declaring that their fraud claim is predicated upon SCS's alleged misrepresentation of their legal status as independent contractors. Second, Plaintiffs argue — disingenuously — that their fraud claim is based upon SCS misrepresenting the "level of control" it would impose over Plaintiffs' work, but fail to identify a single instance where SCS misrepresented a specific working condition. Third, Plaintiffs cite inapposite legal authority that has nothing to do with fraudulent misrepresentations involving opinions or matters of law. Thus, none of Plaintiffs' efforts can save their fraud claim.

   **A.   Plaintiffs' Attempt To Disavow The Explicit Language Of Their Own First Amended Complaint Is Improper.**

Plaintiffs declare throughout their Opposition that they "do *not* base their fraud claim on the allegation that SCS misrepresented their legal status by characterizing [them] as

Case No. C08-03182 PJH
LEGAL_US_W # 59953987.2
-2-
DEFENDANT SCS' REPLY ISO MOTION TO DISMISS

independent contractors" (Opp. at 1:4-5),[3] and accuse SCS of "misstate[ing] the pleadings." (Opp. at 5:8.) However, the Court need look no further than the language of the FAC to see that Plaintiffs are incorrect: their FAC alleges that UPS misrepresented their legal status as independent contractors *verbatim*. Consider:

- In paragraph six of the FAC, Plaintiffs allege: "Despite UPS SCS's control over virtually all material aspects of the employment relationship with its drivers . . . [it] continues to *misrepresent the status of these drivers, and to misclassify them as "independent contractors."*" (FAC 2:19-25 (emphasis added)); and

- In paragraph seven of the FAC, Plaintiffs allege: "SCS's . . . concealment and/or nondisclosure of the true nature of *the legal relationship between [SCS] and these drivers* [is] part of an on-going unfair, and/or unlawful and/or *fraudulent* business practice by [SCS]." (FAC 2:26-3:6 (emphasis added).)

Plaintiffs' assertion that they allege "something very different" than SCS committed fraud by misrepresenting their legal status as independent contractors is simply not true. As much as the Plaintiffs would like to disavow the language in their FAC to avoid dismissal of their fraud claim, they cannot. In evaluating SCS's motion to dismiss, the Court's review is limited to the contents of the FAC. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). Plaintiffs' attempt to "explain" that their fraud claim is predicated upon misrepresentations other than those explicitly plead in their FAC is improper and should be disregarded.

**B.  Plaintiffs' First Amended Complaint Does Not Identify A Single, Specific Factual Misrepresentation With Particularity.**

Plaintiffs protest that their fraud claim is actually predicated upon SCS's misrepresentations surrounding the specific terms and conditions of their work relationship, and "the result here should be no different than if Plaintiff Drivers alleged that the new Agreements

---

[3] Plaintiffs' Opposition is cited as "Opp. [page:line]." SCS's Motion to Dismiss is cited as "MPA [page:line]." Plaintiffs' First Amended Complaint is cited as "FAC [page:line]."

stated that they would be paid $20.00 per hour, but that they were in reality only paid $10.00 per hour." (Opp. 7, fn 3.) But a review of the FAC reveals the emptiness of Plaintiffs' argument.

The FAC does not allege a *single instance where SCS misrepresented a specific term and condition of Plaintiffs' work relationship in the Agreement*. For example, the FAC does not allege that SCS misrepresented Plaintiffs' pay rate, work hours, recording obligations, insurance requirements, appearance standards, route assignments, delivery deadlines, or any other working condition. Plaintiffs' hypothetical example of an employer representing that it would pay its workers $20.00 per hour where it actually paid them $10.00 per hour merely highlights the defective nature of their argument: the FAC contains no analogous allegation.[4] The house of cards falls.

The most specific misrepresentation Plaintiffs point to in support of their "working conditions" argument is stated in paragraph 69 of the FAC:

> Likewise, in demanding that Plaintiffs and the Plaintiff Class sign these Agreements, [SCS] *implicitly represented that the level of control actually imposed by [SCS] over the manner and means of these drivers' work would comport with the level of control in the Agreements*.

