UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAULA LABRIE, et al.,

       Plaintiffs,

       v.

UPS SUPPLY CHAIN SOLUTIONS, INC.,

       Defendant.
_____/

No. C 08-3182 PJH

**ORDER GRANTING MOTION TO DISMISS**

       Defendant's motion to dismiss plaintiff's complaint came on for hearing before this court on October 1, 2008. Plaintiffs appeared through their counsel, Philip C. Monrod and Jennifer Keating. Defendant appeared through its counsel, Michael Pfyl. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows, for the reasons stated at the hearing, and summarized as follows.

       1.     Plaintiffs' sixth claim for fraud, as stated in the first amended complaint ("FAC"), fails to state a valid claim for relief. The allegations, reasonably viewed, state that defendant misrepresented plaintiffs' status as independent contractors in certain revised agreements that plaintiffs were required to sign with defendant. See FAC, ¶¶ 64-76. In other words, plaintiffs allege that defendant's fraud was premised on its misrepresentation of plaintiffs' employment status. Yet the law is clear that a misrepresentation based on the law, is not actionable. See Miller v. Yokohama Tire Corp., 358 F.3d 616, 621 (9th Cir. 2004)("It is ... well settled, as a general rule, that fraud cannot be predicated upon misrepresentations of law or misrepresentations as to matters of law"). Plaintiffs seek to

avoid this conclusion with the argument that the alleged misrepresentations include misrepresentations of fact, since it is the *facts* surrounding the actual command and control that defendant exerts over the drivers that make the fraud claim actionable, this is unpersuasive. For notwithstanding plaintiffs' argument, the central issue remains whether defendant misrepresented the *classification* of plaintiffs' status as independent contractors. Thus, it is a misrepresentation of law, and not actionable.

2. Moreover, plaintiffs' allegations fail to plead fraud with sufficient particularity. Although "a complaint generally must satisfy only the minimal notice pleading requirements," where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires greater specificity, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir.2004) (citation omitted); Porter v. Jones, 319 F.3d 483, 494 (9th Cir.2003). Plaintiffs' allegations fall short of this standard here, as paragraphs 68-69 – relied on by plaintiffs' counsel as alleging the actionable misrepresentations – and the surrounding paragraphs detail the nature of defendant's misrepresentations in only the most general terms, and fail to reference specific agreements, misrepresentations, individuals involved, etc. Thus, dismissal of the fraud claim is also appropriate under Rule 9(b).

3. Finally, plaintiffs' second amended complaint, filed on September 16, 2008, is STRICKEN from the docket. Plaintiffs failed to obtain a stipulation in connection with the filing of that amended complaint, or seek leave of court as required by Federal Rule of Civil Procedure 15(a).

In sum, defendant's motion to dismiss is GRANTED and plaintiffs' sixth cause of action for fraud is hereby DISMISSED. While the court might ordinarily grant leave to amend in order to allow plaintiffs to re-state their fraud claim with particularity, the dismissal here is WITH PREJUDICE, since plaintiffs cannot, as a matter of law base their fraud claim on defendant's alleged misrepresentation as to employment classification status. Nor have

plaintiffs come forward with any alternative theory of fraud that would be permissible.

**IT IS SO ORDERED.**

Dated: October 3, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge

3