LYNN ROSSMAN FARIS (State Bar No. 096029) lfaris@leonardcarder.com
PHILIP C. MONRAD (State Bar No. 151073) pmonrad@leonardcarder.com
JENNIFER KEATING (State Bar No. 250857) jkeating@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174

Attorneys for Plaintiffs

ROBERT P. KRISTOFF (State Bar No. 090874) bobkristoff@paulhastings.com
ZACHARY P. HUTTON (State Bar No. 234737) zacharyhutton@paulhastings.com
MICHAEL M. PFYL (State Bar No. 240925) michaelpfyl@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
55 Second Street, Suite 2400
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendant

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM CHORTABTIM, RAF SISON

Plaintiffs,

v.

UPS SUPPLY CHAIN SOLUTIONS, INC.

Defendant.

Case No. 3:08-CV-03182-PJH

**STIPULATION AND [~~proposed~~] ORDER ALLOWING THE FILING OF A SECOND AMENDED COMPLAINT**

The parties to this lawsuit, by and through their respective counsel, do hereby stipulate to the filing of the Second Amended Complaint attached as Exhibit A hereto.

DATED: 10/21, 2008

LEONARD CARDER, LLP

By: ______________________
PHILIP C. MONRAD
Attorneys for PLAINTIFFS

DATED: 10/21, 2008

PAUL, HASTINGS, JANOFSKY & WALKER

By: ______________________
ROBERT P. KRISTOFF
Attorneys for DEFENDANTS

Pursuant to stipulation, Plaintiffs shall be allowed to file the Second Amended Complaint attached as Exhibit A hereto, and the Clerk is directed to file said Second Amended Complaint.

DATED: October 27, 2008

______________________
Hon. Phyllis J. Hamilton
United States District Jud

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Phyllis J. Hamilton

# EXHIBIT A

LYNN ROSSMAN FARIS (State Bar No. 096029)
PHILIP C. MONRAD (State Bar No. 151073)
JENNIFER KEATING (State Bar No. 250857)
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA 94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174
Email: lfaris@leonardcarder.com
pmonrad@leonardcarder.com
jkeating@leonardcarder.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM CHORTABTIM, RAF SISON

Plaintiffs,

v.

UPS SUPPLY CHAIN SOLUTIONS, INC.

Defendant.

**Case No. C08-03182 PJH**

**SECOND AMENDED COMPLAINT**
**DEMAND FOR JURY TRIAL**
**FLSA COLLECTIVE ACTION**
**RULE 23 CLASS ACTION**

1. FLSA Minimum Wage, Overtime 29 U.S.C. §§ 206, 207, 216(b), 255(a);
2. Calif. Minimum Wage, Overtime CA Labor Code §§ 510, 1194, IWC Wage Order 9-2001, §§ 3, 4;
3. Calif. Expense Reimbursement CA Labor Code § 2802;
4. Calif. Reporting Time Pay IWC Wage Order 9-2001, § 5;
5. Calif. Waiting Time Penalties Calif. Labor Code § 203;
6. Calif. Unlawful, Unfair Business Practices CA Bus. & Prof. Code § 17200;
7. Penalties, CA Labor Code § 2699

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

Plaintiffs PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM CHORTABTIM and RAF SISON, on behalf of themselves and similarly situated drivers for Defendant UPS SUPPLY CHAIN SOLUTIONS, INC., in the United States (FLSA claim) and in the State of California (California claims), and on behalf of the general public allege as follows:

**INTRODUCTION**

1. The Fair Labor Standards Act requires that covered employers pay to all their employees at least the minimum wage for all hours worked, and time-and-a-half their regular rate of pay as overtime premium compensation for all hours worked in excess of 40 in a week, including hours where employees are "engaged to wait" for the employer's benefit. 29 U.S.C. § 216. Likewise, the California Labor Code requires employers to pay at least minimum wage and overtime premium pay for hours worked in excess of 8 in a day, as well as in excess of 40 in a week. Calif. Lab. Code §1194. The California Labor Code further requires employees to meet other legal obligations to their employees, including the duty to reimburse employees for all expenses necessarily incurred in connection with their employment (Lab. Code §2802), the duty to provide workers compensation coverage (Lab. Code §§3200 *et seq.*), the duty to promptly pay all wages due and owing upon termination (Lab. Code § 201, 203.) and other legal obligations.

2. Employers may not avoid these legal obligations by simply labeling their workers as "independent contractors," if the employers in fact treat their workers as employees.

3. Defendant UPS SUPPLY CHAIN SOLUTIONS, INC. (hereinafter "UPS SCS") does just that. UPS SCS is a specialized business unit within United Parcel Services, Inc., which provides expedited pick up and delivery services for business customers, using smaller vehicles separate from the familiar UPS brown truck. To secure an unfair competitive advantage over its competitors by lowering its labor costs in an integral element of its business, UPS SCS misclassified the drivers of these delivery vehicles as "independent contractors." Specifically,

UPS SCS has created a sham independent contractor relationship with these drivers for the purpose of shifting risk and operating expenses onto those drivers, while retaining all the control and dominion that an employer exercises over employees.

4. UPS SCS has called these so-called "independent contractor" drivers within its Supply Chain Solutions unit by a variety of names such as "smart couriers," "transportation suppliers," "transportation service providers" and "contractors." Hereinafter all such persons, however labeled by UPS, who performed delivery and pick-up services for defendant UPS SCS as purported "independent contractors" will be called "drivers." The term "drivers" as used herein does not refer to persons who work or worked for UPS as acknowledged employees.

