LYNN ROSSMAN FARIS (State Bar No. 096029) lfaris@leonardcarder.com
PHILIP C. MONRAD (State Bar No. 151073) pmonrad@leonardcarder.com
ELEANOR I. MORTON (State Bar No. 220407) emorton@leonardcarder.com
JENNIFER KEATING (State Bar No. 250857) jkeating@leonardcarder.com
LEONARD CARDER, LLP
1330 Broadway, Suite 1450
Oakland, CA  94612
Telephone: (510) 272-0169
Facsimile: (510) 272-0174

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAULA LABRIE, ALFREDO MACIAS, PETER MILLMAN, TOM CHORTABTIM, RAF SISON<br><br>Plaintiffs,<br><br>v.<br><br>UPS SUPPLY CHAIN SOLUTIONS, INC.<br><br>Defendant. | Case No.  3:08-CV-03182-PJH<br><br>**REPLY BRIEF TO PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND NOTICE**<br><br>Date:     March 18, 2009<br>Time:    9:00 a.m. |

**REPLY BRIEF TO PLAINTIFFS'**           Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

**TABLE OF CONTENTS**

I.  INTRODUCTION ................................................................................................. 1

II. ARGUMENT ....................................................................................................... 2

    A.  UPS Does Not Dispute that all UPS Drivers Are Subject to a Common Policy ..... 2

    B.  UPS' Claim that an Analysis of Employment Status Requires an Individualized Inquiry Finds No Support in the Law or the Facts of this Case ....... 6

    C.  UPS Improperly Asks the Court to Conduct a Second-Stage Factual Inquiry and Even to Adjudicate the Merits of the Plaintiffs' Claims that They are Employees ................................................................................... 9

    D.  Even UPS' Cherry-Picked Evidence Shows the Company's Uniform Treatment of all Drivers ...................................................................................... 11

        1.  The standard form contract all drivers sign ................................................ 11

        2.  UPS' "nationwide policy" for dispatcher - driver interactions .................. 12

        3.  UPS' survey of drivers who have not opted into this case ......................... 13

        4.  Uniform declarations from eleven UPS dispatchers .................................. 13

    E.  Plaintiffs' Evidence Is More Than Sufficient To Meet Their Low Burden ........... 14

III. CONCLUSION .................................................................................................. 15

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL:(510) 272-0169  FAX: (510) 272-0174

# TABLE OF AUTHORITIES

Federal Cases

*Adams v. Inter-Con Sec. Sys.*,
   242 F.R.D. 530 (N.D. Cal. 2007) ................................................................................. 1, 3, 5

*Aguayo v. Oldenkamp Trkg. Co.*,
   No. 04-6279, 2005 WL 2436477, at *4 (E.D. Cal. Oct. 3, 2005) ........................................... 5, 7

*Ansoumana v. Gristede's Optg. Corp.*,
   201 F.R.D. 81  (S.D.N.Y. 2001) ................................................................................. 7

*Baas v. Dollar Tree Stores, Inc.*,
   No. 07-03108, 2007 WL 2462150 *3-4 (N.D. Cal. August 29, 2007) ........................................ 7

*Barnett v. Washington Mut. Bank*,
   No. C 03-00753, 2004 WL 2011462 (N.D. Cal. Sept. 9, 2004) .............................................. 7

*Basco v. Wal-Mart Stores, Inc.*,
   Case No. Civ. A. 00-3185, 2004 WL 14977909, *4 (E.D. La. Jul. 2, 2004) .............................. 11

*Beauperthuy v. 24 Hours Fitness ISA, Inc.*,
   No. 06-715, 2007 WL 707475, at *7 (N.D. Cal. Mar. 6, 2007) ............................................. 5, 9

*Breeden v. Benchmark Lending Gp., Inc.*,
   229 F.R.D. 623 (N.D. Cal. 2005) ................................................................................. 7

*Breedlove v. Tele-trip, Co., Inc.*,
   Case No. 91-C-5701, 1993 WL 284327, *11 (N.D. Ill. Jul. 27, 1993) ..................................... 6

*Desimone v. Allstate Ins. Co.*,
   Case No. 99-02074, 2000 WL 1811385, * 5 (N.D. Cal. Nov. 7, 2000) .................................... 6

*Donihoo v. Dallas Airmotive Inc.*,
   Case No. 97-VC-0109, 1998 WL 91256 (N.D. Tex. Feb. 20, 1998) ......................................... 8

*Edwards v. City of Long Beach*,
   467 F. Supp.2d 986 (C.D. Cal. 2006) ........................................................................... 7

*Gerlach v. Wells Fargo & Co*,
   No. C 05-0585, 2006 WL 824652, at *3 (N.D. Cal. Mar. 28, 2006) ....................................... 1, 5

*Godshall v. Franklin Mint. Co.*,
   Case No. 01-cv-6539, 2004 WL 2745890, *2-3 (E.D. Pa. Dec. 1, 2004) ................................. 7

*Harper v. Lovett's Buffet, Inc.*,
   185 F.R.D. 358 (M.D. Ala. 1999) ................................................................................. 11

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

*Hinojos v. Home Depot, Inc.,*
   No. 06-cv-00108, 2006 WL 3712944, at *2 (D. Nev. Dec. 1, 2006) ................................... 8, 11

*Hipp v. Liberty Nat'l,*
   252 F.3d 1208  (11th Cir. 2001) ......................................................................................... 10

*In re FedEx Ground,*
   2007 WL 3027405 at *20 ............................................................................................ 6, 11, 13

