1   LYNN ROSSMAN FARIS (State Bar No. 096029) lfaris@leonardcarder.com
    ELEANOR I. MORTON (State Bar No. 220407) emorton@leonardcarder.com
2   JENNIFER KEATING (State Bar No. 250857) jkeating@leonardcarder.com
    LEONARD CARDER, LLP
3   1330 Broadway, Suite 1450
    Oakland, CA 94612
4   Telephone: (510) 272-0169
    Facsimile: (510) 272-0174

5

6   Attorneys for Plaintiffs

7   ROBERT P. KRISTOFF (State Bar No. 090874) bobkristoff@paulhastings.com
    ZACHARY P. HUTTON (State Bar No. 234737) zacharyhutton@paulhastings.com
8   BENJAMIN STRAWN (State Bar No. 261057) benjaminstrawn@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
9   55 Second Street, Suite 2400
    San Francisco, CA 94105
10  Telephone: (415) 856-7000
    Facsimile: (415) 856-7100
11

12  Attorneys for Defendant

13

14              UNITED STATES DISTRICT COURT

15        IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17  PAULA LABRIE, ALFREDO MACIAS,          )   Case No.  4:08-CV-03182-PJH
    PETER MILLMAN, TOM CHORTABTIM,         )
18  RAF SISON,                             )   **NOTICE OF JOINT MOTION AND**
                                           )   **MOTION FOR ORDER (1)**
19                                         )   **GRANTING PRELIMINARY**
                                           )   **APPROVAL TO PROPOSED CLASS**
20          Plaintiffs,                    )   **AND COLLECTIVE ACTION**
                                           )   **SETTLEMENT; (2) CERTIFYING**
21      v.                                 )   **CLASSES PROVISIONALLY; (3)**
                                           )   **APPROVING AND DIRECTING**
22  UPS SUPPLY CHAIN SOLUTIONS, INC.       )   **DISSEMINATION OF CLASS**
                                           )   **NOTICES AND FORMS; AND (4)**
23                                         )   **SETTING SCHEDULE FOR FINAL**
            Defendant.                     )   **APPROVAL PROCESS;**
24                                         )   **MEMORANDUM OF POINTS &**
                                           )   **AUTHORITIES IN SUPPORT**
25                                         )   **THEREOF**
                                           )
26                                         )       Date:  December 2, 2009
                                           )       Time:  9:00 a.m.
27                                         )       Courtroom:  3
                                           )
28  _____    )

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

## TABLE OF CONTENTS

Page No.

NOTICE OF MOTION AND MOTION ......................................................... 1

MEMORANDUM OF POINTS & AUTHORITIES ....................................... 1

I.      INTRODUCTION.... ........................................................................ 1

II.     SUMMARY OF THE LITIGATION & MEDIATION EFFORTS .................. 3

III.    SETTLEMENT TERMS....................................................................... 5

IV.     LEGAL ANALYSIS.......................................................................... 8

        A.  The Proposed Settlement Falls Well Within The "Range of Possible Approval" ......... 9

            1.   The Settlement Provides All Class Members Substantial Monetary
                 Recovery In Light Of Highly Contested Liability ....................................... 9

            2.   The Proposed Settlement Was the Product of Non-Collusive
                 Negotiations, Based In Large Part On a Mediator's Proposal,
                 With informed, Experienced Class Counsel Knowledgeable
                 Of The Risks & Potential Recovery In the Case......................................... 11

        B.  The Proposed Settlement Has No "Obvious Deficiencies" And.............................. 12

            1.   Proportionate Sharing In the Settlement Funds and Reasonable
                 Class Representative Awards Demonstrate the Fairness of the
                 Settlement........................................................................................... 12

            2.   Requested Attorneys Fees and Costs Sought Are Reasonable................... 13

        C.  Provisional Class Certification and Collective Action Certification
            Is Appropriate.......................................................................................... 15

        D.  Proposed Notices, Claim Form & WorkWeek Verification Form Are
            Fair & Adequate........................................................................................ 16

        E.  Proposed Schedule For Final Approval Should Be Approved............................... 18

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL. (510) 272-0169  FAX. (510) 272-0174

# TABLE OF AUTHORITIES

**Page No.**

<u>Federal Cases</u>

*Eisen v. Carlisle & Jacquelin,*
   417 U.S. 156 (1974)..........................................................................................17

*Ferland v. Conrad Credit Corp.,*
   244 F.3d 1145 (9th Cir 2001)...........................................................................13

*Hanlon v. Chrysler Corp.,*
   150 F.3d 1011 (9th Cir. 1998)......................................................................9, 16

*In re General Motors Corp.,*
   55 F.3d 768 (3d Cir. 1995)...............................................................................8

*In re Holocaust Victim Assets Litigation,*
   105 F.Sup.2d 139 (E.D.N.Y. 2000) ...................................................................9

*In re Prudential Sec. Inc. Ltd Partnerships Litigation,*
   163 F.R.D. 200, 209 (S.D. N.Y. 1995).............................................................8

*In re Tableware Antitrust Litigation,*
   484 F.Supp.2d 1078 (N.D. Cal. 2007) ...........................................................8, 9