(FAC 17:26-18:1 (emphasis added).) But this vague, conclusory allegation cannot save Plaintiffs' fraud claim.

It is axiomatic that a plaintiff pleading fraud must do so with particularity. Fed. Rule Civ. Proc. 9(b). Pleading fraud with particularity requires a plaintiff to articulate "'the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004) (citation omitted); *see also Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (when fraud is alleged, "the absence of specification of any times, dates, places or other details of that alleged fraudulent involvement is contrary to the fundamental purposes of Rule 9(b)"). "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular

---

[4] Moreover, if Plaintiffs really believed that SCS's written agreement materially misrepresented the specific terms and conditions of their work relationship they would have plead a breach of contract claim. They did not.

misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotation marks omitted). Here, Plaintiffs do not meet this standard and flout Rule 9(b)'s particularity requirement.

Paragraph 69 does not identify any specific factual representations SCS made in the Agreements concerning the "level of control" it intended to impose over Plaintiffs' working conditions, or explain how such representations were false. *In re GlenFed Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) ("The plaintiff must set forth what is false or misleading about a statement, and why it is false."); *Blake v. Dierdorff*, 856 F.2d 1365, 1369 (9th Cir. 1988) (holding that 9(b) requires "specific descriptions of the representations made, [and] the reasons for their falsity"). It merely states Plaintiffs' unsubstantiated legal conclusion that SCS exercised more control over its drivers than the law permits in an independent contractor relationship.[5] SCS — and this Court — are left to guess at what "extra-contractual controls" and misrepresentations Plaintiffs are talking about.

### C. Plaintiffs' Distinction Between Representations About Their Legal Status As Independent Contractors, And Representations About The Facts "Surrounding" Their Status As Independent Contractors, Is Immaterial.

In any event, Plaintiffs' argument that the FAC alleges SCS misrepresented the facts surrounding the parties' work relationship rather than their legal status as independent contractors is beside the point. In its Motion to Dismiss, SCS pointed out that this Court considered and rejected an analogous argument in *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050 SC, 2007 WL 2729214, at *3 (N.D. Cal. Sept. 18, 2007). (MPA 5:19-7:8.)

In *Cruz*, Plaintiffs worked for Defendant as Store Managers and alleged that Defendant committed fraud by representing that they were exempt from overtime laws when they were in fact non-exempt. *Id*. at *1. Defendant moved to dismiss on the grounds that the representation at issue — the Plaintiffs' exempt status — concerned an issue of law. *Id*. at * 2. In

---

[5] Of course, in ruling on a motion to dismiss, the Court need not consider conclusory allegations of law, mere legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

opposition, the Plaintiffs argued that Defendant had misrepresented the underlying facts surrounding their working relationship. *Id*. at *3. Specifically, they claimed that Defendant had classified them as managers yet required them to perform mostly non-managerial tasks. *Id*. This Court rejected Plaintiffs' argument and granted Defendant's motion to dismiss because "the central issue" in the fraud claim was a legal matter: the classification of Plaintiffs' employment status. *Id*.

Just as the plaintiffs in *Cruz* tried to avoid dismissal by re-characterizing Defendant's alleged misrepresentation as one concerning the "facts" surrounding their employment classification, here Plaintiffs attempt to save their fraud claim by dancing around the "central issue." But Plaintiffs' smoke-and-mirrors semantics cannot obfuscate the central issue here: Plaintiffs allege that SCS represented they were independent contractors, not employees, and thus not entitled to receive various benefits guaranteed to employees under California and Federal law. The alleged misrepresentation concerns an issue of law, not fact.