5. The California Employment Development Department ("EDD") has determined in two audits that predecessor entities now owned and controlled by UPS SCS misclassified their drivers as "independent contractors," when in fact they were employees. *See Air Couriers International, et al. v. Employment Development Department, et al*, 150 Cal.App.4th 923 (2007). Since those audits, UPS SCS has changed the names of those corporate entities, but it has continued the same operations without meaningfully changing the degree of control it exercises over the means and manner of the drivers' work.

6. Despite UPS SCS's control over virtually all material aspects of the employment relationship with drivers, and despite the unequivocal command of applicable statutes and case law that workers such as plaintiffs are entitled to the protections due employees under the FLSA and California law, and despite the finding of the Court of Appeal in the *Air Couriers case*, UPS SCS continues to misrepresent the status of these drivers, and to misclassify them as "independent contractors."

7. As a result, UPS SCS has willfully deprived these drivers of the rights and protections guaranteed by the FLSA and California law to all employees described above. UPS

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

SCS's mis-characterization of its drivers as independent contractors, its concealment and/or non-disclosure of the true nature of the legal relationship between UPS SCS and these drivers and the attendant deprivation of substantial rights and benefits of employment are part of an on-going unfair and/or unlawful business practice by UPS SCS which this court should remedy, both as to harm done to UPS SCS's drivers and to lawful competitors.

**PARTIES**

8. Plaintiffs PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM CHORTABTIM and RAF SISON are residents, respectively, of Alameda, Los Angeles, Santa Clara, Los Angeles and Los Angeles Counties, in the State of California. Plaintiffs were employed by UPS SCS as purported "independent contractor" drivers in California for all relevant times. Together, they sue on behalf of themselves, as representatives of all drivers in the classes defined below, on behalf of the public, and as private attorney generals pursuant to the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200, *et seq*. Plaintiffs have already filed Consents to Become Party Plaintiff to the FLSA claims in this action, executed by named Plaintiffs and by a number of similarly situated drivers. Plaintiffs will file additional Consents to Become Party Plaintiffs executed by similarly situated drivers as they are secured.

9. Plaintiffs are informed and believe and on that basis allege that defendant UPS SUPPLY CHAIN SOLUTIONS, INC., is incorporated in Georgia, and is a wholly owned subsidiary of United Parcel Service, Inc. Defendant UPS SUPPLY CHAIN SOLUTIONS, INC., is a registered foreign corporation with the California Secretary of State, doing business at various locations throughout the state of California, including at least one location in the Counties of San Francisco, Alameda, and Santa Clara.

10. Plaintiffs are informed and believe and on that basis allege that the corporate entity named herein as defendant UPS SUPPLY CHAIN SOLUTIONS, INC., was formerly known as

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

and/or operated by one or more of the following entities: Air Couriers International, Sonic Couriers of Arizona, Inc., Sonic Air, Inc., Arizona Sonic Air, Inc., UPS Service Parts Logistics, Inc., and UPS Logistics Group. On information and belief, these entities have been purchased, merged and/or reorganized under the ownership, direction and control of defendant UPS SUPPLY CHAIN SOLUTIONS, INC., and/or its parent United Parcel Service, Inc., and defendant UPS SUPPLY CHAIN SOLUTIONS, INC. is liable for the violations alleged herein, whether committed under the name UPS SUPPLY CHAIN SOLUTIONS, INC., or under different names, including but not limited to those identified above.

**JURISDICTION AND VENUE**

11. This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1331, 2201, and 2202. This court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiffs' state law claims are closely related to plaintiffs' federal claims, as all of plaintiffs' claims share common operative facts. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience and fairness to the parties.

12. Venue is proper in the Northern District of California under 28 U.S.C. Section 1391(b), because some or all of the wrongful conduct at issue took place in, and defendant has offices in and does business in the Northern District of California.

**INTRADISTRICT ASSIGNMENT**

13. A substantial part of the events or omissions which give rise to the claims alleged herein occurred in Alameda and San Francisco County, and accordingly this action may be assigned to the San Francisco Division or the Oakland Division of this Court.

//

//

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

**FLSA COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiffs bring their First Claim For Relief, for violations of the FLSA, as a nationwide "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of the following class, numbering approximately 1,000 persons, which will hereinafter be referred to as the "FLSA Collective Action Plaintiffs."

> All persons in the United States who perform or performed delivery services for Defendant UPS Supply Chain Solutions, or for its predecessor entities, as purported "independent contractors" and who file written Consents To Become Party Plaintiffs in this Action, for the period commencing three years prior to the filing of such Consents.

15. Named Plaintiffs and the FLSA Collective Action Plaintiffs are similarly situated, perform substantially similar duties for UPS SCS and are uniformly subject to UPS SCS's common policy and practice of unlawfully classifying said Plaintiffs as "independent contractors," despite UPS SCS's common practice of reserving to itself the right to control and/or controlling the manner and means of said Plaintiffs' performance of their duties for UPS SCS.

16. The First Claim For Relief, for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, Section 216(b), because named Plaintiffs' claims are similar to the claims of the members of the FLSA Collective Action Plaintiffs.

17. The names and addresses of the FLSA Collective Action Plaintiffs are available from UPS SCS. Accordingly, Plaintiffs pray herein for an Order requiring UPS SCS to provide the names and all available locating information for all members of the FLSA Collective Action Plaintiffs class, so notice can be provided to this class of the pendency of this action, and their right to opt in to this action as party Plaintiffs.