*Kelley v. SBC, Inc.,*
   No. 97-CV-2729, 1998 WL 1794379 (N.D. Cal. Nov. 18, 1998) ............................................. 7

*Lee v. ABC Carpet & Home,*
   236 F.R.D. 193, 198 (S.D.N.Y. 2006) ..................................................................................... 6

*Lemus v. Burnham Painting  & Drywall Corp.,*
   Case No. 06-01158, 2007 WL 1875539, *5 (D. Nev. Jun. 25, 2007) ....................................... 6

*Leuthold v. Destination Am. Inc.,*
   224 F.R.D. 462, 467 (N.D. Cal. 2004) ............................................................................ passim

*Lewis v. ASAP Land Express, Inc.,*
   Case No. 07-2226, 2007 WL 2152049, *1-2 (D. Kan. May 21, 2008) ..................................... 6

*Montoya v. S.C.C.P. Painting Contractors, Inc.,*
   Case No. 07-455, 2008 WL 554114, *2-3 (D. Md. Feb. 26, 2008) ........................................... 6

*Mooney v. Aramco Servs.,*
   54 F.3d 1207 (5th Cir. 1995) ................................................................................................ 10

*Morton v. Valley Farm Transp., Inc.,*
   No. 06-2933, 2007 WL 1113999 (N.D. Cal. April 13, 2007) ................................................... 7

*Otto v. Pocono Health,*
   457 F.Supp.2d 522 (M.D. Pa. 2006) ........................................................................................ 7

*Pfaahler v. Consultant for Architects, Inc.,*
   No. 99 C 7600, 2000 WL 198888, at *1 (N.D. Ill. Feb. 8, 2000) ............................................. 7

*Ramirez v. RDO-BOS Farms, LLC,*
   No. 06-174, 2007 WL 273604 (D. Or. Jan. 23, 2007) ............................................................. 7

*Real v. Driscoll Strawberry Assocs., Inc.,*
   603 F.2d 748 (9th Cir. 1979) ......................................................................................... 2, 6, 11

*Rees v. Souza's Milk Transp., Co.,*
   Case No. CVF0500297 AWI LJO, 2006 WL 738987, *4 (E.D. Cal. Mar. 22, 2006) ............ 5, 7

iii

**REPLY BRIEF TO PLAINTIFFS'**                                    Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

*Romero v. Producers Dairy Foods,*
  235 F.R.D. 474 (E.D. Cal. 2006) .................................................................................................. 7

*Severtson v. Phillips Bev. Co.,*
  141 F.R.D. 276 (D. Minn. 1991) ................................................................................................... 9

*Silverman v. SmithKline Beecham Corp.,*
  No. CV 06-7272, 2007 WL 3072274, *2 (C.D. Cal. Oct. 16, 2007) .......................................... 7

*Smellie v. Mt. Sinai Hosp.,*
  Case No. 03-Civ-0805, 2004 WL 2725124, *4 (S.D.N.Y. 2001) ................................................ 7

*Thiessen v. GE Cap. Corp.,*
  267 F.3d 1095 (10th Cir. 2001) .................................................................................................. 10

*Thorpe v. Abbott Laboratories, Inc.,*
  534 F. Supp. 2d 1120 (N.D. Cal. Feb. 12, 2008) ......................................................................... 7

*Tomlinson v. Indymac Bank, F.S.B.,*
  359 F. Supp. 2d 898 (C.D. Cal. 2005) ......................................................................................... 7

*White v. MPW Indus. Servs.,*
  236 F.R.D. 363 (E.D. Tenn. 2006) ....................................................................................... 10, 15

*Wong v. MSBC Mgtg. Corp.,*
  No. 07-2446, 2008 WL 753889, *3 (N.D. Cal. Mar. 19, 2008) .................................................. 5

*Wren v. RGIS Inv. Specialists,*
  No. 06-5778, 2007 WL 4532218, *6-8 (N.D. Cal. Dec. 19, 2007) ............................................. 5


California State Cases
*Air Couriers International v. Employee Development Department,*
  150 Cal. App. 4th 923 (Cal. App. 2007) ...................................................................................... 9


Federal Statutes
29 U.S.C. §§ 216(b) .......................................................................................................................... 2


Federal Rules
Fed. R. Civ. P. 23 .......................................................................................................................... 6, 8

iv

**REPLY BRIEF TO PLAINTIFFS'**                              Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

## I. INTRODUCTION

Defendant UPS Supply Chain Solutions, Inc.'s ("UPS") opposition to Plaintiffs' motion for conditional class certification in actuality supports Plaintiffs' position. UPS concedes or does not dispute that all UPS drivers (1) are uniformly classified as independent contractors, (2) sign the same form contract drafted by UPS, (3) perform the same job duties of pickup and delivery for UPS, (4) are treated by UPS as interchangeable, with dispatchers assigning work to each driver according to who is next on the list and (5) are paid by UPS regularly and in the same way. These common, undisputed facts are more than is required for notice to issue at this early stage of the litigation before discovery, when the Court decides whether the Plaintiffs have met their slight burden to make "substantial allegations that the putative class members were subject to a single illegal, policy, plan or decision." *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007); *Gerlach v. Wells Fargo & Co*, No. C 05-0585, 2006 WL 824652, at *3 (N.D. Cal. Mar. 28, 2006); *Leuthold v. Destination Am. Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004).