*Ingram v. Coca-Cola Co.,*
   200 F.R.D. 685 (N.D. Ga. 2001).....................................................................13

*Morales v. City of San Rafael,*
   96 F.3d 359 (9th Cir. 1996)............................................................................13

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,*
   221 F.R.D. 523 (C.D. Cal. 2004) .....................................................................8

*Officers for Justice v. Civil Service Commission,*
   688 F.2d 615 (9th Cir. 1982)............................................................................8

*Phillips Petroleum Co. v. Shutts,*
   472 U.W. 797 (1986)......................................................................................17

*Rosenburg v. Int'l Business Machines Corp.,*
   2007 WL 128232, at *5 (N.D. Cal. Jan. 11, 2007) .............................................9

*Six Mexican Workers v. Arizona citrus Growers,*
   904 F.2d 1301 (9th Cir. 1990).........................................................................14

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL. (510) 272-0169   FAX. (510) 272-0174

*Tierno v. Rite Aid Corp,*
      2006 WL 2535056, at *5 (N.D. Cal. Aug. 31, 2006) ................................................. 16

*Util. Reform Project v. Bonneville Power Authority,*
      869 F.2d 437 (9th Cir. 1989) ........................................................................... 8

*Van Vranken v. Atlantic Richfield Co.,*
      901 F.Supp. 294 (N.D. Cal. 1995) ..................................................................... 13

*Vizcaino v. Microsoft Corp.,*
      290 F.3d 1043 (9th Cir. 2002) ......................................................................... 14

State Cases

*Estrada v. FedEx Ground Package System, Inc.,*
      154 Cal. App 4th 1 (2007) ............................................................................. 13

Federal Statutes

29 U.S.C. §216(b) ......................................................................................... 2, 13

State Statutes

California Business & Professions Code §17200 ......................................................... 3, 4, 5, 9
California Code of Civil Procedure §1021.5. ................................................................. 13
California Labor Code §1194 ........................................................................... passim
California Labor Code §201 .................................................................................. 3
California Labor Code §2699 .......................................................................... 3, 7, 16
California Labor Code §2802 ............................................................................. 3, 9

Federal Rules

FRCP Rule 23 ............................................................................................... 2
FRCP Rule 23(e)(2) .......................................................................................... 9
FRCP Rule 23(h) ........................................................................................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on December 2, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 of the United States District Court for the Northern District of California, Oakland Division, located on 1301 Clay Street, Suite 400S, Oakland, California 94612, the parties will jointly move this Court for an order (1) granting preliminary approval to the proposed Class and Collective Action Settlement; (2) certifying both Rule 23 and collective action settlement classes provisionally; (3) approving and directing dissemination of class notices and forms to all class members by approved Settlement Administrator; and (4) setting a schedule for final approval process.

This motion is based on the Memorandum of Points & Authorities contained herein and the Declaration of Lynn Rossman Faris In Support of the Joint Motion.  Defendant UPS SCS joins in this Motion.

## MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF THE PARTIES JOINT MOTION FOR ORDER (1) GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT; (2) PROVISIONALLY CERTIFYING CLASSES; (3) APPROVING AND DIRECTING DISSEMINATION OF CLASS NOTICES AND FORMS BY APPROVED SETTLEMENT ADMINISTRATOR; AND (4) SETTING SCHEDULE FOR FINAL APPROVAL PROCESS

## I.   INTRODUCTION

Plaintiffs Paula LaBrie, Alfredo Macias, Peter Millman, Tom Chortabtim, Raf Sison (Plaintiffs) and Defendant UPS Supply Chain Solutions, Inc. (UPS SCS) have reached a proposed settlement of $12.8 million, of which a minimum of $10.635 million or 83% of the total will comprise two settlement funds for proportionate distribution to participating members of the two classes the parties seek to provisionally certify for settlement purposes.  The remainder of the gross settlement amount under the parties' agreement, if approved by the Court, will provide class representative awards, attorneys' fees and costs, payment to the California Labor & Workforce

1

Development Agency and the approved Settlement Administrator.   The full terms and conditions of the Settlement are contained in the fully executed Settlement Agreement and exhibits A-G incorporated in it that make up Exhibit 1 to the Declaration of Lynn Rossman Faris.

After approximately 16 months of litigation, including substantial document discovery and 35 depositions, two all-day mediations resulting in a Mediator's proposal, and further negotiations aided by the Mediator, the parties to this case have reached a proposed settlement in this class and collective action case.  As explained fully below, the settlement was the result of non-collusive negotiations by experienced class action counsel familiar with the strengths and weaknesses of the case; the settlement has no obvious deficiencies, and falls well within the range of possible final approval, such that preliminary approval is warranted and should be granted.

Provisional certification of the California class under FRCP Rule 23 is proper because this settlement class satisfies the numerosity, typicality, and adequacy requirements of Rule 23(a), and because common issues predominate and class-wide resolution of the claims is superior to other methods.[1]  On March 19, 2009, this court already conditionally certified the Fair Labor Standards Act (FLSA) opt-in class under 29 U.S.C. §216(b) and approved mailing of notice and Consent forms to class members (Doc. No. 096), resulting in 522 opt-ins filed.  (Doc. No. 118)  The parties settled the case on the eve of the filing of Plaintiffs' class certification motion under Rule 23 and Defendant's motion to decertify the FLSA collective action class.