**D. Plaintiffs' Assertion That "Employment Status Is A Question Of Fact" Is Incorrect.**

Plaintiffs attempt to save their fraud claim by stating that as a matter of law "[t]he determination (employee or independent contractor) is one of fact." (Opp. 7:19-20.) Plaintiffs support this proposition by citing several inapposite cases holding that courts engage in a fact-based inquiry when evaluating whether an individual is an employee or independent contractor. But none of the cases Plaintiffs cite implicate fraudulent misrepresentation claims.[6] In other

---

[6] Plaintiffs cite several cases where courts engaged in a "fact-based inquiry" while evaluating whether an individual is an employee or an independent contractor. However, none of the cases hold that an employer's representation about an individual's legal status as an employee/contractor encompasses an issue of fact in the context of a fraud claim.

In *Estrada*, FedEx appealed the trial court's finding that FedEx drivers were employees and not independent contractors. *Estrada v. FedEx Ground Package Sys., Inc.*, 154 Cal. App. 4th 1, 11 (2007). For purposes of deciding the nature and scope of its appellate review, the Court concluded that the determination of whether the FedEx drivers were employees or contractors was "one of fact and thus must be affirmed if supported by substantial evidence." *Id*. The Court did not hold that representations about an individual's status as an independent contractor may form the basis of a fraud claim.

In *Air Couriers*, "[t]he trial court found, as a matter of law, that [defendant]'s drivers were not independent contractors." *Air Couriers Int'l v. Employment Dev. Dep't*, 150 Cal. App. 4th 923,
(*Continued . . .*)

---

Case No. C08-03182 PJH -6- DEFENDANT SCS' REPLY ISO MOTION TO DISMISS
LEGAL_US_W # 59953987.2

words, Plaintiffs argue that because courts consider facts when using the common law employment test to distinguish between employees and independent contractors, representations concerning an employee or independent contractor's legal status must encompass an issue of fact for purposes of a fraud claim. Plaintiffs' nonsensical argument is a red herring and misrepresents the law.

Typically, a representation concerning an individual's status as an employee or independent contractor concerns an unactionable issue of law, not fact. *See Travis v. Knappenberger*, 204 F.R.D. 652, 659 (D. Or. 2001) ("A representation to someone that he or she is an independent contractor rather than an employee is a representation as to an issue of law, not of fact."); *Barnhart v. New York Life Ins. Co.*, 141 F.3d 1310, 1313 (9th Cir. 1998) (affirming grant of summary judgment to employer regarding employee/independent contractor issue). Statements of law are not actionable in most cases because they are regarded as expressions of opinion, which are generally not actionable in fraud even if they are false. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004).

Therefore, where a plaintiff brings a fraud claim predicated upon a misrepresentation of law the key inquiry is whether the statement at issue is an actionable

---

937 (2007). On appeal, Defendant challenged the trial court's finding. The appellate court held: "The trial court employed the proper legal standard in evaluating the evidence produced at trial" and affirmed the lower court's holding. *Id.* The Court did not address whether representations about an individual's status as an employee or independent contractor may form the basis of a fraud claim.

In *Toyota Motors*, the Court analyzed whether the defendant delivery driver was an independent contractor or employee for purposes of determining whether the defendant pizza establishment owner could be held liable for damages caused by the delivery driver's collision with plaintiff. *Toyota Motor Sales U.S.A., Inc. v. Superior Court,* 220 Cal. App. 3d 864, 877-78 (1990). The case did not involve a fraud claim.

In *Santa Cruz Transportation*, the Court considered whether a taxi driver was an independent contractor or an employee entitled to receive unemployment benefits upon termination. *Santa Cruz Transp., Inc. v. Unemployment Ins. Appeals Bd.*, 235 Cal. App. 3d 1363, 1367 (1991). The Court did not address whether representations about an individual's status as an employee or independent contractor may form the basis of a fraud claim.