//

//

//

## RULE 23 CLASS ACTION ALLEGATIONS

18. Plaintiffs bring all claims alleged herein under California law as a statewide "opt-out" class action under Federal Rules of Civil Procedure, Rule 23, on behalf of the following class, which will hereinafter be referred to as the "Rule 23 Class" or the "Plaintiff Class."

> All persons who performed delivery services in California for Defendant UPS Supply Chain Solutions, Inc., or for its predecessor entities, as purported "independent contractors," for the period commencing four years prior to the filing of this Complaint.

19. During the class period, Plaintiffs are informed and believe and on that basis allege that more than 300 persons have worked for UPS SCS as drivers in California and who fall within the class identified above, whose identities may be ascertained from Defendants' records.

20. This action may be properly maintained as a class action under Federal Rule of Civil Procedure 23 because:

A. The members of the Rule 23 Class are so numerous that their individual joinder in a single action is impossible and/or impracticable;

B. The central questions of law and fact involved in this action are of a common or general interest and those common legal and factual issues predominate over any questions affecting only individual members of the Rule 23 Class. Among the common questions of law and fact are the following:

i. Whether class members have been mis-classified as independent contractors pursuant to UPS SCS's written independent contractor agreements, and/or common practice of classifying class members as independent contractors while treating them like employees;

ii. Whether UPS SCS has violated their legal obligations under federal and California law as detailed below;

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL.: (510) 272-0169 FAX: (510) 272-0174

iii. Whether UPS SCS has unlawfully failed to provide workers compensation insurance benefits and unemployment insurance benefits to the class members in violation of Cal. Labor Code §§3200 *et seq*. and Cal. Unempl. Ins. Code §§100 *et seq*. respectively;

iv. Whether UPS SCS's actions constitute violations of the Unfair Competition Law, Bus. & Prof. Code, § 17200, *et seq*.

21. The claims of the named representative plaintiffs are typical of the claims of the Plaintiff Class. The named Plaintiffs share the same interests as other members of the Plaintiff Class in this action because, like other class members, they have each been mis-classified, have been subjected to UPS SCS's unlawful policies and procedures and practices, and suffered substantial financial loss due to UPS SCS's wrongful mis-classification. Given the significance of the deprivation of their rights, Plaintiffs have the incentive, and are committed to vigorously prosecuting this action. They have retained competent and experienced counsel who specializes in class action and employment litigation to represent themselves and the proposed class.

22. A class action is the only realistic method available for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation makes it impracticable for members of the class to seek redress individually for the wrongful conduct herein alleged. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court and create the risk of inconsistent rulings which would be contrary to the interest of justice and equity.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

23. Defendant UPS SUPPLY CHAIN SOLUTIONS, INC., is a national corporation

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

and a division of United Parcel Services, Inc., whose business consists of expedited on-demand package delivery and pick-up service to business customers, using a single integrated nationwide network of transportation, sortation and communication facilities, and integrating Plaintiffs, FLSA Collective Action Plaintiffs and members of the Rule 23 Class into this existing network of operations. Further reference to "Plaintiff Classes" or "drivers" shall refer to both the FLSA Collective Action Plaintiffs and the Rule 23 Class.

24. UPS SCS hired Plaintiffs and members of the Plaintiff Classes to timely deliver and pick up packages at times, locations determined solely by UPS SCS, and charging rates to customers and paying drivers in amounts determined solely by UPS SCS.

25. UPS SCS reserves the right to control the manner and means by which Plaintiffs and the Plaintiff Classes perform their duties for UPS SCS. UPS SCS controls the dispatch of these drivers' work each day.

26. UPS SCS unilaterally dictates drivers' "professional appearance and behavior."

27. UPS SCS requires drivers to insure UPS SCS against all loss resulting from drivers' work for UPS SCS.

28. UPS SCS unilaterally prescribes in detail how drivers record and document their work for UPS SCS.

29. UPS SCS unilaterally requires drivers to follow UPS SCS's prescribed methods of delivery and inspection of packages, within deadlines prescribed by UPS SCS.

30. UPS SCS employs a variety of managerial and supervisory employees who have supervisory responsibility over the drivers, their daily assignments, paperwork and payment. Drivers also interact with other UPS SCS personnel on a daily basis.

31. UPS SCS unilaterally sets the compensation to be paid to Plaintiffs and plaintiff class members, pursuant to a formula determined by UPS SCS.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

32. UPS SCS unilaterally set the prices charged to their customers for the services rendered by Plaintiffs and the Plaintiff Classes.

33. UPS SCS identifies drivers to the Transportation Security Administration ("TSA") as UPS SCS agents, requires drivers to obtain a security clearance with the TSA and assists drivers through this process.

34. UPS SCS has a wide array of written and unwritten policies and procedures outside of so-called "independent contractor agreements" which drivers are required to follow. When drivers do not follow UPS SCS rules they are subject to various types of punishment, some financial and some disciplinary.

35. Plaintiffs and members of the Plaintiff Classes provide services which are an integral and essential part of UPS SCS's core business enterprise - the timely delivery of packages - and they have no separate or distinct occupation or business. By reliably serving UPS SCS's customers, by following UPS SCS's delivery and pick-up specifications, by reporting to UPS terminals, by using UPS SCS-mandated equipment, and in other material ways, Plaintiffs and members of the Plaintiff Classes have rendered, and continue to render, services to UPS SCS which are integral to the UPS SCS package delivery system.