Because it cannot defeat Plaintiffs' motion under this first-stage standard, UPS all but ignores it and, *sub silentio,* jumps to the second-stage and even argues the merits of Plaintiffs' claims, while attempting to distract the Court with factual minutia. Boiled down to its essence, UPS claims that drivers should not receive notice of this action because the form contract and a short list of dispatcher "Do's and Don'ts" drafted by UPS' legal department make all or at least many of the drivers independent contractors. UPS is wrong because the Court cannot reach the merits of the drivers' status or even weigh competing evidence now, before Plaintiffs' discovery has begun. Where, as here, there is no dispute that all drivers are subject to common policies – uniformly misclassified, denied pay for all hours worked and denied overtime pay – which

Plaintiffs allege violate the Fair Labor Standards Act ("FLSA"), the only possible result at this stage is to permit notice to issue advising class members of the action and their right to opt in.[1]

There is good reason to give class members notice as soon as possible. Under the FLSA, the statute of limitations runs on each individual's claim until his or her consent to opt in is filed in court. 29 U.S.C. §§ 216(b), 256. Given the lenient standard that the Court must apply at this first stage and the broad, remedial purposes of the FLSA, motions such as this one "typically result[] in conditional class certification." *E.g., Leuthold,* 224 F.R.D. at 467. This motion should be no exception.

Equally specious is UPS' argument that sham independent contractor classifications cannot be adjudicated in a collective action. The Ninth Circuit has resolved such claims collectively. *Real v. Driscoll Strawberry Assocs., Inc.,* 603 F.2d 748 (9th Cir. 1979). Numerous district courts have followed suit, as discussed below.

## II.   ARGUMENT

### A.   UPS Does Not Dispute that all UPS Drivers Are Subject to a Common Policy.

There is no legitimate dispute that Plaintiffs have made "substantial allegations that the putative class members were subject to a single illegal, policy, plan or decision." *Adams,* 242

---

[1] UPS also impliedly misstates the test that will determine whether UPS drivers are independent contractors or employees. The expansive economic realities test, designed to "effectuate the broad remedial purposes of the [Fair Labor Standards] Act," requires the Court to focus most significantly on "the degree of the alleged employer's *right* to control the manner in which the work is to be performed," *not* whether UPS has exercised its right in every instance over every driver. *Real v. Driscoll Strawberry Assocs., Inc.,* 603 F.2d 748, 754 (9th Cir. 1979) (emphasis added); *see also In re FedEx Ground Emp. Prac. Litig.,* No. 05-MD-527, 2007 WL 3027405, *17, 20 (N.D. Ind. Oct. 15, 2007) (distinguishing between right to control and its exercise and certifying nation-wide Rule 23 class of delivery drivers under right to control test). Thus, even if the evidence ultimately shows that UPS did not exercise its right to control in some instances, such evidence would fail to demonstrate that UPS did not *reserve the right* to do so, nor would it prove that UPS drivers were dissimilarly situated with regard to those reserved rights.

2

**REPLY BRIEF TO PLAINTIFFS'**                                                              Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

F.R.D. at 536; *Leuthold,* 224 F.R.D. at 467.  UPS either concedes or does not dispute that <u>all</u> <u>drivers</u>:

- Are classified by UPS as "independent contractors."  UPS' Answer to 2d Am. Complaint ¶¶ 3, 8, 37 (Dkt. 52).

- Are required to "sign the same or similar contracts," which are pre-printed by UPS and non-negotiable.  UPS Opposition Brief ("Opp.") at 4 (Dkt. 66); Seguerra Dec. ¶14 (Dkt. 69).

- Are not paid overtime compensation.  Seguerra Dec., Exhs. 1 and 2 (Dkt. 69 at 12-13 and 21-22).

- Are not paid any compensation for time spent waiting for assignments.  *Id.*

- Are not paid any compensation for return travel time.  *Id.*

If UPS drivers are employees, as Plaintiffs allege in their Second Amended Complaint, then UPS' failure to pay each of them as described above is unlawful under the FLSA.

Also undisputed are the facts that all UPS drivers perform the same job duties according to the same rules and procedures and are paid in the same way.  They all:

- Pick up and deliver packages for UPS.  Seguerra Dec. ¶12 (Dkt. 69).

- Receive their assignments by calling the dispatcher and getting on the list of available drivers.  *Id.*

- Are dispatched for each delivery by UPS dispatchers in rotational order based on a driver list.  *Id.*

- Receive specific instructions from UPS about each assignment, including at least the location, deadline, and any special instructions for certain types of deliveries.  Morton Dec. Exh. 2 ¶ 12 (Dkt. 61); Jay Dec. Exh. A-1 at 28 (Dkt. 71-3).

- Must be near the UPS warehouse in order to get an assignment.[2]

---

[2] Bower Dec. ¶7 (Dkt. 70); Gardner Dec. ¶7 (Dkt. 72); Gonzales Dec. ¶7 (Dkt. 73); Griffin Dec.¶7 (Dkt. 74); Mapp Dec. ¶7 (Dkt. 75); Mattarese Dec. ¶7 (Dkt. 76); Naik Dec. ¶7 (Dkt. 77); Silva Dec. ¶7 (Dkt. 78); B. Thompson Dec. ¶7 (Dkt. 79); S. Thompson Dec. ¶7 (Dkt. 80); Williams Dec. ¶ 7 (Dkt. 81); Supp. Morton Dec. Exh. 5-1 through 5-6 ¶2.

3

**REPLY BRIEF TO PLAINTIFFS'**  Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

- Are moved to the bottom of the dispatch list if they refuse an assignment, resulting in lost work opportunities and reduced pay.[3]

- Must provide certain information to the UPS dispatcher immediately after completing each pickup or delivery. Morton Dec. Exh. 2 ¶14 (Dkt. 61).

- Are prohibited from contacting customers themselves or from charging customers directly for their services and have no say in the rates customers pay. *Id.* ¶¶14, 17.