The parties further request that the Court approve the two separate class notices and authorize dissemination of those notices directly by U.S. mail by their jointly-proposed Settlement Administrator.  (Exhibits A and C to the Settlement Agreement)  The parties submit that this will effectuate the best practicable notice under the circumstances and will allow all the

---

[1] Defendant stipulates to certification of this settlement class only.  If the settlement is not approved, as provides by the Settlement Agreement, Defendant reserves the right to oppose Plaintiffs' any motion for class certification without any prejudice and as if this motion had never been made.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1  class members a full and fair opportunity to evaluate and comment or object to the settlement if

2  they so choose.

3      Finally, the parties ask the Court to set a schedule for final approval, including a fairness

4  hearing.[2]

5

6  ## II. SUMMARY OF THE LITIGATION & MEDIATION EFFORTS

7      On July 2, 2008, after months of investigation, research and meetings with class members,

8  Plaintiff delivery drivers filed their Complaint alleging, inter alia, that Defendant UPS SCS

9  misclassified them as independent contractors and violated the minimum wage and overtime

10  provisions of the FLSA, the overtime provisions of California Labor Code §1194 et seq., the

11  expense reimbursement provisions of California Labor Code §2802, the report pay provisions of

12  Industrial Welfare Commission Order 9-2001, §5, the waiting time provisions of California Labor

13  Code §201 et seq., and the Unfair Business Practices Act, California Business & Professions

14  Code §17200.  (Doc. No. 1)[3]  (Dec. of Faris, ¶ 3) Defendant denied having misclassified the

15

16  Plaintiffs and those delivery drivers they sought to represent and denied having violated the

17  FLSA or any provision of the California Labor Code or Business & Professions Code or IWC

18  Order and moreover, asserted that the case could not properly be maintained as a class action.

19  Defendant asserted numerous affirmative defenses and denied having any liability whatsoever.

20  (Doc. No. 52)

21

22      Thereafter, Plaintiffs twice amended their Complaint but continued to assert the same

23  material factual and legal claims and Defendant continued to deny all such claims.  On March 19,

24

25  [2] Because the claims of both the California class and the FLSA Class are both governed by the same Settlement Agreement, to avoid any appearance of preference for one class over the other, counsel for the parties have proposed to give all class members the opportunity to "comment" on the settlement as a whole and the motion for class representative awards, and attorney fees can costs.

26

27  [3] Defendant filed a motion to dismiss Plaintiffs' fraud claim, which was granted by the Court on October 3, 2008. (Doc. No. 35) Plaintiffs amended their complaint to delete the fraud claim and to add a claim under the California Private Attorney Generals Act (PAGA), California Labor Code §2699, after the expiration of the notice period to the California Attorney General.

28

3

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

1   2009, Plaintiffs' Motion for Conditional Certification of the FLSA class was granted, notice given

2   to approximately 2400 people, resulting in the filing of 522 Consents. (Doc. No. 118, containing

3   full list of opt-ins)

4         Thereafter, Plaintiffs and Defendant engaged in substantial discovery and engaged experts

5   to address the issues in the case. Defendant deposed 11 class members, including all named

6   Plaintiffs and six additional class members. Plaintiff deposed 24 UPS SCS executives, managers,

7   supervisors and dispatchers, including several 30(b)(6) depositions and including the highest level

8   UPS SCS executive in Distribution and Logistics and several of his direct reports.[4] (Faris Dec,

9   ¶4.) Plaintiffs requested and obtained approximately 30,000 documents comprising 160,000

10  pages, as well as propounding Interrogatories and Requests for Admissions. (*Id.*) Plaintiffs

11  moved to compel production of additional documents shortly before the mediation which led to

12  settlement; discovery was continuing and additional depositions were scheduled to occur. Both

13  sides had engaged experts to address issues in this case: Defendant retained Dr. Deborah Jay of

14  the Field Poll organization to conduct a nationwide survey of its delivery drivers for use in

15  opposing class certification and Dr. Jay issued two reports during the case; Plaintiffs engaged a

16  rebuttal expert, Stanford professor Dr. John Krosnick, to address the propriety of the defense

17  survey and to conduct a rebuttal survey of their own and Dr. Krosnick had issued one report and

18  was actively working on another at the time of the settlement. Both parties had done substantial

19  preparation on class certification and decertification motions which were set to be filed on

20  November 2, just as the parties resolved this matter. Thus, both parties vigorously litigated the

21  case in preparation for dispositive motions and trial. (*Id.*)

22        In June, 2009, the parties first engaged the services of JAMS Mediator, Hon. Ronald

23  Sabraw (Ret.) and conducted a full-day mediation on July 9, 2009. Although both parties made

---

[4] The depositions took place in cities throughout the country, including multiple trips to Los Angeles, Dallas and
Atlanta, and travel to Washington, DC, New York, St. Louis, Louisville, Greenville, Chicago and Seattle.