Finally, in *Friendly Cab Company*, the Ninth Circuit held that taxi drivers were employees and entitled to representation for collective bargaining purposes. *Nat'l Labor Relations Bd. v. Friendly Cab Co.*, 512 F.3d 1090, 1096 (9th Cir. 2008.) The Court did not hold that representations about an individual's status as an independent contractor may form the basis of a fraud claim.

statement of fact, or an unactionable statement of opinion. *Travis*, 204 F.R.D. 652, 659 (D. Or. 2001); RESTATEMENT (SECOND) OF TORTS § 545. The Second Restatement of Torts provides guidelines for making this determination:

> A statement of law may be a statement of fact or a statement of opinion. Thus a statement that a particular statute has been enacted or repealed, or that a particular decision has been rendered by a court upon a particular state of facts is a statement of fact. On the other hand, if all the pertinent facts are known and there is no misrepresentation of the existence or nonexistence of a pertinent statute or judicial decision, the statement of the legal consequences of those facts is a statement of opinion as to what a court would determine to be the legal consequences of the facts if the matter were litigated.

*Id.* cmt. a. Here, the FAC does not allege that SCS misrepresented the existence of a statute or judicial decision. Instead, the FAC alleges that SCS misrepresented Plaintiffs' legal status as independent contractors. Thus, according to the FAC, SCS represented its *opinion* that if the matter were litigated and a court considered the facts surrounding the parties' working relationship it would conclude Plaintiffs were independent contractors. The representation at issue is thus a statement of *law* and *opinion*, and cannot support Plaintiffs' fraud claim.

Because the language of the FAC makes clear that Plaintiffs' fraud claim is predicated upon a misrepresentation of law and opinion, the Court should dismiss Plaintiffs' sixth cause of action for failure to state a claim upon which relief can be granted.

### III. THE FIRST AMENDED COMPLAINT DOES NOT ALLEGE THAT SCS PURPORTED TO HAVE EXPERT KNOWLEDGE CONCERNING EMPLOYMENT LAW

Plaintiffs contend that even if the Court finds that their FAC pleads a misstatement of legal opinion, their fraud claim is actionable because SCS "purported to have expert knowledge." (Opp. 9:11-13.) Plaintiffs are incorrect, however, because SCS did not hold itself out as an expert on employment law and the FAC does not include any such allegation.

It is true that courts recognize four exceptions to the general rule that fraud cannot be predicated upon a misrepresentation of law. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 621 (9th Cir. 2004). Where the party making the misrepresentation (1) purports to have special knowledge; (2) stands in a fiduciary or similar relation of trust and confidence to the recipient;

(3) has successfully endeavored to secure the confidence of the recipient; 4) or has some other special reason to expect that the recipient will rely on his opinion, misrepresentations of law may result in actionable fraud. *Id.*

Plaintiffs' reliance on the "special knowledge" exception is misplaced because it only applies in situations where the party making the misrepresentation holds himself or herself out to be specially qualified on the subject of the misrepresentation. *Seeger v. Odell*, 18 Cal. 2d 409, 415 (1941) (exception applied where attorney told plaintiffs he had superior knowledge of many facts concerning their land and applicable law, and induced them to enter into a real estate transaction); *Regus v. Schartkoff*, 156 Cal. App. 2d 382, 388-89 (1957) (exception applied where insurance adjuster told plaintiff that her claim would be barred in three years even though he routinely handled similar claims and knew her claim would be barred in one year). In *Pacesetter Homes, Inc.*, the Court explained the scope of the superior knowledge exception:

> "Superior knowledge" in the context of fraudulent misrepresentation has become a term of art. It contemplates more than the possession by one party to a bargain of a greater acumen than is possessed by the other party. The concept has been applied primarily in situations where assumed knowledge possessed by the party expressing the fraudulent opinion is a motivation to the other to enter into the transaction, or where the defendant has held himself out as particularly knowledgeable.

*Pacesetter Homes, Inc. v. Brodkin,* 5 Cal. App. 3d 206, 212 (1970).