36. Plaintiffs and the Plaintiff Classes are entirely dependent for their financial livelihood on UPS SCS; and UPS SCS is entirely dependent on Plaintiffs and the Plaintiff Classes to deliver the services provided by UPS SUPPLY CHAIN SOLUTIONS.

37. Either pursuant to written agreements, or common unwritten policies and written practices, UPS SCS uniformly purports to classify Plaintiffs and members of the Plaintiff Classes as "independent contractors." But at the same time, UPS SCS requires drivers to perform all pick up and delivery services that UPS SCS requests, according to the terms and conditions imposed by UPS SCS, including detailed service specifications and payment specifications. Likewise,

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

UPS SCS retains the right of entry into the drivers' vehicles and to remove items belonging to UPS SCS's customers. UPS SCS further reserves to itself the right to control and to demand drivers' compliance with UPS SCS's unilaterally imposed requirements regarding *inter alia*, security procedures, payment processes; lost or damaged items processes, purchase and maintenance of insurance, advertising and publicity. Moreover, UPS SCS requires drivers to secure advance authorization from UPS SCS before drivers can assign any rights or obligations under any agreements with UPS SCS.

38. Written and oral "independent contractor agreements" between UPS SCS and members of the Plaintiff Classes are and were at all times mentioned herein contracts of adhesion, drafted or imposed exclusively by Defendants and/or their legal counsel, and presented to drivers, who are required to sign written agreements and or comply with oral agreements as a condition of employment, without any negotiation. Such agreements are unlawful, unconscionable and fraudulent in form and effect.

39. Although the nature of the work performed by Plaintiffs and members of the Plaintiff Classes makes detailed control by management unnecessary, Defendants nonetheless retain the right to control and do in fact exercise extensive control over the work of the drivers, to fulfill UPS SCS's commitments to its customers.

40. As a practical matter, drivers' so-called "independent contractor" agreements with UPS SCS are terminable by UPS SCS at will, and without cause.

**FIRST CLAIM FOR RELIEF**
**(Failure to pay minimum wage and overtime compensation,**
**29 U.S.C. §206, 207, 216, 255(a))**

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

41. UPS SCS is an enterprise engaged in commerce and/or in the production of goods

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

for commerce as defined by 29 U.S.C. Section 203(r) & (s) and related Department of Labor regulations.

42. As employees of UPS SCS, Plaintiffs and FLSA Collective Action Plaintiffs are entitled to the protections of the FLSA, including payment of at least the minimum wage for all hours worked, overtime compensation when due, and accurate recordkeeping of hours worked.

43. UPS SCS routinely required and/or suffered or permitted Plaintiffs and FLSA Collective Action Plaintiffs to work for UPS SCS, paying only a limited sum for use of drivers' vehicles, and without paying them the minimum wage for all hours worked, and without paying them any overtime premium compensation for the many weeks when Plaintiffs and FLSA Collective Action Plaintiffs worked more than 40 hours per week. Plaintiffs and FLSA Collective Action Plaintiffs regularly worked far in excess of 8 hours per day, for six and often seven days per week.

44. In failing to pay Plaintiffs and FLSA Collective Action Plaintiffs the minimum wage for all hours worked in weeks when said Plaintiffs worked 40 hours per week or less, UPS SCS willfully violated 29 U.S.C. Section 206.

45. In failing to pay Plaintiffs and FLSA Collective Action Plaintiffs overtime compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, and straight time wages for all hours worked up to 40 hours per week in such weeks, UPS SCS willfully violated 29 U.S.C. Section 207.

46. WHEREFORE, Plaintiffs, and FLSA Collective Action Plaintiffs are entitled to all wages due and owing for hours worked, including:

A. Minimum wages for all hours worked in weeks when said Plaintiffs worked no more than 40 hours or less;

B. Straight-time wages calculated according to law, for all hours worked up to

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

40 hours per week in those weeks when said Plaintiffs worked more than 40 hours;

C. Overtime premium compensation at time-and-one-half Plaintiffs' straight time regular rate of pay for all hours worked in excess of 40 hours per week commencing three years prior to the filing of said Plaintiffs' Consents To Become Party Plaintiffs, pursuant to 29 U.S.C. Sections 216(b) & 255(a),

D. In addition, said Plaintiffs are entitled to an additional equal amount as liquidated damages and to attorneys fees pursuant to 29 U.S.C. Section 216(b).

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wages and Overtime Wages; Calif. Lab. Code §§ 510, 1194 and IWC Wage Order 9-2001)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

47. As employees of UPS SCS, Plaintiffs and the Plaintiff Class are entitled to the protections of California law, including but not limited to payment of the minimum wage for all hours worked, and overtime compensation when due.

48. In failing to pay Plaintiffs and the Plaintiff Class the minimum wage for all hours worked in days when they worked less than 8 hours per day, and/or in weeks when they worked 40 hours or less per week, UPS SCS willfully violated IWC Wage Oder 9-2001, as amended, § 4.

49. In failing to pay Plaintiffs and the Plaintiff Class overtime compensation at one-and-one-half times their regular rate of pay for all hours worked in excess of 8 hours per day and/or 40 hours per week, or double-time for hours worked in excess of 12 hours per day or after 8 hours on the seventh consecutive day, UPS SCS willfully violated IWC Wage Oder 9-2001, as

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

amended, § 3(A) and California Labor Code Sections 510.