- Must contact the dispatcher and wait for instructions if anything goes wrong with a delivery, such as if the driver is running late in making a delivery, cannot find the person to whom the part is to be delivered or the driver misses the scheduled flight a package was to go out on. *Id.* ¶14.

- Must use UPS' pre-printed forms and submit paperwork to UPS regularly. *Id.* ¶¶15-16.

- Must use their own vehicles and cell phones and pay for their own gas, insurance, maintenance and repairs. *Id.* ¶21.

- Are paid weekly or bi-weekly by UPS according to a standard formula. *Id.* ¶¶19-20; Seguerra Dec. ¶ 11, Exhs. 1 and 2 (Dkt. 69 at 12-13 and 21-22).

- Are, according to UPS, subject to what UPS calls "a nationwide policy," consisting of a list of "Dos and Don'ts" for dispatchers in dealing with drivers. Opp. at 1 (Dkt. 66); Seguerra Dec. Exh. 3 (Dkt. 69).

UPS also does not dispute that its dispatch and payroll are centralized regionally and nationally, and that drivers who have worked for UPS in multiple states report being subject to the same basic rules and following the same procedures in every state.[4]

---

[3] Bower Dec. ¶10 (Dkt. 70); Gardner Dec. ¶10 (Dkt. 72); Gonzales Dec. ¶10 (Dkt. 73); Griffin Dec.¶10 (Dkt. 74); Mapp Dec. ¶10 (Dkt. 75); Mattarese Dec. ¶10 (Dkt. 76); Naik Dec. ¶9 (Dkt. 77); Silva Dec. ¶10 (Dkt. 78); B. Thompson Dec. ¶10 (Dkt. 79); S. Thompson Dec. ¶10 (Dkt. 80); Williams Dec. ¶ 10 (Dkt. 81); Morton Dec. Exh. 2 ¶14 (Dkt. 61); Supp. Morton Dec. Exh. 5-1 through 5-6 ¶¶3-4. As shown in supplemental declarations filed herewith, being moved to the bottom of the dispatch list is a severe punishment, resulting in substantial lost work opportunities and pay. *Id.*

[4] Morton Dec. Exh. 2-6 ¶¶3, 5(worked as a driver for UPS in TX, OK and LA), Exh. 2-9 ¶¶3, 5 (CA and NV); Exh. 2-11 ¶¶3, 5 (TX, LA and OK), Exh. 2-14 ¶¶3, 5 (KY, IN and OK), Exh. 2-16 ¶¶3, 5 (KY, IN, OH, OK, and TX), Exh. 2-17 ¶¶3, 5 (KY, IN and OH), Exh. 2-22 ¶¶3, 5 (PA and

4

**REPLY BRIEF TO PLAINTIFFS'**  Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL.(510) 272-0169  FAX: (510) 272-0174

Even one or two of these facts standing alone would be sufficient to order that notice issue here. Together, they compel that result. *See Gerlach*, 2006 WL 824652, at *3 (Judge Wilken authorizing nation-wide notice to bank managers because all "share[d] a job description, were uniformly classified [as exempt from overtime]… and perform[ed] similar job duties"); *Wong v. MSBC Mgtg. Corp.,* No. 07-2446, 2008 WL 753889, *3 (N.D. Cal. Mar. 19, 2008) (Judge Chesney authorizing nation-wide notice to loan officers based on allegations and 13 affidavits showing that they routinely worked overtime, performed similar duties and were considered exempt by defendant); *Wren v. RGIS Inv. Specialists,* No. 06-5778, 2007 WL 4532218, *6-8 (N.D. Cal. Dec. 19, 2007) (Mag. Judge Spero authorizing notice issue to auditors because plaintiffs alleged and provided declarations showing company policy of denying compensation for time spent donning, waiting and traveling); *Beauperthuy v. 24 Hours Fitness USA, Inc.,* No. 06-715, 2007 WL 707475, at *7 (N.D. Cal. Mar. 6, 2007) (Judge Conti authorizing nation-wide notice to gym managers because defendant uniformly classified them as exempt from overtime and they performed similar job duties); *Adams,* 242 F.R.D. at 536-37 (Judge Patel authorizing notice to security guards at 500 facilities because plaintiffs alleged and offered affidavits of company policy to deny overtime pay); *Leuthold,* 224 F.R.D. at 468 (Judge Walker authorizing notice to tour directors because plaintiffs alleged and offered affidavits of company policy to deny overtime pay); *Rees v. Souza's Milk Transp., Co.,* Case No. CVF0500297 AWI LJO, 2006 WL 738987, *4 (E.D. Cal. Mar. 22, 2006) (Mag. Judge O'Neill authorizing notice to truck drivers because all performed similar work and were denied overtime); *Aguayo v. Oldenkamp Trkg. Co.*, No. 04-6279, 2005 WL 2436477, at *4 (E.D. Cal. Oct. 3, 2005) (same).

---

VA), Exh. 2-24 ¶3, 5 (KY, IL, IN, OH, MO and TN), Exh. 2-25 ¶¶3,5 (KY, IN, OH and TN), Exh. 2-26 ¶¶ 3, 5 (TX, PA, MD and NJ), Exh. 2-27 ¶¶3, 5 (MN, IA and WI), Exh. 2-28 ¶3, 5 (CA and NV); Exh. 2-29 ¶¶3, 5 (VA, NC and MD) (Dkt. 61).