4

several offers and counter-offers, they were far apart. (Faris Dec., ¶5) On October 21, 2009, the parties met with Judge Sabraw again, this time from 10 a.m. until 11:30 p.m. The parties had substantially narrowed the gap between them, but there was still no agreement. (Faris Dec. ¶6) On October 23, 2009, over both parties' objections, Judge Sabraw provided the parties a written Mediator's Proposal which ultimately formed the foundation for the settlement. On October 26, 2009, the parties engaged in several hours of further negotiations with Judge Sabraw, finally arriving at an agreement at about 8 p.m. that night. A revised Mediator's Proposal was drafted and signed by all Plaintiffs and UPS SCS. The parties subsequently met for a full day to discuss the details of the settlement and drafted the Settlement Agreement. (*Id.*)

## III. SETTLEMENT TERMS

The terms of the settlement are set out in full in Exhibit 1 to the Declaration of Lynn Rossman Faris and, in sum, are as follows:

1)   UPS SCS is to pay $12.8 million into a gross settlement fund, inclusive of all costs and expenses of finalizing the settlement with no reversion to the Defendant;

2)   After deduction for various expenses and attorneys fees and costs, the net settlement fund of at least $10,635,000 will be divided, with two-thirds of the net amount to comprise the California Net Settlement Fund and one-third of the net amount to comprise the FLSA Net Settlement Fund. This allocation is based on the estimated value of the California class claims (expense reimbursement, overtime, waiting time, etc.) as compared with the FLSA class claims (overtime only).

3)   Each member of the California class of approximately 280 delivery drivers who returns a simple claim form to the Settlement Administrator will receive a proportionate share of the fund, depending on the number of days each class member was dispatched to provide service to UPS SCS during the class period of July 2, 2004 through October 31, 2009, with a minimum

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

payment of $500. (Each of the 140 California class members who signed a Consent to Become a Party Plaintiff will be deemed to have already submitted a claim form.) The days dispatched is the proper measure for proportionate distribution because overtime and expense reimbursement (Plaintiffs' largest claims) would best reflect the relative value of the claims among class members and the fact that overtime under the California law is computed on a daily basis. The days dispatched will be determined initially by UPS SCS delivery data, but each class member will be given the opportunity to contest the company records and provide alternative evidence. The parties estimate that if all class members participate and none opts out, the average recovery will be approximately $25,000 per class member. If class members do not file claim forms for at least 75% of the Net Settlement Fund, the remainder of the settlement fund up to 25% will be distributed through a Cy Pres Fund to five non-profit recipients providing either employment law services to needy persons (see Exhibit 2 regarding the Impact Fund, National Employment Law Project and California Rural Legal Assistance Program) or employment training or children's services (Boys & Girls Club of America and the Community Vocation Enterprise) ; at least 75% of the Net California Settlement Fund will be distributed to participating California class members.

4)      Each member of the FLSA class of approximately 380 (those left after all California opt-ins are removed from the pool of 522 and those whose service pre-dates the statute of limitations) will receive a proportionate share of the fund, depending on the number of workweeks in which each class member was dispatched to provide service to UPS SCS on four out of the seven workdays that week during the class period of July 2, 2005 through October 31, 2009, with a minimum payment of $500. The qualification of 4 workdays per week is most appropriate to reflect the proportionate share of each FLSA class member's share based on the FLSA's requirement of forty hours before overtime is required to be paid. The workweeks in

6

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

which class members were dispatched at least four days will be determined initially by UPS SCS delivery data, but each class member will be given the opportunity to contest the company records and provide alternative evidence. The parties estimate that the average recovery for each FLSA class member will be approximately $9500.

5)    Plaintiffs will file a motion asking this court to award class representative awards of $20,000 for each named plaintiff for their work on this case; litigation costs of up to $325,000 and attorney fees of up to $1.7 million payable to Leonard Carder LLP; $20,000 to the California Labor & Workforce Development Agency pursuant to Labor Code §2699 for potential claims; and a maximum of $20,000 for the Settlement Administrator agreed upon by the parties.  If these amounts are awarded, class representative awards will comprise ¾ of 1% of the settlement; litigation costs will comprise 2.5% of the settlement; attorney fees will comprise 13.3% of the settlement; and payments to the California LWDA and the Settlement Administrator will be nominal.   The total of all of these amounts ($2,165,000) represents slightly less than 17% of the settlement. Defendant UPS SCS does not oppose any of these payments.

6)    Releases contained in the Settlement Agreement differ slightly for the named Plaintiffs (full release of all claims), California class members (full release of all federal and California wage and hour claims) and FLSA class members (release of all minimum wage and overtime claims under federal, state or local laws to the extent permitted by law).  The relevant release will be set out in full in the Notice to be sent to each class member.

7)    Notice of these terms shall be given to all members of both classes.  California class members who have not previously opted-in to this case will be given the opportunity to opt out if they wish, after full notice; all California class members will be given an opportunity to object; FLSA class members will be given the opportunity to comment on the settlement if they wish.

7

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL. (510) 272-0169  FAX. (510) 272-0174

8)    The Settlement Administrator the parties ask the Court to approve is CPT Group, Inc., 16630 Aston, Irvine, CA 92606, a full service class action administration firm that has estimated its fees to be less than the $20,000 the parties have agreed to set aside for that purpose.