The FAC does not allege that SCS represented to Plaintiffs that it had special or expert knowledge regarding employment laws or Plaintiffs' legal status as independent contractors.[7] Plaintiffs thus cannot avail themselves of the superior knowledge exception. Moreover, even if it could be inferred from the FAC that Plaintiffs allege SCS had "superior

---

[7] Moreover, the FAC does not and cannot allege that SCS had exclusive access to facts that were unavailable to Plaintiffs. To the extent Plaintiffs argue that SCS had "special knowledge" that Plaintiffs were independent contractors because of the Sacramento Superior Court's 2005 interim decision, Plaintiffs had equal access to the Court's decision. The Court issued a *public* Statement of Decision on August 11, 2005. (FAC 16:21-23.)

Case No. C08-03182 PJH    -9-    DEFENDANT SCS' REPLY ISO MOTION
LEGAL_US_W # 59953987.2                                TO DISMISS

knowledge" by virtue of being a sophisticated employer, the Ninth Circuit rejected an analogous argument in *Miller*.[8]

In Miller, the plaintiff alleged that the defendant employer falsely represented to him and other employees that they were not entitled to overtime because they were salaried. *Miller*, 358 F.3d at 621. He contended that because he was not an attorney and was not familiar with the law or regulations concerning entitlement to overtime pay, he trusted and placed confidence in his employer who he argued possessed superior knowledge concerning his status and his right to receive overtime. *Id*. The Court held that the superior knowledge exception did not apply because there was no basis for the court to believe that an employer has any special knowledge regarding wage and hour laws. *Id*. Thus, as a matter of law, Plaintiffs cannot avail themselves of the superior knowledge exception on the basis that SCS was their employer and they did not have extensive knowledge of employment law.

## IV. THE COURT SHOULD DISMISS PLAINTIFFS' FRAUD CLAIM WITHOUT LEAVE TO AMEND

In situations where a claim cannot be saved by amendment, it is proper for a court to deny leave to amend. *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (holding that dismissal without leave to amend is improper unless the complaint could not be saved by amendment). Here, history proves that Plaintiffs cannot cure the flaws in their fraud claim. Counsel for SCS met and conferred with Plaintiffs' counsel on July 29, 2008, informed him that Plaintiffs' fraud claim is deficient because it alleges a misrepresentation of law, and requested that Plaintiffs voluntarily dismiss the claim. Plaintiffs' counsel declined and, instead, filed an FAC to address the deficiency in the fraud claim. Plaintiffs have thus already amended their fraud claim to no avail and allowing Plaintiffs to amend their complaint again would merely

---

[8] In reviewing the Opposition, it is unclear whether Plaintiffs argue that SCS had superior knowledge of employment law and Plaintiffs' legal status as independent contractors, or of the company's "intent to exercise more control over the Plaintiffs' work than it expressed in the agreements." If Plaintiffs' assert the later, their argument is absurd. Essentially, in Plaintiffs' view the superior knowledge exception would apply to *every* situation because the party making a representation always has superior knowledge of his or her own intent.

result in undue delay and unnecessary litigation.

## V. CONCLUSION

The crux of Plaintiffs' fraud claim is that SCS made them sign Independent Contractor Agreements expressing the company's opinion that, in the eyes of the law, Plaintiffs were independent contractors. In short, Plaintiffs' claim is predicated upon a representation concerning an issue of law. Controlling precedent is clear that representations about opinions and/or issues of law are not actionable. No matter how Plaintiffs twist, spin, re-characterize, or re-phrase their fraud claim, it is not actionable. Consequently, SCS respectfully requests that the Court grant its motion and dismiss with prejudice Plaintiffs' sixth cause of action for fraud.

DATED: September 17, 2008      PAUL, HASTINGS, JANOFSKY & WALKER LLP


By: /s/      MICHAEL M. PFYL
             MICHAEL M. PFYL

Attorneys for Defendant
UPS SUPPLY CHAIN SOLUTIONS, INC.