50. WHEREFORE, Plaintiffs and the Plaintiff Class are entitled to all wages due and owing for hours worked, including:

A. Minimum wages for all hours worked in weeks when said Plaintiffs worked no more than 40 hours or less, except those days in such weeks when said Plaintiffs worked more than 8 hours, and an equal additional amount as liquidated damages, pursuant to Labor Code § 1194 and 1194.2;

B. Straight-time wages calculated according to law, for all hours worked up to 40 hours per week in those weeks when Plaintiffs worked more than 40 hours, and for all hours worked in days in which Plaintiffs worked more than 8 hours, pursuant to Labor Code Section 1194;

C. Overtime premium compensation at time-and-one-half Plaintiffs' straight time regular rate of pay for all hours worked in excess of 40 hours per week and for all hours worked in excess of 8 hours per day, pursuant to Labor Code Section 1194, commencing three years prior to the filing of this action, pursuant to California Code of Civil Procedure Section 338(a), plus interest thereon and attorneys fees and costs.

//

//

**THIRD CLAIM FOR RELIEF**
**(Failure to Reimburse Expenditures, Calif. Labor Code §2802)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

51. While acting on the direct instruction of UPS SCS and/or discharging their duties for UPS SCS, Plaintiffs and Plaintiff Class members incurred work-related expenses including

but not limited to fuel, maintenance, operating costs and depreciation of vehicles; insurance, communications and other equipment and uniforms. Plaintiffs and Plaintiff Class necessarily incurred these substantial expenses as a direct result of performing their job duties for UPS SCS.

52. UPS SCS has failed to indemnify or in any manner reimburse the Plaintiffs or the Plaintiff Class members for these expenditures, and has knowingly inserted illegal contractual provisions as part of an unconscionable and illegal scheme designed to avoid its legal duty to indemnify its employees. By mis-classifying its employees as "independent contractors," and further by contractually requiring those employees to pay expenses which they incurred in direct consequence of the discharge of their duties for UPS SCS and/or in obedience to the direction of UPS SCS, UPS SCS has violated California Labor Code Section 2802.

53. As a direct and proximate result of UPS SCS's conduct, Plaintiffs and Plaintiff Class members have suffered substantial losses according to proof.

54. WHEREFORE, Plaintiffs and the Plaintiff Class are entitled to reimbursement of all costs necessarily incurred in discharge of their duties for UPS SCS, in an amount to be ascertained at the trial of the matter according to proof, as well as interest thereon, costs and attorney fees for the prosecution of this action.

**FOURTH CLAIM FOR RELIEF**
**(Reporting Time Pay, Calif. IWC Wage Order 9-2001, § 5.)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

55. California Industrial Welfare Commission Wage Order 9-2001, § 5 requires that when an employee is required to report to report to work, but is not put to work, he or she shall be paid for half the usual or scheduled day's work, but in no event for less than 2 hours, nor more than 4 hours, at the employee's regular rate of pay.

56. Plaintiffs and members of the Plaintiff Class were frequently required to report to

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

UPS SCS facilities to await dispatch to pickup and/or delivery service, without being dispatched. UPS SCS paid Plaintiffs and the Plaintiff Class no compensation whatsoever for this reporting time, which was time spent for UPS SCS's benefit, and which deprived Plaintiffs of the opportunity to pursue other matters.

57. WHEREFORE, Plaintiffs and the Plaintiff Class are entitled to two to four hours of Reporting Time Pay for every day they reported to work and were not allowed to work, in an amount according to proof, to interest thereon, and to attorneys fees and costs for pursuing this claim.

## FIFTH CLAIM FOR RELIEF
## (Waiting time penalties, Calif. Labor Code §§ 201, 202 & 203)

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

58. California Labor Code Section 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

59. California Labor Code Section 202 requires an employer within 72 hours to pay all compensation due and owing to an employee who quits, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

60. California Labor Code Section 203 provides that if an employer willfully fails to pay all compensation due and owing promptly upon termination, as required by Sections 201 and 202, then the employer is liable for waiting time penalty pay in the form of continued compensation of up to 30 work days.

61. UPS SCS has discharged all Plaintiffs and all members of the Plaintiff Class have either quit or been terminated by UPS SCS. But UPS SCS has willfully failed and refused to timely pay all compensation and wages due to Plaintiffs and the Plaintiff Class.

62. WHEREAS, Plaintiffs and the Plaintiff Class are entitled to waiting time penalties of 30 days additional pay, together with interest thereon, and attorneys fees and costs, pursuant to Calif. Labor Code Section 203.

**SIXTH CLAIM FOR RELIEF**
**(Unfair Business Practices in Violation of California Business and Professions Code §§17200 et. seq.)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

63. The California Unfair Competition Law ("UCL") Cal. Bus. & Prof. Code § 17200 *et. seq.* prohibits business and/or individuals from engaging in business practices which are unlawful or unfair.

64. By all of the foregoing alleged conduct, including failing to pay minimum wage and overtime wages, by failing to indemnify plaintiffs and class members for work-related expenses, by failing and refusing to provide plaintiffs and class members with workers compensation insurance and unemployment insurance benefits, by intentionally, reckless and/or negligently misrepresenting to Plaintiffs and Plaintiff Class members the true nature of their employment status, and by engaging in the other acts and conduct alleged above, UPS SCS has committed unlawful and/or unfair business practices within the meaning of Cal. Bus. & Professions Code §17200 *et seq*.