5

**REPLY BRIEF TO PLAINTIFFS'**  
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

Case No. 3:08-CV-03182-PJH

B.  **UPS' Claim that an Analysis of Employment Status Requires an Individualized Inquiry Finds No Support in the Law or the Facts of this Case.**

UPS' specious claim that the independent contractor vs. employee determination requires individualized inquiry is belied by UPS' own uniform classification of every driver as an independent contractor.  If individualized inquiry were required, then UPS would have had to analyze its workforce driver by driver to determine which classification was appropriate.  Since UPS assigned a classification to all drivers wholesale regardless of their individual circumstances, Plaintiffs now merely ask that notice issue to all those drivers whom UPS saw fit to uniformly classify in this fashion.

No law supports UPS' argument either.  The propriety of independent contractor classification is routinely litigated on a class-wide basis, not only under the lenient FLSA § 216(b) standard for collective actions, but under the more exacting requirements for common proof under Fed. R. Civ. P. 23.  *Real,* 603 F.2d at 754-56 (adjudicating collectively FLSA claims of strawberry growers allegedly misclassified as independent contractors); *Lewis v. ASAP Land Express, Inc.,* Case No. 07-2226, 2007 WL 2152049, *1-2 (D. Kan. May 21, 2008) (authorizing FLSA notice to drivers allegedly misclassified as independent contractors); *Montoya v. S.C.C.P. Painting Contractors, Inc.,* Case No. 07-455, 2008 WL 554114, *2-3 (D. Md. Feb. 26, 2008) (same for class of painters); *Lemus v. Burnham Painting & Drywall Corp.,* Case No. 06-01158, 2007 WL 1875539, *5 (D. Nev. Jun. 25, 2007) (same); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198 (S.D.N.Y. 2006) (independent contractor classification "sufficiently alleged a common policy or plan" for notice); *Desimone v. Allstate Ins. Co.,* Case No. 99-02074, 2000 WL 1811385, * 5 (N.D. Cal. Nov. 7, 2000) (Judge Wilken determining employment status of Rule 23 class of insurance agents); *In re FedEx Ground,* 2007 WL 3027405, at *20 (certifying Rule 23 nationwide class of delivery drivers challenging independent contractor misclassification); *Breedlove v. Tele-trip, Co., Inc.,* Case No. 91-C-5701, 1993 WL 284327, *11 (N.D. Ill. Jul. 27, 1993); *Smellie v.*

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL.(510) 272-0169  FAX: (510) 272-0174

*Mt. Sinai Hosp.,* Case No. 03-Civ-0805, 2004 WL 2725124, *4 (S.D.N.Y. 2001); *Ansoumana v. Gristede's Optg. Corp.,* 201 F.R.D. 81, 89 (S.D.N.Y. 2001); *Godshall v. Franklin Mint. Co.,* Case No. 01-cv-6539, 2004 WL 2745890, *2-3 (E.D. Pa. Dec. 1, 2004).[5]

The few authorities cited by UPS also do not show that this case requires any individualized inquiry sufficient to prevent the other UPS drivers from being notified of their rights. *See* Opp. at 13. In *Pfaahler v. Consultant for Architects, Inc.,* No. 99 C 7600, 2000 WL 198888, at *1 (N.D. Ill. Feb. 8, 2000), one plaintiff architect sued a referral company responsible for placing design professionals in the offices of various corporate clients. He claimed that he was not an independent contractor of the client in whose office he worked, but rather an employee of the defendant referral company and asked the court to issue notice to all other design professionals whom the defendant had referred to other clients. *Id.* He provided no evidence

---

[5] UPS wrongly claims that "numerous courts" have held that courts cannot certify an opt-in and opt-out class in the same case because opt-in and opt-out procedures are "irreconcilable," citing only two cases – *Otto v. Pocono Health*, 457 F.Supp.2d 522 (M.D. Pa. 2006) and *Edwards v. City of Long Beach*, 467 F. Supp.2d 986 (C.D. Cal. 2006). UPS ignores the wealth of contrary precedent rejecting the argument. In *Baas v. Dollar Tree Stores, Inc*., No. 07-03108, 2007 WL 2462150 *3-4 (N.D. Cal. August 29, 2007), Judge White explicitly found the "reasoning of *Otto* unpersuasive" and cited seven cases in California district courts where FLSA and state-law class claims under Rule 23 were certified. In *Thorpe v. Abbott Laboratories, Inc.,* 534 F. Supp. 2d 1120, 1124-25 (N.D. Cal. Feb. 12, 2008), Judge Whyte expressly agreed with the *Baas* decision that the *Otto* reasoning was flawed and also rejected *Edwards*, finding that an opt-out class under Rule 23 is not "fundamentally incompatible with the FLSA opt-in class." *Accord Breeden v. Benchmark Lending Gp., Inc*., 229 F.R.D. 623 (N.D. Cal. 2005) (Judge Conti conditionally certifying FLSA claim and Rule 23 class); *Morton v. Valley Farm Transp., Inc.,* No. 06-2933, 2007 WL 1113999 (N.D. Cal. April 13, 2007) (Judge Illston certifying both FLSA collective action and Rule 23 California wage claim class); *Kelley v. SBC, Inc*., No. 97-CV-2729, 1998 WL 1794379 (N.D. Cal. Nov. 18, 1998) (Judge Wilken finding that FLSA does not bar a Rule 23 opt-out certification); *Barnett v. Washington Mut. Bank*, No. C 03-00753, 2004 WL 2011462 (N.D. Cal. Sept. 9, 2004) (Judge Breyer finding that FLSA does not preempt or prevent state law claims); *see also Silverman v. SmithKline Beecham Corp.*, No. CV 06-7272, 2007 WL 3072274, *2 (C.D. Cal. Oct. 16, 2007) (rejecting inherently incompatible argument); *Tomlinson v. Indymac Bank, F.S.B*., 359 F. Supp. 2d 898, 900-01 (C.D. Cal. 2005); *Romero v. Producers Dairy Foods*, 235 F.R.D. 474 (E.D. Cal. 2006) (certifying FLSA and California wage claims); *Rees*, 2006 WL 738987 (same); *Aguagyo*, 2005 WL 2436477 (same)*; Ramirez v. RDO-BOS Farms, LLC*, No. 06-174, 2007 WL 273604 (D. Or. Jan. 23, 2007). Outside the Ninth Circuit, far too many courts to cite have followed the same course.