## IV. LEGAL ANALYSIS

Rule 23(e) (2) states, in pertinent part, "If the proposal [for settlement] would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable and adequate." Class action settlement approval is a "two-step process in which the Court first determines whether the settlement deserves preliminary approval and then, after notice is given to the class members, whether final approval is warranted." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 525 (C.D. Cal. 2004); *and see* Manual for Complex Litigation, Fourth, §21.632, at 422-23 (2006). Preliminary approval simply "establishes an initial presumption of fairness to be tested upon notice given." *In re Tableware Antitrust Litigation,* 484 F.Supp.2d 1078, 1079 (N.D. Cal. 2007)(quoting *In re General Motors Corp.,* 55 F.3d 768, 784 (3d Cir. 1995)). Final approval is not considered until after a fairness hearing at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented and class members given an opportunity to be heard.

Settlement is the strongly favored method for resolving disputes. *Util. Reform Project v. Bonneville Power Authority,* 869 F.2d 437, 443 (9th Cir. 1989). This is especially true in complex class actions like this one. *Officers for Justice v. Civil Service Commission,* 688 F.2d 615, 625 (9th Cir. 1982). Courts should, therefore, exercise their discretion to approve settlements in "recognition of the policy encouraging settlement of disputed claims." *In re Prudential Sec. Inc. Ltd Partnerships Litigation,* 163 F.R.D. 200, 209 (S.D. N.Y. 1995).

Preliminary approval of a settlement and notice to the proposed class is appropriate "[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious defects, does not improperly grant preferential treatment to

class representatives or segments of the class, and falls within the range of possible approval. . .."

*In re Tableware Antitrust Litigation*, 484 F.Supp.2d at 1079 (quoting Manual of Complex Litigation, Second, §30.44 (1985); *accord, Rosenburg v. Int'l Business Machines Corp.*, 2007 WL 128232, at *5 (N.D. Cal. Jan. 11, 2007)(granting preliminary approval and ordering notice in case involving FLSA and state law wage and hour claims where proposed settlement "has no obvious defects and is within the ranges of possible Settlement approval"); *In re Holocaust Victim Assets Litigation,* 105 F.Sup.2d 139 (E.D.N.Y. 2000); *Newburg,* Class Actions, §11.25.

## A. **The Proposed Settlement Falls Well Within The "Range of Possible Approval."**

Although final approval may only be granted, after notice, and upon a determination that the settlement is fair, reasonable and adequate (FRCP Rule 23(e)(2)), at this preliminary review stage, the Court need only determine that the proposed settlement is "within the range of possible approval." *In re Tableware Antitrust Litigation, supra,* 484 F.Supp. 2d at 1079; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998).   The proposed settlement falls well within this range, given the risks, expenses, complexity and likely lengthy duration of continued litigation.

### 1. **The Settlement Provides All Class Members Substantial Monetary Recovery In Light Of Highly Contested Liability**

The proposed settlement provides each of the potential 660 class members with a proportionate share of a very substantial net settlement fund in excess of $10.6 million. (Faris Dec., ¶8)  The allocation of settlement funds between the two classes reflects the greater extent of the California claims, most significantly the expense-reimbursement claim under California Labor Code §2802, the longer statute of limitations (4 years under Bus. & Prof. Code §17200 as compared with two years under FLSA unless willfulness is found, then three years) and the greater overtime coverage of California Labor Code §1194 which mandates daily overtime for

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

9

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

hours in excess of 8 per day, as compared with the FLSA which mandates weekly overtime for hours in excess of 40 per week. (*Id.*)

Of particular relevance to the reasonableness of the proposed settlement is the fact that UPS SCS has and continues to contest several underlying key facts and legal issues, including 1) whether the delivery drivers are lawfully classified independent contractors; 2) whether the delivery drivers' extensive time spent waiting for dispatches at or near UPS SCS' warehouses is compensable or not under federal or state law; and 3) whether a class can be properly certified. (Faris Dec, ¶ 9)  Discovery by both sides has demonstrated significant conflicts in the testimony, making the probability of dispositive motions resolving this matter more remote and the likelihood of a lengthy trial and appeal greater. (*Id.*)  Moreover, although UPS SCS has stipulated to class certification for the sole purpose of settlement, UPS SCS maintains that the California claims are not appropriate for class treatment and has previously notified the court of its intention to move for decertification of the FLSA class. (Court's Civil Minutes, October 30, 2008 (Doc. 50) ; Answer to Second Amended Complaint, p. 14 (Twenty-eighth to Thirty-fourth Defense))  In addressing the issue of class certification under Rule 23 of the California class and possible decertification of the FLSA class, UPS SCS has indicated its intent to rely on expert survey testimony which is the subject of Plaintiffs' rebuttal experts report and additional survey materials to be produced.  (*Id.*)  It is very likely that litigation over class certification and decertification will be complex and time-consuming at a minimum.