65. As a direct and proximate result of the unfair business practices described above, Plaintiffs, members of the Plaintiff Class and the general public have all suffered significant losses and UPS SCS have been unjustly enriched.

66. Pursuant to Cal. Bus. & Prof. Code §17203, Plaintiffs and members of the Plaintiff Class are entitled to restitution of money acquired by UPS SCS by means of their unfair business practices, in amounts not yet ascertained but to be ascertained at trial; and

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

67. WHEREFORE, plaintiffs and the plaintiff class are entitled under Calif. Bus. & Prof. Code § 17203 to equitable restitutionary relief restoring and/or returning to Plaintiffs all of defendants' unfairly or illegally gotten profits measured by wages unpaid, expenses un-reimbursed, insurance premiums, workers compensation premiums, monies unlawfully withheld from wages, the portion of self-employment tax paid by Plaintiffs which should have been paid by Defendants and any other element of equitable relief for a full restitutionary remedy.

**SEVENTH CLAIM FOR RELIEF**
**(Penalties pursuant to Labor Code Private Attorney General Act Labor Code § 2699 et. seq.)**

Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

68. California Civil Code Section 2699, *et seq.* allows employees aggrieved by Labor Code violations, including those alleged above, to secure penalties for such violations on behalf of themselves and on behalf of other employees, in amounts allowed to be recovered by the Labor and Workforce Development Agency; or if no such penalty is specifically provided, in amounts provided in Section 2699(f);

69. By failing and refusing to classify Plaintiffs and other UPS SCS drivers as "employees," and accordingly failing to pay these employees wages required by law and failing to reimburse their expenses, UPS SCS is liable to Plaintiffs and similarly situated employees for civil penalties pursuant to Labor Code Section 2699 in at least the following amounts: $100 per each unpaid employee per pay period for the initial violation and $250 per each unpaid employee per pay period for all subsequent violations, pursuant to Labor Code Section 1197.1, and/or $50 per each unpaid employee per pay period for the initial violation and $100 per each unpaid employee per pay period for all subsequent violations, pursuant to Labor Code Section 558; and/or $100 per each unpaid employee per pay period for the initial violation and $250 per each unpaid employee per pay period for all subsequent violations, pursuant to Labor Code Section 2699(f).

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

70. Plaintiffs have satisfied all the prerequisites set out in California Labor Code Section 2699.3 required for maintaining a civil suit to recover the afore-mentioned penalties. Plaintiffs, by and through their counsel, provided written notices on July 10, 2008, by certified mail to the California Labor and Workforce Development Agency and to Defendant stating the provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation. Said notices are attached hereto as Exhibit A. Thereafter, in a letter dated July 23, 2008, the California Labor and Workforce Development Agency sent a letter to Plaintiffs' counsel acknowledging receipt of the afore-mentioned notice, stating that "The LWDA has forwarded a copy of your letter, along with any enclosures, to the Department of Industrial Relations, Division of Labor Standards Enforcement, for its review and advice regarding whether or not to investigate the alleged violations." Said letter is attached hereto as Exhibit B.

71. As of September 16, 2008, Plaintiffs have received no further communication from the California Labor and Workforce Development Agency or the Department of Industrial Relations, Division of Labor Standards Enforcement,

72. Accordingly, Plaintiffs amend their Complaint to add this Cause of Action seeking penalties under Labor Code Section 2699, pursuant to Labor Code Section 2699(a)(2)(C), and defendant UPS SCS is liable for civil penalties in amounts to be established at trial, payable as provided in Labor Code Section 2699(i) to Plaintiffs, to all other aggrieved employees and to the Labor and Workforce Development Agency as provided in said subsection, and for an award of attorneys fees and costs incurred in securing these penalties, pursuant to Section 2699(g)(1).

//

## PRAYER FOR RELIEF

Plaintiffs, on their own behalf, on behalf of each similarly situated FLSA Collective Action Plaintiff who files a Consent to be Party Plaintiff (First Claim for Relief), on behalf of the California Rule 23 Plaintiff Class (remaining Claims for Relief), and as Private Attorneys general on behalf of the public, pray for judgment as follows:

1. On Plaintiffs' **First Claim For Relief**, for an order by the Court certifying Plaintiffs' FLSA claims as a collective action under 29 U.S.C. § 216(b), and requiring UPS SCS

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

to identify all members of the FLSA Plaintiff Class and to provide all available locating information for members of the class, and to provide notice to all class members of this lawsuit and their opportunity to file Consents To Become Party Plaintiffs thereto;

2. On Plaintiffs' **First Claim For Relief,** for all unpaid wages due and owing under the FLSA, including: (A) minimum wages for all hours worked in weeks when Plaintiffs worked less or no more than 40 hours; (B) overtime compensation at time-and-one-half Plaintiffs' regular rate of pay for all hours worked in excess of 40 hours per week; (C) straight-time wages for all hours worked up to 40 hours per week in those weeks when Plaintiffs worked more than 40 hours; (D) plus an equal additional amount as liquidated damages, (E) plus attorneys fees and costs;

3. On Plaintiffs' **Second through Seventh Claims For Relief**, for an order certifying these claims as a state-wide class action pursuant to Fed. Rule Civ. Proc. 23, and providing for notice to all class members of this action and their opportunity to opt out of the Class;