7

**REPLY BRIEF TO PLAINTIFFS'**  
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

Case No. 3:08-CV-03182-PJH

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

from any member of the proposed class other than himself and all members spent their days working for different clients in different settings. *Id.* at 2-3. Not surprisingly, the court found that he had not met his burden because he had offered no evidence from other class members and the case presented individualized issues as to each member's relationship with both the defendant and the client in whose office he or she worked. *Id.* at 3. By contrast, Plaintiffs have offered evidence from 25 other drivers with experience driving for UPS in 20 states who all work for the same company, performing the same basic job duties of package pickup and delivery, as assigned daily by UPS dispatchers according to nationwide practices and policies.

Also inapposite is *Hinojos v. Home Depot, Inc.,* No. 06-cv-00108, 2006 WL 3712944, at *2 (D. Nev. Dec. 1, 2006), cited by UPS and challenging off the clock work. In the face of a written policy prohibiting off-the-clock work, plaintiffs in that case offered no evidence of a common policy requiring employees to work off the clock. The parties had conducted significant factual and expert discovery to develop "a sufficient evidentiary record" for the court to skip first-stage review, as defendant had produced its policies and 180,000 pages of documents. *Id*; Plaintiffs' Supplemental Request for Judicial Notice filed herewith, Exh. E (identifying evidence before *Hinojos* court, including defendant's responses to six document requests). Here, there is no dispute that by company policy, UPS uniformly classifies its drivers an independent contractors and does not pay them overtime, nor pay them for waiting time or return travel, all drivers sign the same adhesive contract and are subject to numerous other company-wide policies and practices, as shown, and Plaintiffs have not yet conducted any discovery at all.

*Donihoo v. Dallas Airmotive Inc.,* Case No. 97-VC-0109, 1998 WL 91256 (N.D. Tex. Feb. 20, 1998), cited by UPS, actually supports issuing notice here. While the *Donihoo* court refused to issue notice to "every salaried employee," regardless of job title or job duties, the court authorized notice to all salaried employees sharing plaintiff's job title. *Id.* at 1-2. Plaintiffs here

8

**REPLY BRIEF TO PLAINTIFFS'** Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

only ask for notice to people who share Plaintiffs' job title, duties and classification as "independent contractors."[6]

### C. UPS Improperly Asks the Court to Conduct a Second-Stage Factual Inquiry and Even to Adjudicate the Merits of the Plaintiffs' Claims that They are Employees.

UPS argues that Plaintiffs' motion should be denied because UPS' evidence, when compared with the Plaintiffs' deposition testimony, shows different treatment, meaning that, according to UPS, the Court would have to "examine the treatment of each individual courier" to determine employment versus independent contractor status. Opp. at 15-18. UPS's argument focuses on the minutia, disregards the overwhelming similarities between the Plaintiffs and all drivers and, most importantly, ignores the relevant first-stage standard.

The Court's task before discovery is started, much less complete, is merely to determine whether Plaintiffs have "a colorable basis for their claim that [they] are similarly situated" to other drivers, not to conclusively determine that they are similarly situated in fact. *Severtson v. Phillips Bev. Co.,* 141 F.R.D. 276, 178-79 (D. Minn. 1991); *accord Beauperthuy,* 2007 WL 707475, at *5. As the authorities cited in Plaintiffs' opening brief make clear, the Court cannot now weigh evidence or resolve factual disputes, as UPS urges, before Plaintiffs have had chance to conduct discovery or test the evidence UPS has decided to volunteer. *E.g., Leuthold,* 224 F.R.D. at 467 (resolution of factual disputes occurs at second stage); *see also* Plaintiffs' Opening Brief ("Opening Brf.") at 16 (Dkt. 60). Even if UPS' evidence gave rise to a factual dispute as to

---

[6] UPS also does not and cannot dispute that the State of California has adjudicated these same drivers' employment status collectively, and found all of them to be employees in *Air Couriers International v. Employee Development Department,* 150 Cal. App. 4th 923 (Cal. App. 2007), an action brought against UPS' predecessor company and litigated by UPS' counsel. Instead, UPS argues the merits of issue preclusion, asserting that *Air Couriers* does not apply because UPS has "changed" its organizational structure since that case was decided. Opp. at 22. But the merits are not before the Court now. In any event, whether *Air Couriers* does or does not apply because of asserted changes at the corporate level is a common issue which should be resolved collectively for all drivers together.

9

**REPLY BRIEF TO PLAINTIFFS'**
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

Case No. 3:08-CV-03182-PJH

whether drivers were subject to a common policy – which it does not – the Court would have to resolve the dispute in Plaintiffs' favor and authorize notice anyway. *See Thiessen v. GE Cap. Corp.,* 267 F.3d 1095, 1105 (10th Cir. 2001); *Hipp v. Liberty Nat'l,* 252 F.3d 1208, 1216-17 (11th Cir. 2001); *Mooney v. Aramco Servs.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995). UPS' evidence fails to show that Plaintiffs' motion should be denied and the Court need not even consider it.