In light of these potential obstacles, and given the cost and delay that would result from having to fully litigate all aspects of these issues, the substantial benefits to the classes are evident. (Faris Dec. ¶10) With average recoveries of $25,000 (California) and $9500 (FLSA), and shares based on the actual work performed by each class member during the relevant

1    statutory period, a fair distribution of the vast majority of the settlement proceeds will go to those

2    who worked the longest for UPS SCS and therefore had the greatest potential claims.

3    Moreover, the releases contained in the Settlement Agreement that area applicable to

4    California class members and FLSA class members are appropriately narrow and tailored to those

5    claims asserted by those class members and exclude any legally non-waivable claims. (Faris Dec.

6    ¶11) Only the named Plaintiffs have been asked to generally release all claims against the

7    company and have indicated their willingness to do so.  (*Id*.)

8

9         **2.  The Proposed Settlement Was the Product of Non-Collusive Negotiations,**
           **Based In Large Part On a Mediator's Proposal, With Informed,**
10         **Experienced Class Counsel Knowledgeable Of The Risks & Potential**
           **Recovery In the Case**
11

12    As explained above, and in more detail in the Declaration of Lynn Rossman Faris, the

13    settlement was the product of long, hard bargaining with significant resistance on both sides and

14    required substantial efforts by a retired jurist with substantial class action experience.  (Faris Dec.,

15    ¶5, 6)  After the first day of failed mediation, Plaintiffs and Defendant began an arduous round of

16    discovery, including the amassing and review of over 30,000 documents and taking of 30

17    depositions.  After that discovery, both sides were far more knowledgeable about the risks in the

18    case and the second round of mediation, including a 13.5 hour day-long mediation and hours of

19    additional negotiations with the Mediator after the Mediator's Proposal, finally produced a

20    settlement.  Judge Sabraw issued a Mediator's Proposal over the objections of both sides and

21    continued to negotiate revisions to the terms of that proposal until a settlement was achieved.  The

22    Plaintiffs were involved in all aspects of the mediation, including several conferences after the

23    second long day of mediation.  Thus, the parties reached agreement on terms neither side was

24    enamored with, but which represented a reasonable and principled resolution, giving each side

25

26    some of what they hoped to achieve through the litigation.  There can be no doubt that this

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL. (510) 272-0169  FAX. (510) 272-0174

11

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

proposed Settlement was the product of hard-fought litigation, and arms' length negotiations and would not likely have been achieved without the persistent involvement of Judge Sabraw. (*Id.*)

Moreover, counsel to both parties have lengthy and substantial experience in class action litigation and negotiation and mediation of large and complex cases. (*see* Dec. of Faris, ¶16)

**B. The Proposed Settlement Has No "Obvious Deficiencies" And Therefore Should Be Preliminarily Approved**

**1. Proportionate Sharing In the Settlement Funds and Reasonable Class Representative Awards Demonstrate the Fairness of the Settlement**

Plaintiffs submit that there are no "obvious deficiencies" in the settlement.  Distribution of the net settlement proceeds is based upon proportionate distribution considering the period each class member provided service to UPS SCS and considering the nature of the claims.  (Faris Dec, ¶10)  For example, the California Class members share based on the number of days each class member was dispatched to perform work for UPS SCS, reflecting the relative entitlement to potential overtime and expense-reimbursement;  all FLSA class members who were dispatched a minimum of 4 days in each workweek will share in the FLSA Net Settlement Fund, as those working fewer than four days in any workweek are unlikely to have worked in excess of 40 hours in that workweek.   Thus, those delivery drivers who provided services for the longest periods and the greatest number of days and weeks will gain the greatest share of the settlement, as is appropriate in employment class actions. (*Id.*)

The proposed class representative awards are also reasonable.  The class representative awards to named plaintiffs of $20,000 each recognize their time and efforts in organizing the class and communicating with class members, submitting huge documentary records for Class counsel review, submitting to extensive preparation for and attendance at their own and others' depositions, participation in Mediation, participation in multiple conference calls with Class Counsel, and accepting the risk of an adverse award with potential claims by UPS SCS for costs

12

and attorney fees.  (Faris Dec., ¶12) Under these circumstances, Courts routinely award such enhancements, which are intended to advance public policy by encouraging individuals to come forward and take action to protect their rights and the rights of similarly situated class members, as well as to compensate class representatives for their time, effort and inconvenience.  *See., e.g., Ingram v. Coca-Cola Co.,* 200 F.R.D. 685, 694 (N.D. Ga. 2001)(approving $300,000 award to each named plaintiff for services in responding to discovery, participating in mediation and incurring risks in stepping forward on behalf of the class); *Van Vranken v. Atlantic Richfield co.,* 901 F.Supp. 294, 300 (N.D. Cal. 1995)(approving $50,000 participation award); *Manual for Complex Litigation, Fourth,* §21.62, fn. 971.  These class representative awards represent a fair incentive award, given the time and effort named Plaintiffs expended on behalf of the class and do not unfairly favor the named Plaintiffs.  Defendant does not oppose these awards.