4. On Plaintiffs' **Second Claim For Relief**, for all unpaid wages due and owing, including: (A) minimum wages for all hours worked in weeks when Plaintiffs worked no more than 40 hours or less, except those days in such weeks when Plaintiffs worked more than 8 hours, (B) plus an equal additional amount as liquidated damages, (C) overtime premium compensation at time-and-one-half Plaintiffs' straight time regular rate of pay for all hours worked in excess of 40 hours per week and for all hours worked in excess of 8 hours per day; (D) Straight-time wages for all hours worked up to 40 hours per week in those weeks when Plaintiffs worked more than 40 hours, and for all hours worked up to 8 hours per day in those days in which Plaintiffs worked more than 8 hours; (E) plus attorneys fees and costs. In this and following Prayers, "Plaintiff" refers to individual named Plaintiffs and also all members of the Plaintiff Class who do not opt out of the Class;

5. On Plaintiffs' **Third Claim For Relief**, for reimbursement of all work-related expenses associated with Plaintiffs' employment with Defendants, plus interest thereon and attorneys fees;

6. On Plaintiffs' **Fourth Claim For Relief**, for two to four hours of reporting pay at

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

Plaintiffs' regular rate of pay, for all days when Plaintiffs were required to report to work but were not put to work, plus interest thereon and attorneys fees;

7. On Plaintiffs' **Fifth Claim For Relief**, for 30 days pay at Plaintiffs' regular rate of pay, plus interest thereon and attorneys fees;

8. On Plaintiffs' **Sixth Claim For Relief**, for an order restoring and/or returning to Plaintiffs all of defendants' unfairly or unlawfully obtained profits measured by wages unpaid, expenses un-reimbursed, insurance premiums, workers compensation premiums, monies unlawfully withheld from wages, the portion of self-employment tax paid by Plaintiffs which should have been paid by Defendants and any other element of restitution required for a full restitutionary remedy;

9. On Plaintiffs' **Seventh Claim For Relief**, for an award of all applicable civil penalties, including those provided by Labor Code § 2699;

11. On all of Plaintiffs' Claims For Relief, for pre-judgment interest at the maximum lawful amount on all monetary damages and restitution awarded;

12. On all of Plaintiffs' Claims For Relief, for attorneys fees and costs;

13. For such other and further relief as the Court finds just and proper.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury of all claims as to which they are entitled to jury trial.

Dated: October 20, 2008

LEONARD CARDER, LLP

By: /s/
Philip C. Monrad

ATTORNEY FOR PLAINTIFFS

# EXHIBIT A

LEONARD CARDER, LLP

VICTORIA CHIN
LYNN ROSSMAN FARIS
SHAWN GROFF
KATE R. HALLWARD
CHRISTINE S. HWANG
JENNIFER KEATING*
ARTHUR A. KRANTZ
JENNIFER MARSTON**
PHILIP C. MONRAD
ELEANOR I. MORTON
ROBERT REMAR
MARGOT A. ROSENBERG
BETH A. ROSS
MATTHEW D. ROSS
JACOB F. RUKEYSER
PETER W. SALTZMAN
PHIL A. THOMAS

* ADMITTED ALSO IN CANADA
** ADMITTED ALSO IN OREGON AND WASHINGTON

ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612

TELEPHONE: (510) 272-0169
FAX (510) 272-0174
www.leonardcarder.com

NORMAN LEONARD
(1914 - 2006)

OF COUNSEL

WILLIAM H. CARDER
SANFORD N. NATHAN
RICHARD S. ZUCKERMAN

SAN FRANCISCO OFFICE
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TELEPHONE: (415) 771-6400
FAX: (415) 771-7010

July 10, 2008

PLEASE REFER TO OUR FILE NO. 579-1

Victoria Bradshaw, Secretary
Labor and Workforce Development Agency
801 K Street, Suite 2101
Sacramento, CA 95814

By Certified Mail No.7007-3020-0000-1747-1586
Return Receipt Requested

Re: Labor Code violations by UPS Supply Chain Solutions, Inc.
Notice of Claim seeking L.C. § 2699 penalties

Dear Secretary Bradshaw:

Pursuant to the Labor Code Private Attorneys General Act of 2004, Labor Code Section 2699.3, enclosed please find a copy of a Complaint in the matter of Labrie, et al. v. UPS Supply Chain Solutions, Inc., filed July 2, 2008 in U.S. District Court for the Northern District of California, No. C08-03182. In addition to violations of the federal Fair Labor Standards Act, this Complaint sets forth provisions of the California Labor Code (Sections 510, 1194, 2802,) IWC Wage Order 9, and Business & Professions Code (Section 17200, *et seq.*) that UPS Supply Chain Solutions, Inc. ("UPS SCS") has violated, regarding its purported "independent contractors" who performed specialized pick-up and delivery services for UPS SCS, subject to the extensive control of UPS SCS. These drivers are not the familiar UPS brown truck drivers, but rather are drivers operating as purported "independent contractors" for the Supply Chain Solutions business unit of UPS.

The Labor Code violations cited above and described in the enclosed Complaint result from UPS SCS's practice of characterizing its drivers as "independent contractors," despite the extensive control exercised by UPS SCS over these drivers' service for UPS SCS, which control renders them "employees" entitled to the benefits and protection of the Labor Code and Industrial Welfare Commission Wage Orders.

Please consider this letter, the enclosed letter to UPS SCS, and the Complaint enclosed hereto as notice of intent to seek penalties under Labor Code Section 2699, et seq., as required by Section 2699.3.