Likewise irrelevant are UPS' surgical excerpts of Plaintiffs' deposition testimony which focus on Plaintiffs' individual interactions with individual dispatchers (while ignoring the mass of testimony showing the Plaintiffs' substantial sameness). Opp. at 16-17. This minutia is not probative of whether all drivers were subject to a common policy, particularly given that there is no dispute that UPS alone controlled the entire dispatch system for all drivers, which shows that UPS reserved the right to control their assignments, hours of work and pay.

Ultimately, if discovery reveals significant differences that would make collective litigation of UPS' drivers' employment status infeasible, the Court can decertify the class on defendant's motion, calendared for January 20, 2010, after discovery. As the court explained in a case cited by UPS, a defendant "[can]not overcome Plaintiff's showing [at the notice stage] by arguing that individual issues may dominate; rather, if after notice to the putative plaintiffs it appears that individual issues do in fact dominate, the Defendant may move to decertify the class." *White v. MPW Indus. Servs.,* 236 F.R.D. 363, 373 (E.D. Tenn. 2006) (cited at Opp. at 19); *see also Leuthold,* 224 F.R.D. at 468 (refusing to conduct fact-intensive review before notice because "[t]he number and types of plaintiffs who choose to opt into the class may affect the court's second stage inquiry"). The question before this Court now is *not* whether joint trial of all

10

**REPLY BRIEF TO PLAINTIFFS'**                                          Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

UPS drivers' claims is appropriate. The only question now is whether all drivers should be notified of their right to opt in. Manifestly, the answer is "yes."[7]

### D. Even UPS' Cherry-Picked Evidence Shows the Company's Uniform Treatment of all Drivers.

Even though the Court need not review UPS' ostensibly controverting evidence at all at this time, it too shows that all drivers are subject to the same policies, thereby making notice to all UPS drivers proper.

#### 1. The standard form contract all drivers sign.

Although UPS' standard, form contract for drivers labels them as "independent contractors" and contains legalistic platitudes about drivers' alleged rights of control, it is well-settled that the labels used by the parties are not dispositive of whether one is an employee or an independent contractor under the FLSA's broad, remedial test of employment status. *Real,* 603 F.2d at 754. The legal relationship is a merits question that is not relevant now. The undisputed fact that UPS requires all drivers to sign the same contract is sufficient by itself to show that notice should issue to other UPS drivers. *See In re FedEx Ground*, 2007 WL 3027405, at *20

---

[7] None of the cases cited by UPS support the proposition that the Court should try to resolve factual disputes here where no plaintiff discovery has occurred. *See* Opp. at 17. In *Hinojos v. Home Depot, Inc.,* 2006 WL 3712944, at *2, the court found that there was "a sufficient evidentiary record to determine whether th[e] action [could] be managed on a collective basis" and thus skipped to the second stage evaluation of the factual evidence. *See* Supp. Request for Judicial Notice filed herewith, Exh. E (describing discovery conducted, including six set of document requests). Similarly, in *Basco v. Wal-Mart Stores, Inc.,* Case No. Civ. A. 00-3185, 2004 WL 14977909, *4 (E.D. La. Jul. 2, 2004), "application of the second criteria [was] called for" because the case had been ready for trial and a Rule 23 class certification motion had already been denied before the court heard the motion for notice. In *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 363-64 (M.D. Ala. 1999), all of the plaintiffs' evidence described only one of the defendant's many locations and no one from any other location had even opted into the class. Here, by contrast, Plaintiffs have submitted evidence from drivers who have worked out of multiple warehouses in 20 states and undisputed evidence of SCS' nationwide uniform operations and 146 drivers from across the country have opted in so far.

(certifying nationwide class under Rule 23 where all signed same contract containing challenged independent contractor language).

### 2. UPS' "nationwide policy" for dispatcher - driver interactions.

UPS also points to a three-page "UPS-SCS Communications Template" drafted by UPS' legal department in March 2005, titled "Do's and Don'ts When Interacting/Dispatching Independent-Contractor Couriers," which, according to UPS, establishes a "nationwide policy" making drivers independent contractors. *See* Seguerra Dec. Exh. 3 (Dkt. 69); Opp. at 1. Even if the document is a "nationwide policy" – a claim that Plaintiffs are entitled to test in discovery – the claim only proves Plaintiffs' point that all drivers are subject to the same rules and, therefore, should receive notice of the litigation.[8]

Moreover, by offering only a three-page document drafted by UPS' legal department, UPS presents a distorted view of what the documentary record in this case will eventually contain. Notably, UPS has failed to put before the Court its complete set of policies and procedures governing interactions with drivers, including UPS' Transportation Service Provider Manager standards and procedures, recently relied upon by the California Economic Development Department ("EDD") in finding that Luis Gallina, a UPS driver and opt-in plaintiff, was an employee of UPS. Supp. Morton Dec. Exh. 4 (7/10/08 Report of EDD Field Auditor). Also missing are dispatcher training materials, memoranda and policies. Because Plaintiffs' discovery has not begun, none of this documentary evidence is before the Court.

---

[8] But even as to the question of employment status, the "Do's and Don'ts" list says nothing about whether there are consequences for noncompliance and UPS offers no evidence that compliance by dispatchers was enforced or even monitored. Sequerra Dec. Exh. 3 (Dkt. 69). None of the eleven dispatchers who submitted declarations even testified to receiving a copy of the document or following its rules. Dkt. 70, 72-81.