## 2.   Requested Attorneys Fees and Costs Sought Are Reasonable

Prior to the fairness hearing, Plaintiffs will move the court pursuant to FRCP Rule 23(h) for an award of attorneys' fees and costs not to exceed $1.7 million and $325,000 respectively. Defendant will not oppose that motion.  Reasonable attorney fees and costs are recoverable for prevailing plaintiffs under the fee-shifting provisions of the FLSA, 29 U.S.C. §216(b), and the California overtime and expense reimbursement statutes, California Labor Code §§1194, 218.5 and 2802 as well as under the private attorney general statute, Code of Civil Procedure §1021.5. *See Estrada v. FedEx Ground Package System, Inc.,* 154 Cal. App 4th 1 (2007).   Under fee-shifting statutes, the Court awards fees using the lodestar method.  *Ferland v. Conrad Credit Corp.,* 244 F.3d 1145, 1149 n.4 (9th Cir 2001); *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir. 1996).

The attorney fees sought by Plaintiffs for the work of Class Counsel represent a straight lodestar computation based on approximately 2800 attorney hours at conservative market hourly

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

rates from $375-700 and 1150 paralegal hours at $175 per hour, without enhancement of any kind, and capped at $1.7 million regardless of continuing work by Class Counsel in pursuit of final approval of this settlement. (Faris Dec., ¶¶13,14, 16)   Litigation expenses currently amount to approximately $316,550, including approximately $160,000 in expert fees, $77,000 for deposition (video) transcripts, $39,700 in travel expenses, and $9460 in mediation fees, and the remainder in miscellaneous expenses including postage, delivery, duplication, computer research, service of process, filing fees and the like. (Faris Dec., ¶ 15)  Given that class actions like this one most commonly involve common fund recovery of attorneys' fees in the range of 25% (*see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Six Mexican Workers v. Arizona citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)), Class Counsel's request for a fee amounting to just under 13.3% of the settlement fund, resting entirely on a lodestar analysis, with no multiplier or other enhancement, is reasonable based on the large amount of discovery conducted to date and the hours otherwise dedicated to the case to obtain the settlement. (Faris Dec. ¶14) The expenses likewise are reasonable considering the extensive travel necessitated by the case, the number of depositions taken and the necessary investment in expert fees to rebut the defense expert work. (Faris Dec. ¶15)

As is proper in fee-shifting cases, the requested fees and costs will fairly and reasonably compensate Class Counsel for their successful vindication of class members' rights, taking into account the quality, nature and extent of counsel's efforts and their experience in similar cases, the favorable results achieved and the benefits to the class and the judicial system resulting from Class Counsel's significant efforts to accomplish these results by settlement and the substantial number of additional uncompensated hours that Class Counsel anticipate will be involved in implementation and enforcement of this Settlement Agreement. (Faris Dec.¶14)

## C. Provisional Class Certification and Collective Action Certification Is Appropriate

The parties seek to certify, for settlement purposes, the following two classes:

California Class:  all persons who worked for UPS SCS while classified as independent contractor couriers in California, at any time from July 2, 2004 through October 31, 2009, and who made 25% or more of their deliveries for UPS SCS from July 2, 2004 through October 31, 2009 in California.

FLSA Class: all persons who are not California Class Members who worked for UPS SCS while classified as independent contractor couriers in states other than California at any time from July 2, 2005 through October 31, 2009, and who filed with the Court a Consent To Become A Party Plaintiff, and those who were California Class Members but provided service for UPS SCS in states other than California after March 28, 2008.

For purposes of the proposed Settlement, the parties stipulate that provisional certification of the California class under Rule 23 of the FRCP is appropriate because the requirements of Rule 23 are satisfied here

- **Numerosity**: approximately 280 people are in the California class (Faris Dec. ¶7).

- **Commonality:** at a minimum for this settlement class, the common question of law is whether this settlement if fair, reasonable and adequate in light of the risks and potential recovery under California Labor Code §§1194, 2802, 201-203 and the Industrial Welfare Order 9-2001;  more broadly, common questions include but are not limited to whether the delivery drivers are misclassified as independent contractors and whether they are entitled to overtime compensation and expense reimbursement under the California Labor Code;

- **Typicality**: Named plaintiffs have substantially the same claims as the rest of the California class (*Id.*);

- **Adequacy**: Named plaintiffs can (and have) diligently and adequately represented the class members interests and have no conflicts and they have chosen competent,

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL. (510) 272-0169  FAX. (510) 272-0174

15

experience counsel who are highly qualified to be Class counsel in light of their

experience (Faris Dec. ¶16);

- **Common questions predominate under Rule 23b(3)**: given the certification of

    the class for settlement purposes, the common question of the fairness and

    adequacy of the settlement predominates over any individual issues.

*Hanlon v. Chrysler Corp.*, 150 F.3d at 1019-22; *Tierno v. Rite Aid Corp*, 2006 WL 2535056, at

*5 (N.D. Cal. Aug. 31, 2006).

Given that this Court conditionally certified the FLSA class and authorized notice to it, the

parties request continued provisional certification of the FLSA class for settlement purposes.