Very truly yours,

LEONARD CARDER, LLP

By: ______________________
Philip C. Monrad

PCM/ks
Enclosure
cc: General Counsel, UPS SCS

# LEONARD CARDER, LLP

ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CALIFORNIA 94612

TELEPHONE: (510) 272-0169
FAX (510) 272-0174
www.leonardcarder.com

VICTORIA CHIN
LYNN ROSSMAN FARIS
SHAWN GROFF
KATE R. HALLWARD
CHRISTINE S. HWANG
JENNIFER KEATING*
ARTHUR A. KRANTZ
JENNIFER MARSTON**
PHILIP C. MONRAD
ELEANOR I. MORTON
ROBERT REMAR
MARGOT A. ROSENBERG
BETH A. ROSS
MATTHEW D. ROSS
JACOB F. RUKEYSER
PETER W. SALTZMAN
PHIL A. THOMAS

* ADMITTED ALSO IN CANADA
** ADMITTED ALSO IN OREGON AND WASHINGTON

NORMAN LEONARD
(1914 - 2006)

OF COUNSEL

WILLIAM H. CARDER
SANFORD N. NATHAN
RICHARD S. ZUCKERMAN

SAN FRANCISCO OFFICE
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TELEPHONE: (415) 771-6400
FAX: (415) 771-7010

July 10, 2008

579-1

PLEASE REFER TO OUR FILE NO.

General Counsel
UPS Supply Chain Solutions, Inc.
c/o CSC – Lawyers Incorporating Service
2730 Gateway Oaks Drive, Suite 100
Sacramento, CA 95833

By Certified Mail No.7007-3020-0000-1747-1593
Return Receipt Requested

Re: California Labor Code violations by UPS Supply Chain Solutions, Inc.
Notice of claim seeking California Labor Code § 2699 penalties

Dear Sir or Madame,

This is to give notice pursuant to the California Labor Code Private Attorneys General Act of 2004, Labor Code Section 2699.3, that Plaintiffs named in the Complaint enclosed herewith intend to seek penalties against UPS Supply Chain Solutions, Inc. ("UPS SCS"). pursuant to the aforementioned Act, for numerous violations of the California Labor Code committed by UPS SCS against its California drivers. Those violations are described specifically in the enclosed Complaint, including violations of California Labor Code Sections 510, 1194 and 2802,) IWC Wage Order 9, and Business & Professions Code (Section 17200, *et seq.*)

The Labor Code violations cited above and described in the enclosed Complaint resulted from UPS SCS's practice of characterizing its drivers as "independent contractors," despite the degree of control exercised by UPS SCS over these drivers' service for UPS SCS, which control renders them "employees" entitled to the benefits and protection of the California Labor Code and Industrial Welfare Commission Wage Orders.

Please consider this letter, the enclosed Complaint, and the enclosed letter to the Secretary of the California Labor and Workforce Development Agency as the notice required by California Labor Code § 2699.3.

Please note that, in light of this pending litigation you must ensure that all documents in your possession or control (including computer documents, emails and electronically generated or stored documents) which are or may be relevant to Plaintiffs' claims set out in the enclosed Complaint must not be destroyed or otherwise rendered inaccessible.

Very truly yours,

LEONARD CARDER, LLP

By: ______________________
Philip C. Monrad

PCM/ks
Enclosure
cc: Victoria Bradshaw, Labor and Workforce Development Agency

# EXHIBIT B




C A L I F O R N I A

# Labor & Workforce Development Agency

**Governor**
*Arnold Schwarzenegger*

**Secretary**
*Victoria L. Bradshaw*

Agricultural Labor Relations Board

California Unemployment Insurance Appeals Board

California Workforce Investment Board

Department of Industrial Relations

Economic Strategy Panel

Employment Development Department

Employment Training Panel

July 23, 2008

Leonard Carder, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109

RE: Employer: UPS Supply Chain Solutions, Inc.
RE: Employee(s) Paula Labrie, Alfredo Macias, Peter Millman, Tom Chortabtim, Raf Sison
RE: LWDA No: 3739

Dear Representative of the Employee:

The California Labor and Workforce Development Agency (LWDA) is in receipt of your letter postmarked July 10, 2008, regarding alleged Labor Code violation(s).

The LWDA has forwarded a copy of your letter, along with any enclosures, to the Department of Industrial Relations, Division of Labor Standards Enforcement, for its review and advice regarding whether or not to investigate the alleged violations.

If you require additional information, please feel free to contact Amalya Martinez at 916-327-9064.

Sincerely,

Doug Hoffner
Undersecretary

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169 FAX: (510) 272-0174

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in Alameda County. I am over the age of eighteen (18) years and not a party to the within action. My business address is 1330 Broadway, Suite 1450, Oakland, CA 94612. On October 21, 2008, I served the following document(s):

**1. STIPULATION AND [ PROPOSED] ORDER ALLOWING THE FILING OF A SECOND AMENDED COMPLAINT**

I electronically filed the foregoing document(s) with the Clerk of Court using the CM/ECF system which automatically sent notification of such filings to the following:

Robert P. Kristoff — bobkristoff@paulhastings.com, crystalking@paulhastings.com, helendevol@paulhastings.com

Michael M. Pfyl — michaelpfyl@paulhastings.com, alicebrown@paulhastings.com

Zachary P. Hutton — zacharyhutton@paulhastings.com, jeffsmith@paulhastings.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Oakland, California on October 21, 2008.

/s/ Khae Saechao
Khae Saechao