12

**REPLY BRIEF TO PLAINTIFFS'**  Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

### 3. UPS' survey of drivers who have not opted into this case.

UPS relies on a survey conducted of a skewed sample of drivers who have not opted into this litigation who were asked for targeted information about their work. While the survey should be excluded for the reasons in Plaintiffs' motion filed herewith, even if the Court were to review the results, they too demonstrate the similarity of all UPS drivers. For example, the overwhelming majority of drivers surveyed said they:

- Received the same types of instructions from dispatchers with each delivery assigned (94-98%) (Jay Dec. Exh. A-1 at 28-29 (Dkt. 71-3));

- Worked for SCS five or more days a week (73%) (*id.* at 38);

- Did not negotiate a higher rate for some deliveries (86%) (*id.* at 44);

- Never used someone else to make deliveries for them (92%) (*id.* at 49), and

- Worked exclusively for SCS (86%) (*id.* at 55).

### 4. Uniform declarations from eleven UPS dispatchers.

UPS also relies on form declarations from eleven of its 200 dispatchers. Dkt. 70, 72-81. This evidence too shows UPS' uniform treatment of its drivers. From one dispatcher to the next, they all describe drivers performing the same job duties of pickup and delivery according to the same system of daily assignment in rotation and dispatch, and the declarations do so in almost identical language. *Id.* Whether the declarations accurately describe the parties' relationship, whether key information is left out, and whether UPS' right to control the drivers is consistent with independent contractor status are all questions for another day. For purposes of this motion, the dispatcher declarations too show uniform operations and, at a minimum, the propriety of giving other UPS drivers' notice of this action and their right to opt in.

13

**REPLY BRIEF TO PLAINTIFFS'**  Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

### E.  **Plaintiffs' Evidence Is More Than Sufficient To Meet Their Low Burden.**

UPS chides Plaintiffs for candidly admitting in their depositions that they have limited or no personal knowledge of UPS' operations <u>outside</u> of California, nor about all of the details of other drivers' work for the company.[9]  This is not required.  UPS virtually ignores the declarations of 25 other drivers who have worked for UPS in 20 states testifying that they performed substantially the same job duties subject to substantially the same controls as the Plaintiffs.  Morton Dec. Exh. 2-6 to 2-30 (Dkt. 61).  Thirteen of these drivers worked for UPS in more than one state and testified that they performed substantially the same work subject to the same controls in every place.[10]  UPS ignores undisputed evidence of its centralized regional and national rotational dispatch system and payroll, which reflect the uniformity of UPS' operations nationwide.  *See* Opening Brf. at 11-12 (Dkt. 60).  UPS also ignores the 146 other current and former drivers across the country who have manifested their belief they are subject to the same policies as the Plaintiffs by affirmatively opting into this action, even before receiving court-ordered notice.  *See* Dkt. 5-7, 9-13, 15-17, 22-23, 25, 28, 36, 38, 41, 46-47, 51, 53-55, 58, 64-65, 82 (consents to opt-in).

UPS attacks the drivers' declarations claiming that the declarants have no personal knowledge to support their statements that they performed substantially the same work as their co-workers according to the same basic procedures.  But the declarants all testify that they observed other drivers in the course of their work and routinely talked to other drivers about their work, demonstrating their knowledge.  Morton Dec. Exh. 2 ¶5 (Dkt. 61).  The very case which UPS calls "particularly instructive" on this issue – *White v. MPW Industrial Services, Inc.* –

---

[9] Plaintiffs merely conceded the unremarkable fact that they had no personal knowledge about work performed by UPS drivers in other parts of the country whom they had never met. Kristoff Dec. Exh. A at 139:12-17, 139:12-17; Exh. B at 141:23-142:20; Exh. C at 174:19-23, 174:24-175:11; Exh. D at 131:9-133:5; Exh. E at 185:5-187:17 (Dkt. 68).

[10] *See* Footnote 4 *supra*.

14

**REPLY BRIEF TO PLAINTIFFS'**  Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**

illustrates the sufficiency of Plaintiffs' showing. *See* Opp. at 19 (citing 236 F.R.D. 363). In *White,* the court expressly held that hearsay was admissible, that personal knowledge could be inferred, and relied on this evidence to conditionally certify a company-wide class of maintenance workers despite having testimony from individuals at only two of the company's multiple facilities. *Id.* at 368-69, 375 ("affidavits submitted in support of a motion for conditional certification … need not meet the standard set forth in Rule 56(e)"); *see also* Opening Brf. at 16 (citing cases from this District reaching same conclusion).[11]

### III.   CONCLUSION

For the reasons shown herein and in Plaintiffs' opening brief, Plaintiffs' motion for conditional certification and notice should be granted.[12]

Dated:  January 28, 2009                                Respectfully Submitted,
                                                        LEONARD CARDER, LLP


                                                        By ____/s/ Eleanor Morton_____
                                                              ELEANOR MORTON

---

[11] UPS addresses the merits by arguing that its uniform rules and procedures described in Plaintiffs' testimony and declarations "are not an indication that Plaintiffs qualify as employees" because the rules are "reasonable commercial requirements." Opp. at 20. True or not, employee status is not before the Court at this time.

[12] UPS challenges Plaintiffs' proposed notice, but fails to show that it is inconsistent with other notices approved by the Courts in this District. Opp. at 22-23. The Court should approve Plaintiffs' notice as it stands. However, Plaintiffs also remain willing to meet and confer with UPS about the form of notice if the Court finds that a class should be conditionally certified.

15

**REPLY BRIEF TO PLAINTIFFS'**                                            Case No. 3:08-CV-03182-PJH
**MOTION FOR CONDITIONAL CLASS CERTIFICATION**