(Doc. No. 96)

### D.  Proposed Notices, Claim Form & WorkWeek Verification Form Are Fair & Adequate

The parties Settlement Agreement provides for the best practicable notice to be given by

direct mail to each class member, including the amount of his or her proportionate share of the

settlement proceeds, the amount sought in other payments for class representative awards,

attorneys fees and costs, partial payment to the Labor & Workforce Development Agency for

claimed potential penalties under Labor Code §2699, and payment to the Settlement

Administrator, CPT Goup, Inc., a professional Class Action Settlement Administrator.   Proposed

notices are attached to the Settlement Agreement as Exhibits A and C.

Under the proposed California Class Notice (Exhibit A to the Settlement Agreement),

California class members are notified of their right to opt out of the settlement and/or to object to

it, to correct any asserted error in the number of work days dispatched, and their obligation to

submit a simple Claim Form with their contact information to the Settlement Administrator to

become Participating Class Members and share in the settlement fund.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

16

1    Under the proposed FLSA Class Notice (Exhibit C to the Settlement Agreement), FLSA

2    class members are likewise notified of the terms of the settlement and given an opportunity to

3    correct any asserted error in the number of workweeks they were dispatched for four or more

4    days and to comment on the Settlement if they wish to.

5    Such direct mail notice to all class members of the terms of a potential class action

6    settlement is the best practicable notice and satisfies the requirements of due process. *See*

7    *Phillips Petroleum Co. v. Shutts*, 472 U.W. 797, 811-12 (1986); *Eisen v. Carlisle & Jacquelin*,

8    417 U.S. 156, 174-75 (1974).

9    The parties seek preliminary approval of the notice plan as follows:

10   1)    CPT Group, Inc. will be provided with delivery data for each class member in the

11   California class and the FLSA class from which to develop each class members' estimated

12   settlement share.

13   2)    Assuming preliminary approval is given by the Court, CPT Group, Inc. will

14   provide mailed notice on or before January 15, 2010 to the last-known address of each California

15   class member (as updated by Class Counsel) and each California class member will have thirty

16   days (February 14, 2010) from the mailing date to opt out or provide correction to the number of

17   dispatched days to be used to calculate that individual's settlement share and to provide the

18   simple Claim Form to the Settlement Administrator.

19   3)    In the event that any Notice is returned to CPT Group, Inc., the Settlement

20   Administrator will promptly search for a more current address or other contact information and

21   re-mail the Notice and accompanying forms to any appropriate address found.

22   4)    The Settlement Administrator will report to counsel for the parties each week with

23   regard to the number of opt-outs received, the number of correction forms submitted, any re-

24   mailing of Notices, and the number of Claim Forms received.

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169   FAX: (510) 272-0174

17

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL. (510) 272-0169  FAX. (510) 272-0174

5)      If the Settlement Administrator receives corrections to either the Claim Form for

California Class Members or the Workweek Verification Form for FLSA Class Members, the

Settlement Administrator will confer with the class member, Class Counsel and Counsel for UPS

SCS to evaluate the correction and make a final determination based on the best available data on

or before March 1, 2010.

6)      Once the time for submitting Claim Forms is past, the Settlement Administrator

will determine, based on the percentage of claims submitted, whether some portion of the

Settlement Fund needs to be redistributed to the Participating California Class Members or

whether some portion of the Settlement Funds will be distributed to the named Cy Pres recipients

(See Exhibit 2 on three cy pres recipients) and notify the Court of the results of all information

received from class members on or before March 1, 2010.

7)      If this Court grants final approval of the Settlement, the Settlement Administrator

will pay all amounts approved by the Court and will issue appropriate 1099 tax forms to those

receiving payment from the Gross Settlement Funds in accordance with the Settlement

Agreement.

E.  **Proposed Schedule For Final Approval Should Be Approved**

The parties request that the Court conduct a fairness hearing on March 15, 2010.  If no

objections or comments are provided to the Court or Counsel by February 15, 2010, the parties

will request that the Court expedite the hearing.  Plaintiffs will file their Motion for an Award of

Class Representative Awards and Attorneys Fees and Costs on or before February 15, 2010, in

strict compliance with the terms of the Settlement Agreement and the Court's preliminary

approval order, to permit expedited treatment if possible.  In the event that no objection or

comments are filed, and the Settlement Agreement becomes final, UPS SCS will pay the

18

1    Settlement Amount ten days after the Court's Order granting final approval and entering

2    judgment becomes final.

3

4
     Dated:  November 18, 2009                    Respectfully Submitted,
5                                                 LEONARD CARDER, LLP

6                                                 By    /s/ Lynn Rossman Faris
7                                                       Lynn Rossman Faris
                                                  Attorney to the Plaintiffs & Plaintiff Classes
8

9

10   Dated:  November 18, 2009                    Respectfully Submitted,
11                                                PAUL, HASTINGS, JANOFSKY & WALKER LLP

12
                                                  By   /s/ Robert P. Kristoff
13                                                     Robert P. Kristoff
                                                  Attorney for Defendants
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEONARD CARDER, LLP
ATTORNEYS
1330 BROADWAY, SUITE 1450
OAKLAND, CA 94612
TEL: (510) 272-0169  FAX: (510) 272-0174

Joint Motion For Order Preliminarily Approving Parties' Settlement, Etc.          Case No. 4:08-CV-03182-PJH