# Exhibit 1

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made by and between plaintiffs Paula LaBrie, Alfredo Macias, Peter Millman, Tom Chortabtim, and Raf Sison ("Plaintiffs"), individually and on behalf of the proposed classes, and defendant UPS Supply Chain Solutions, Inc. ("UPS SCS"). Plaintiffs and UPS SCS collectively are referred to in this Agreement as the "Parties."

## I.    DEFINITIONS

In addition to other terms defined in this Agreement, the terms below have the following meaning in this Agreement:

A.    "Action" means the civil action entitled "*Paula LaBrie, Alfredo Macias, Peter Millman, Tom Chortabtim, and Raf Sison v. UPS Supply Chain Solutions, Inc.*" number 4:08-CV-03182-PJH, commenced on July 2, 2008, by Plaintiffs against UPS SCS in the United States District Court, Northern District of California.

B.    "CAFA Notice" means the notice of the Settlement that UPS SCS will give pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1711 *et seq.* ("CAFA"), as evidenced by Exhibit E to this Settlement.

C.    "California Class Member" means all persons who worked for UPS SCS while classified as independent contractor couriers in California, at any time from July 2, 2004 through October 31, 2009, and who made 10% or more of their deliveries for UPS SCS from July 2, 2004 through October 31, 2009 in California.

D.    "California Class Notice" means the Notice of Proposed Settlement of Class Action, Conditional Certification of Settlement Class, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval attached as Exhibit A to this Agreement and incorporated by reference into this Agreement or as amended by the District Court.

E.    "California Class Notice Packet" means the California Class Notice and the Claim Form, both as they appear attached as Exhibits A and B to this Settlement (other than formatting changes to facilitate printing by the Settlement Administrator) and in *verbatim* Spanish-translated versions (except that the statement in the Class Notice, "Note: Para altavoces Españoles, traducciones Españolas de estos documentos también son encerradas," will be replaced with, "Note: For English-speakers, English translations of these documents are also enclosed") or as amended by the District Court.

F.    "Claim Form" means the form that California Class Members who have not previously signed a Consent To Become A Party Plaintiff must sign and return to the Settlement Administrator in order to receive a Settlement Share, attached as Exhibit B to this Agreement and incorporated by reference into this Agreement.

G.     "Claimants" means all FLSA Class Members and those Participating California Class Members who submit timely Claim Forms pursuant to this Settlement.

H.      "Class Counsel" means Lynn Rossman Faris, Eleanor Morton, and Jennifer Keating of Leonard Carder, LLP.

I.      "Class Counsel Fees Payment" and "Class Counsel Litigation Expenses Payment" mean the amounts awarded to Class Counsel by the District Court to compensate them for, respectively, their attorneys' fees and litigation expenses incurred in connection with the Action, including their pre-filing investigation, their filing of the Action and all related litigation activities, this Settlement, and all post-Settlement compliance procedures.

J.      "Class Data" means (1) for each FLSA Class Member, his/her name; last-known mailing address and telephone number; Social Security number; and the number of weeks from July 2, 2005 through October 31, 2009 that s/he was dispatched to make at least one delivery for UPS SCS on four or more days in any workweek, defined as Sunday through Saturday and (2) for each California Class Member, his/her name; last-known mailing address and telephone number; Social Security number; a field indicating whether or not s/he filed a timely consent form to become party plaintiff; and the number of days from July 2, 2004 through October 31, 2009 that s/he was dispatched to make at least one delivery for UPS SCS.

K.     "Class Member" collectively refers to FLSA Class Members and California Class Members.

L.      "Class Representative Payments" means the special payments made to each of the five named Plaintiffs in their capacity as Class Representatives to compensate them for initiating the Action, assisting Class Counsel in all aspects of the litigation, maintaining communications with class members, performing work in support of the Action, and undertaking the risk of liability for attorneys' fees and expenses in the event they were unsuccessful in the prosecution of the Action.

M.     "Consent To Become A Party Plaintiff" is a form filed in the District Court by members of the FLSA Class before or pursuant to the District Court's order of March 19, 2009 granting conditional certification to the FLSA class.

N.      "District Court" means the U.S. District Court for the Northern District of California, Oakland Division.

O.     "Effective Date" means the date by which all of the following have occurred:

   1.     UPS SCS has not voided this Settlement pursuant to section III.E.6.;

   2.     this Agreement is approved by the Judgment; and

LEGAL_US_W # 63187022. 3

2

3.      the Judgment becomes Final.

P.      "Final" means the last of the following dates, as applicable:

1.      The last date on which a notice of appeal from the Judgment may be filed, and none is filed.

2.      If a timely appeal from the Judgment is filed, the last of the following dates:

a.      the last date by which a petition for review by the U.S. Court of Appeals for the Ninth Circuit or the U.S. Supreme Court's decision affirming the Judgment may be filed, and none is filed;

b.      the last date by which a petition for a writ of *certiorari* to the United States Supreme Court of a decision by the U.S. Court of Appeal for the Ninth Circuit affirming the Judgment may be filed, and none is filed;

c.      if a petition for review by the U.S. Court of Appeals for the Ninth Circuit, or a petition for a writ of *certiorari* to the U.S. Supreme Court, seeking review of the Judgment or of the U.S. Court of Appeals for the Ninth Circuit's decision on an appeal from the Judgment is timely filed, the date on which the highest reviewing court renders its decision denying the petition (where the immediately lower court affirmed the Judgment) or affirming the Judgment.

Q.      "Final Approval Hearing" means the hearing to be conducted by the District Court to determine whether to grant final approval to the terms of this Agreement.

R.      "FLSA Class Member" means all persons who are not California Class Members who worked for UPS SCS while classified as independent contractor couriers in states other than California at any time from July 2, 2005 through October 31, 2009, and who filed with the Court a Consent To Become A Party Plaintiff, and those who were California Class Members but provided service for UPS SCS in states other than California after March 28, 2008.

S.      "FLSA Class Notice" means the Notice of Settlement of Collective Action, Preliminary Approval of Settlement, and Hearing Date for Final Court Approval attached as Exhibit C to this Agreement and incorporated by reference into this Agreement, or as amended by the District Court.

T.      "FLSA Class Notice Packet" means the FLSA Class Notice and FLSA Workweek Verification Form, both as they appear as Exhibits C and D to this Settlement (other than formatting changes to facilitate printing by the Settlement

LEGAL_US_W # 63187022. 3

Administrator) and in *verbatim* Spanish-translated versions (except that the statement in the Class Notice, "Note: Para altavoces Españoles, traducciones Españolas de estos documentos también son encerradas," will be replaced with, "Note: For English-speakers, English translations of these documents are also enclosed") or as amended by the District Court.

U.     "FLSA Workweek Verification Form" means the form by which FLSA Class Members may challenge or seek to correct information used to calculate their individual settlement shares, evidenced by Exhibit D to this Agreement and incorporated by reference into this Agreement.

V.     "Gross Settlement Amount" means the amount of $12,800,000 to be paid by UPS SCS as provided by this Agreement.

W.     "Judgment" means the Order (1) confirming certification of class action and collective action; (2) granting final approval to class action settlement and (3) entering Final Judgment entered by the District Court in the form evidenced by Exhibit G to this Agreement and incorporated by reference into this Agreement or as amended by the District Court.

X.     "UPS SCS's Counsel" means Robert P. Kristoff, Zachary P. Hutton, and Benjamin Strawn of Paul, Hastings, Janofsky & Walker LLP.

Y.     "Net Settlement Amount" means the Gross Settlement Amount to be paid by UPS SCS pursuant to this Settlement, less (i) the Class Representative Payments approved by the District Court; (ii) the Class Counsel Fees Payment and the Class Counsel Litigation Expenses Payment approved by the District Court; (iii) the payment to the California Labor and Workforce Development Agency (the "LWDA") approved by the District Court; and (iv) the Settlement Administrator's reasonable fees and expenses approved by the District Court.

Z.     "Non-Participating California Class Member" means a California Class Member who submits a valid and timely Opt-out.

AA.   "Opt-Out" means a written request by which a California Class Member who has not previously filed a Consent To Become A Party Plaintiff may elect to exclude himself or herself from the Settlement.

BB.   "Participating California Class Member" means a California Class Member who does not submit a valid and timely Opt Out.

CC.   "Preliminary Approval of the Settlement" means the District Court's preliminary approval of the Settlement without material change.

DD.   "Settlement" means the disposition of the Action effectuated by this Settlement Agreement.

EE.    "Settlement Administrator" means the administrator proposed by the Parties and appointed by the District Court to administer the Settlement.

FF.    "Settlement Share" means each Claimant's share of the Net Settlement Amount as provided by this Agreement.

GG.    Workday means, for each California Class Member, any day from July 2, 2004 through October 31, 2009 when s/he was dispatched to make at least one delivery for UPS SCS.

HH.    "Workweek" means, for each FLSA Class Member, any workweek (defined as Sunday through Saturday) from July 2, 2005 through October 31, 2009 when s/he was dispatched on at least four days to make a delivery for UPS SCS.

## II.    RECITALS

A.    On July 2, 2008, Plaintiffs commenced the Action against UPS SCS.  In the Action, Plaintiffs alleged that UPS SCS misclassified them as independent contractors, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), California wage-and-hour law, and California Business and Professions Code section 17200 *et seq.* and failed to pay overtime and minimum wages; failed to provide reimbursement for business expenses; failed to pay reporting time; and failed to pay wages due at termination of employment. Plaintiffs sought to certify an "opt out" Rule 23 class composed of themselves and similarly situated individuals in California, and an "opt-in" FLSA collective action composed of themselves and similarly situated individuals in the United States.

B.    On August 6, 2008, Plaintiffs filed a First Amended Complaint in which, *inter alia*, they revised certain of their legal theories while retaining the material allegations of their claims.

C.    On October 27, 2008, Plaintiffs filed a Second Amended Complaint in which, *inter alia*, they revised certain of their legal theories while retaining the material allegations of their claims.

D.    UPS SCS answered Plaintiffs' Second Amended Complaint, denying all of its material allegations.  Specifically, UPS SCS contended (and continues to contend) that a class or collective action could not properly be certified in the Action if it were litigated; that the members of the proposed classes were properly classified as independent contractors under federal and state law; that UPS SCS did not violate the FLSA, the California Labor Code, or California Business and Professions Code section 17200 *et seq*; and that UPS SCS is not liable for any of the damages or penalties claimed or that could be claimed in the Complaint.

E.    In connection with the Action, the Parties engaged in robust discovery, including propounding and responding to numerous written discovery requests, including requests for production, interrogatories, and requests for admissions, took 35 depositions, and produced approximately 30,000 documents including approximately 160,000 pages and other data.

F.    On March 19, 2009, the District Court issued an order conditionally certifying Plaintiff's FLSA collective action. 522 Class Members opted-in to the collective action by filing timely consent forms to become party plaintiffs. UPS SCS did not have records of eight of these 522 individuals providing services during the relevant Class Period. Those individuals have been given written notice that there was no record of them providing service during the Class Period, and an opportunity to respond with documentary evidence.

G.    On July 9, 2009, the Parties participated in a full day of mediation presided over by Hon. Ron M. Sabraw (Retired). The parties did not reach an agreement to settle the Action at that time.

H.    On October 21, 2009, the parties participated in a second full day of mediation (from 10 a.m. to 11:30 p.m.) with Hon. Ron M. Sabraw (Retired). During the mediation, each side, vigorously represented by its respective counsel, recognized the substantial risk of a variety of potential adverse results in the Action and agreed to settle the Action and all other matters covered by this Agreement pursuant to the terms and conditions of this Agreement. The parties received a Mediator's Proposal and engaged in further negotiations facilitated by the mediator. This Agreement replaces any other agreements, understandings, or representations between the Parties, and notwithstanding any privilege applicable to mediation proceedings it is fully admissible to prove the terms and conditions of the Settlement.

I.    Class Counsel have conducted a thorough investigation into the facts of the Action. Based on the foregoing discovery and their own independent investigation and evaluation, and after substantial consultation with named Plaintiffs, Class Counsel are of the opinion that the Agreement is fair, reasonable, and adequate and is in the best interest of the class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by UPS SCS, and potential appellate issues.

J.    It is the mutual desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims raised in the Action. In order to achieve a full and complete release of the released persons and entities, this Settlement is intended to include and resolve all claims arising from or related to the Action as more fully set forth in section III.F of this Agreement.

K.  This Agreement represents a compromise and settlement of highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission by UPS SCS that the claims in the Action of Plaintiffs, FLSA Class Members, or California Class Members have merit or that UPS SCS bears any liability to Plaintiffs, FLSA Class Members, or California Class Members on those claims, or as an admission by Plaintiffs that UPS SCS's defenses in the Action have merit.

Based on these Recitals, the Parties agree as follows:

## III.  SETTLEMENT TERMS AND CONDITIONS

A.  **Gross Settlement Amount.** Subject to the terms and conditions of this Agreement, the Gross Settlement Amount that UPS SCS will pay under this Settlement is $12,800,000. All of the Gross Settlement Amount will be disbursed pursuant to this Agreement, and none of it will revert to UPS SCS.

B.  **Payments from the Settlement Fund.** Subject to the terms and conditions of this Agreement, the Settlement Administrator will make the following payments out of the Gross Settlement Amount as follows:

1.  **To Plaintiffs:** In addition to their respective Settlement Shares as California Class Members, Plaintiffs will apply to the District Court for an award of $20,000 to each of the five named Plaintiffs as her/his Class Representative Award. UPS SCS will not oppose a Class Representative Award of $20,000 for each Plaintiff. The Settlement Administrator will pay the Class Representative Payments approved by the District Court out of the Gross Settlement Amount. If the District Court approves a Class Representative Payment of less than $20,000 for any Plaintiff, the remainder will be retained in the Net Settlement Amount for distribution to Claimants. A Form 1099 will be issued to each of the named Plaintiffs with respect to those awards.

2.  **To Class Counsel:** Class Counsel will apply to the District Court for an award of not more than $1,700,000 as their Class Counsel Fees Payment and an amount not more than $325,000 as their Class Counsel Litigation Expenses Payment, and UPS SCS will not oppose their request. The Settlement Administrator will pay the amount approved by the District Court (but not more than $1,700,000 and $325,000, respectively) out of the Gross Settlement Amount. If the District Court approves a Class Counsel Fees Payment or a Class Counsel Litigation Expenses Payment of less than $1,700,000 or $325,000, respectively, the remainder will be retained in the Net Settlement Amount for distribution to Claimants. Forms 1099 will be issued to Class Counsel with respect to those payments.

3.  **To LWDA.** The Parties will apply to the District Court for a payment out of the Gross Settlement Amount to the California Labor and Workforce Development Agency ("LWDA") of $20,000 (the "LWDA Payment") as the LWDA's share of the settlement of civil penalties paid under this Agreement pursuant to Private Attorney General Act of 2004 ("PAGA"). If the District Court approves an LWDA Payment of less than $20,000, the remainder will be retained in the Net Settlement Amount for distribution to Claimants.

4.  **To the Settlement Administrator.** The Settlement Administrator will pay out of the Gross Settlement Amount to itself its reasonable fees and expenses as approved by the District Court in an amount not to exceed $20,000.

C.  **Distribution of the Settlement Shares from the Net Settlement Amount.** After all approved amounts identified in IIIB above are paid from the Gross Settlement Amount, the remaining sum will constitute the Net Settlement Amount to be distributed to FLSA and California class members as follows. Two thirds of the Net Settlement Amount will be allocated to Claimants who are Participating California Class Members (the "California Net Settlement Amount") and the remaining one third will be allocated to Claimants who are FLSA Class Members (the "FLSA Net Settlement Amount"), in accordance with the terms and conditions of this Agreement. This allocation reflects the approximate proportion of claims asserted on behalf of the two classes.

1.  **Calculation of Settlement Shares for Participating California Class Members.** The Settlement Share for each Claimant who is a Participating California Class Member will be calculated by (a) dividing the California Net Settlement Amount by the total number of Workdays for all Participating California Class Members and (b) multiplying the result by each individual Claimant's Workdays. However, under no circumstances will a Participating California Class Member's Settlement Share be less than $500.

2.  **Calculation of Settlement Shares for FLSA Class Members.** The Settlement Share for each Claimant who is an FLSA Class Member will be calculated by (a) dividing the FLSA Net Settlement Amount by the total number of Workweeks for all FLSA Class Members and (b) multiplying the result by each individual Claimant's Workweeks. However, under no circumstances will an FLSA Class Member's Settlement Share be less than $500.

3.  **Withholding.** The Settlement Shares of FLSA Class Members shall be reported on IRS Form 1099. Forty percent (40%) of the Settlement Shares of Claimants who are Participating California Class Members shall

be reported on IRS Form 1099. The remainder shall be in settlement of expense reimbursement claims. This allocation represents the approximate proportion of the expense reimbursement claims to the other claims asserted on behalf of California Class Members. FLSA Class Members and Participating California Class Members are solely responsible for paying any and all taxes on amounts they receive under this Agreement.

4.     **Effect of Non-Participating California Class Members.** Non-Participating California Class Members will receive no Settlement Share, and their choice to opt out of this Action will reduce neither the Gross Settlement Amount nor the California Net Settlement Amount. Their respective Settlement Shares will be retained in the California Net Settlement Amount for distribution to Claimants who are Participating California Class Members on a *pro rata* basis relative to their Settlement Shares.

5.     **Effect of Participating California Class Members Not Submitting Claim Forms.** If a Participating California Class Member who has not previously submitted a Consent To Become A Patty Plaintiff does not submit a timely Claim Form and therefore does not qualify as a Claimant, the Settlement Share that would have been paid to him or her if he or she had qualified as a Claimant (the "Unclaimed California Settlement Share") will be distributed as follows:

   a.     If the percentage of the total of Unclaimed California Settlement Shares compared to the California Net Settlement Amount is more than 25 percent, then the portion in excess of 25 percent will be distributed to Claimants who are Participating California Class Members in amounts proportional to their Settlement Shares, and the portion equaling 25 percent will be donated as follows: 50% will be donated in equal parts to the Impact Fund, the National Employment Law Project and California Rural Legal Assistance, and 50% will be donated in equal party to Community Vocational Enterprise and Boys and Girls Club of America.

   b.     If the percentage of the total of Unclaimed California Settlement Shares compared to the California Net Settlement Amount is equal to or less than 25 percent, the Unclaimed Settlement Shares will be donated as follows: 50% will be donated in equal parts to the Impact Fund, the National Employment Law Project and California Rural Legal Assistance, and 50% will be donated in equal party to Community Vocational Enterprise and Boys and Girls Club of America.

LEGAL_US_W # 63187022. 3

9

D.   **Appointment of Settlement Administrator.**  The Parties will ask the District Court to appoint CPT Group, Inc., a qualified administrator, to serve as the Settlement Administrator, which, as a condition of appointment, will agree to be bound by this Agreement with respect to the performance of its duties and its compensation.   The Settlement Administrator's duties will include preparing, printing, and mailing the FLSA Class Notice Packet to all FLSA Class Members; preparing, printing, and mailing the California Class Notice Packet to all California Class Members; conducting a National Change of Address search on any Class Notice Packet returned by the U.S. Postal Service as non-deliverable, and re-mailing the Class Notice Packet to the Class Member's new address; setting up a toll-free telephone number to receive calls from class members; receiving and reviewing for validity completed Claim Forms, FLSA Verification Forms and Opt-outs ; providing the Parties with weekly status reports about the delivery of Class Notice Packets and receipt of completed Claim Forms, FLSA Workweek Verification Forms, and Elections Not to Participate in Settlement; calculating Settlement Shares; issuing the checks to effectuate the payments due under the Settlement; issuing the tax reports required under this Settlement; and otherwise administering the Settlement pursuant to this Agreement.   The Settlement Administrator will have the final authority to resolve all disputes concerning the calculation of a Claimant's Settlement Share, subject to the dollar limitations set forth in this Agreement.   The Settlement Administrator's reasonable fees and expenses, including the cost of printing and mailing, will be paid out of the Gross Settlement Amount.

E.   **Procedure for Approving Settlement.**

1.   **Motion for Conditional Certification of California Settlement Class and Preliminary Approval of Settlement by the District Court.**

a.   The Parties jointly will move the District Court for an order conditionally certifying the California Class for settlement purposes, giving Preliminary Approval of the Settlement, setting a date for the Final Approval Hearing, and approving the FLSA Class Notice, California Class Notice, Claim Form, and FLSA Workweek Verification Form, and approving the CAFA Notice given by UPS SCS (the "Motion for Preliminary Approval").

b.   Within ten days of the Parties' filing the Motion for Preliminary Approval, UPS SCS will, pursuant to CAFA, mail the CAFA Notice to the Attorney General of the United States and the appropriate state official in each state in which a California Class Member resides at the time of notice.  If UPS SCS later learns that a California Class Member resides in a state other than the state noted in UPS SCS's records, UPS SCS will provide or supplement

the CAFA Notice to the appropriate state official in each state where a California Class Member is then-found to reside.

c.  At the hearing on the Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the motion, and submit an Order Conditionally Certifying Settlement Classes; Preliminarily Approving Class Settlement; Appointing Class Representatives and Class Counsel; Approving Class Notices and Related Materials; Appointing Settlement Administrator; and Scheduling Final Approval Hearing, in the form attached as Exhibit F to this Agreement and incorporated by reference into this Agreement.

d.  Should the District Court decline to conditionally certify the California Class for settlement purposes or to preliminarily approve all material aspects of the Settlement (including but not limited to the scope of release to be granted by FLSA Class Members and Participating California Class Members or the binding effect of the Settlement on Participating California Class Members who are not Claimants), the Settlement will be null and void and the Parties will have no further obligations under it.

2.  **Notice to Class Members.**  After the District Court enters its order granting Preliminary Approval of the Settlement, every FLSA Class Member will be provided with the FLSA Class Notice Packet and every California Class Member will be provided with the California Class Notice Packet as follows:

a.  Using best efforts to provide it as soon as possible, and in no event later than thirty days after the District Court enters its order granting Preliminary Approval of the Settlement, UPS SCS will provide to the Settlement Administrator an electronic database containing for each Class Member his or her Class Data. If any of the Class Data are unavailable to UPS SCS, UPS SCS will so inform Class Counsel and the Parties will make their best efforts to reconstruct or otherwise agree upon the Class Data prior to when it must be submitted to the Settlement AdministratorThis information will otherwise remain confidential and will not be disclosed to anyone, except as required to applicable taxing authorities, in order to carry out the reasonable efforts described in section III.E.2.c., or pursuant to UPS SCS's express written authorization or by order of the District Court.

b.  Using best efforts to mail it as soon as possible, and in no event later than ten days after receiving the Class Data, the Settlement

Administrator will mail the FLSA Class Notice Packets to all FLSA Class Members and the California Class Notice Packets to all California Class Members (collectively "Class Notice Packets") via first-class regular U.S. Mail using the mailing address information provided by UPS SCS, unless modified by any updated address information discovered by Class Counsel's investigation or that the Settlement Administrator obtains in the course of administration of the Settlement.

c.   If a Class Notice Packet is returned because of an incorrect address, the Settlement Administrator will promptly, and not longer than ten days from receipt of the returned packet, search for a more current address for the Class Member and re-mail the Class Notice Packet to the Class Member. The Settlement Administrator will use the Class Data and otherwise work with UPS SCS and Class Counsel to find that more current address. The Settlement Administrator will be responsible for taking reasonable steps, to trace the mailing address of any Class Member for whom a Class Notice Packet is returned by the U.S. Postal Service as undeliverable. These reasonable steps shall include, at a minimum, the tracking of all undelivered mail; performing address searches for all mail returned without a forwarding address; and promptly re-mailing to Class Members for whom new addresses are found. If the Class Notice Packet is re-mailed, the Settlement Administrator will note for its own records and notify Class Counsel and UPS SCS's Counsel of the date and address of each such re-mailing as part of a weekly status report provided to the Parties.   Class Counsel will be entitled to receive from the Settlement Administrator any updated address information about a Class Member as the Settlement Administrator obtains such information.

d.   As part of its weekly status report, the Settlement Administrator will inform Class Counsel and UPS SCS's Counsel of completed Elections Not to Participate in Settlement it receives.

e.   Not later than the date by which the Parties file their joint motion for final approval of the Settlement, the Settlement Administrator will serve on the Parties and file with the Court a declaration of due diligence setting forth its compliance with its obligations under this Agreement.   Prior to the Final Approval Hearing, the Settlement Administrator will supplement its declaration of due diligence if any material changes occur from the date of the filing of its prior declaration.

3.   **Claim Form.**  California Class Members who have not previously filed a Consent To Become A Party Plaintiff will have thirty days after the date on which the Settlement Administrator mails the California Class Notice Packets to submit the Claim Form to the Settlement Administrator or thirty days after the date of re-mailing, if necessary.

    a.   California Class Members will have the opportunity to challenge the Class Data pre-printed on their individualized Claim Forms by submitting a written challenge along with their signed Claim Form and supporting documentation to the Settlement Administrator within the time period provided for submitting the Claim Form. Any challenges to the information pre-printed on the Claim Form must be supported by documentary evidence; the Settlement Administrator will reject any challenge not supported by such evidence.  In the event of such a dispute, UPS SCS will review its records to verify the correct information.  After consultation with Class Counsel, the Class Member and UPS SCS, the Settlement Administrator will make a determination of the disputed information and that determination will be final, binding on the Parties and the Class Member, and non-appealable.

    b.   In the event that a Claim Form is submitted timely but is not signed, the Settlement Administrator will request that the Class Member resubmit the form with a signature, but will treat it as a timely Claim Form.

    c.   **FLSA Workweek Verification Form.**  FLSA Class Members will have the opportunity to challenge the Class Data pre-printed on their individualized FLSA Workweek Verification Forms by submitting a written challenge and supporting documentation to the Settlement Administrator within 30 days after the Settlement Administrator mails the FLSA Class Notice Packet.  Any challenges to the information pre-printed on the FLSA Workweek Verification Form must be supported by documentary evidence; the Settlement Administrator will reject any challenge not supported by such evidence.  In the event of such a dispute, UPS SCS will manually review its records to verify the correct information.  After consultation with Class Counsel, the Class Member and UPS SCS, the Settlement Administrator will make a determination of the disputed information and that determination will be final, binding on the Parties and the Class Member, and non-appealable.

4.   **Comments on or Objections to Settlement; Elections Not to Participate in Settlement.**   California Class Members may submit

objections to the Settlement or Opt-outs pursuant to the following procedures:

a.  **Comments on or Objections to Settlement.** All Class Members will have an opportunity to comment on the settlement, however, only California Class Members may object to the settlement. The California Class Notice will provide that California Class Members who wish to object to the Settlement must file with the District Court and serve on counsel for the Parties not later than thirty days after the Settlement Administrator mails the California Class Notice Packets a written objection to the Settlement setting forth the grounds for the objection. The statement will also indicate whether the California Class Member intends to appear and comment or object at the Final Approval Hearing; failure to so indicate will constitute a waiver of the right to appear at the hearing. An California Class Member who does not file and serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

b.  **Election Not to Participate in Settlement.** Only California Class Members who have not previously filed a Consent To Become A Party Plaintiff may elect not to participate in the settlement. The California Class Notice also will provide that such California Class Members who wish to exclude themselves from the Settlement, must mail to the Settlement Administrator, not later than thirty days after the Settlement Administrator mails the Class Notice Packets, an Opt-Out consisting of a signed writing which states that the California Class Member wishes to be excluded from the settlement, and understands that as a result he or she will not be entitled to share in the settlement proceeds. If a question is raised about the authenticity of a signed Opt-out, the Settlement Administrator will have the right to demand additional proof of the California Class Member's identity. A Non-Participating Class Member will not participate in or be bound by the Settlement and the Judgment. Nothing in this Agreement will constitute or be construed as a waiver of any defense UPS SCS has or could assert against any claim brought by a Non-Participating Class Member. An California Class Member who does not complete and mail a timely Opt-out in the manner and by the deadline specified above will automatically become a Participating Class Member and be bound by all terms and conditions of the Settlement, including its release of claims, if the Settlement is approved by the District

Court, and by the Judgment, regardless of whether he or she has objected to the Settlement or submitted a completed Claim Form.

c.    **Report.**    Not later than seven days after the deadline for submission of Opt-outs, Claim Forms, and FLSA Workweek Verification Forms, the Settlement Administrator will provide the Parties with a complete and accurate list of all Claimants, Participating California Class Members, and Non-Participating California Class Members.

5.    **No Solicitation of Comment, Objection, Election Not to Participate.** Neither the Parties nor their respective counsel will solicit or otherwise encourage directly or indirectly any Class Member to comment on or object to the Settlement, submit an Opt-out, or appeal from the Judgment.

6.    **Right of UPS SCS to Reject Settlement.**    If 15% or more of Opt-Out Class Members timely submit completed Opt-Outs, UPS SCS will have the right, but not the obligation, to void the Settlement and the Parties will have no further obligations under the Settlement, including any obligation by UPS SCS to pay the Gross Settlement Amount, or any amounts that otherwise would have been owed under this Agreement, except that UPS SCS will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that UPS SCS exercises its right to void the Settlement.    UPS SCS will notify Class Counsel and the District Court whether it is exercising this right to void not later than seven days after the Settlement Administrator notifies the Parties of the number of valid Opt-Outs it has received.

7.    **Additional Briefing and Final Approval.**

a.    Not later than twenty-eight days before the Final Approval Hearing, the Parties jointly will file with the District Court a motion for final approval of the Settlement (including a determination that UPS SCS complied with CAFA with respect to the CAFA notice), the LWDA Payment, and payment of the Settlement Administrator's reasonable fees and expenses, and a memorandum in support of their motion.    Plaintiffs and Class Counsel will serve on UPS SCS and file with the District Court a motion for awards of the Class Representative Payments, the Class Counsel Fees Payment, and the Class Counsel Litigation Expenses Payment pursuant to this Settlement, and memoranda in support of their motions.

b.    If any objection is filed, then not later than seven days before the Final Approval Hearing, the Parties jointly may file a response in

support of their motion for final approval of the Settlement, the LWDA Payment, and payment of the Settlement Administrator's reasonable fees and expenses; and Plaintiffs and Class Counsel may file a response in support of their motions for the Class Representative Payment, the Class Counsel Fees Payment, and the Class Counsel Litigation Expenses Payment.

c.    If no Class Member filed an objection to the Settlement, then the Parties will apply to the District Court to expedite the date of the Final Approval Hearing.

d.    If the District Court does not grant final approval of the Settlement or grants final approval conditioned on any material change to the Settlement, then the settlement will be null and void and the Parties will have no further obligations under the Settlement, including any obligation by UPS SCS to pay the Gross Settlement Amount or any amounts that otherwise would have been owed under this Agreement, except that UPS SCS will pay the Settlement Administrator's reasonable fees and expenses incurred as of the date that the Settlement becomes null and void under this paragraph. Upon final approval of the Settlement by the District Court at or after the Final Approval Hearing, the Parties will present for the District Court's approval and entry the Order Confirming Certification of Class Action, Granting Final Approval & Entering Final Judgment, attached hereto as Exhibit G. After entry of the Judgment, the District Court will have continuing jurisdiction over the Action and the Settlement solely for purposes of (i) enforcing this Agreement, (ii) addressing settlement administration matters, and (iii) addressing such post-Judgment matters as may be appropriate under court rules or applicable law.

8.    **Waiver of Right to Appeal.** Provided that the Judgment is consistent with the terms and conditions of this Agreement, Plaintiffs, FLSA Class Members, and California Class Members who did not timely submit an objection to the Settlement, UPS SCS, and their respective counsel hereby waive any and all rights to appeal from the Judgment, including all rights to any post-judgment proceeding and appellate proceeding, such as, but not limited to, a motion to vacate judgment, a motion for new trial, a motion for relief under Rule 60, Federal Rules of Civil Procedure and any extraordinary writ, and the Judgment therefore will become nonappealable at the time it is entered. The waiver of appeal does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings. This paragraph does not preclude Plaintiffs or Class Counsel from appealing from a refusal by the District Court to award the full Class Representative Payments, the Class Counsel Fees Payment, or the Class

Counsel Litigation Expenses Payment sought by them without objection by UPS SCS. If an appeal is taken from the Judgment, the time for consummation of the Settlement (including making payments under the Settlement) will be suspended until such time as their appeal is finally resolved and the Judgment becomes Final.

9.    **Vacating, Reversal, or Material Modification of Judgment on Appeal or Review.** If, after a notice of appeal, a petition for review, or a petition for *certiorari*, or any other motion, petition, or application, the reviewing court vacates, reverses, or modifies the Judgment such that there is a material modification to the Settlement and that court's decision is not completely reversed and the Judgment is not fully affirmed on review by a higher court, then either Plaintiffs or UPS SCS will have the right to void the Settlement, which the Party must do by giving written notice to the other Parties, the reviewing court, and the District Court not later than fourteen days after the reviewing court's decision vacating, reversing, or materially modifying the Judgment becomes Final.

10.   **Timing of Provision of Settlement Shares and Other Payments.** The payments to Plaintiffs for their awarded class representative payments, to Claimants for their settlement payments, to Class Counsel for their awarded attorneys' fees and expenses and to the LWDA will be made within 10 days after the Settlement becomes Final.

11.   **Uncashed Settlement Share Checks.** A Claimant must cash his or her Settlement Share check within 120 days after it is mailed to him or her. If a check is returned to the Settlement Administrator, the Settlement Administrator will make all reasonable efforts to re-mail it to the Claimant at his or her correct address. If Claimant's Settlement Share check is not cashed within ninety days after its last mailing to the Claimant, the Settlement Administrator will send the Claimant a letter informing him or her that unless the check is cashed in the next thirty days, it will expire and become non-negotiable, and offer to replace the check if it was lost or misplaced but not cashed. If the check remains uncashed by the expiration of the thirty-day period after this notice, and if the total of uncashed checks is more than $10,000, the total will be redistributed to those Claimants who cashed their checks; if the total of uncashed checks is $10,000 or less, the total will be distributed as follows: 50% will be donated in equal parts to the Impact Fund, the National Employment Law Project and California Rural Legal Assistance, and 50% will be donated in equal party to Community Vocational Enterprise and Boys and Girls Club of America.

12.   **Final Report by Settlement Administrator to Court.** Within ten days after final disbursement of all funds from the Gross Settlement Amount,

the Settlement Administrator will serve on the Parties and file with the Court a declaration providing a final report on the disbursements of all funds from the Gross Settlement Amount.

F.      **Release of Claims**.

1.      **Plaintiffs**.  As of the date of the Judgment, the named Plaintiffs hereby fully and finally release UPS SCS, and its parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, from any and all claims, known and unknown, including but not limited to claims arising under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law (the "Plaintiffs' Released Claims").   The Plaintiffs' Released Claims include, but are not limited to, all claims arising from or related to the matters alleged in the Action.   The Plaintiffs' Released Claims shall include, *inter alia*, all claims for unpaid wages, minimum wages, overtime compensation, reporting time pay, meal or rest break premiums, employee benefits or insurance, unpaid expenses, penalties, interest, and attorneys' fees, whether founded on federal, state, or local law, including but not limited to all such claims arising under the FLSA, federal common law, the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1194, 2698 *et seq.*, and 2802, the wage orders of the California Industrial Welfare Commission, California Business and Professions Code section 17200 *et seq.*, and the California common law of contract. The Plaintiffs' Released Claims also include all claims for lost wages and benefits, emotional distress, punitive damages, and attorneys' fees and expenses arising under federal, state, or local laws for discrimination, harassment, and wrongful termination, such as, by way of example only, (as amended) 42 U.S.C. section 1981, Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the California Fair Employment and Housing Act; and the law of contract and tort. This release excludes the release of claims not permitted by law.

2.      **California Class Members**.   As of the date of the Judgment, all Participating California Class Members hereby fully and finally release UPS SCS, and its parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, from any and all claims, known and unknown, all claims based on or arising from the allegations that they were or are improperly compensated under federal, state, or local law (the "Class's Released Claims").  The Class's Released Claims include any and all claims for unpaid wages, minimum wages, overtime compensation, reporting time pay, meal or rest break

premiums, employee benefits or insurance, unpaid expenses, penalties, interest, and attorneys' fees, whether founded on federal, state, or local law. The Class's Released Claims include, but are not limited to, all such claims arising under FLSA, federal common law, the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), California Labor Code sections 201, 202, 203, 204, 226, 226.7, 510, 512, 558, 1194, 2698 *et seq.*, and 2802 (and any similar statutes in other states), the wage orders of the California Industrial Welfare Commission (and any similar regulations in other states), California Business and Professions Code section 17200 *et seq.*, and state common law of contract. This release excludes the release of claims not permitted by law.

3.   **FLSA Class Members.**  As of the date of the Judgment, all FLSA Class Members hereby fully and finally release UPS SCS, and its parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, from any and all claims, known and unknown, for overtime compensation and minimum wages, whether arising under federal, state or local law, and any and all claims for employee benefits or other relief under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). This release excludes the release of claims not permitted by any valid federal, state, or local law.

4.   **Waiver of Rights Under California Civil Code Section 1542.**  The Plaintiffs' Released Claims and the California Class's Released Claims include all such claims, whether known or unknown by the releasing party. Thus, even if Plaintiffs, or Participating California Class Members discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of their respective Plaintiffs' Released Claims or California Class's Released Claims, those claims will remain released and forever barred. Therefore, with respect to those released claims, Plaintiffs,  and Participating California Class Members expressly waive and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code, which reads:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

G.   **Limitation on Public Statements About Settlement.**  Plaintiffs, Class Counsel, UPS SCS, and UPS SCS's counsel will not issue any press releases, initiate any contact with the press, respond to any press inquiry, or have any communication

with the press about the fact, amount or terms of the Settlement prior to Preliminary Approval of the Settlement.

H.   **Miscellaneous Terms**.

    1.   **No Admission of Liability or Class Certification for Other Purposes**.

        a.   UPS SCS denies that it has engaged in any unlawful activity, has failed to comply with the law in any respect, has any liability to anyone under the claims asserted in the Action, or that but for the Settlement a class should be certified in the Action.   This Agreement is entered into solely for the purpose of compromising highly disputed claims.   Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by UPS SCS, or an admission by Plaintiffs that any of their claims was non-meritorious or any defense asserted by UPS SCS was meritorious.   This Settlement and the fact that Plaintiffs and UPS SCS were willing to settle the Action will have no bearing on, and will not be admissible in connection with, any litigation (other than solely in connection with the Settlement).

        b.   The Parties have agreed to the certification of a class action for the sole purpose of effectuating this Settlement.   Should the Settlement be voided by UPS SCS pursuant to this Agreement, or not approved by the District Court, or should the Judgment not become Final, the fact that the Parties were willing to stipulate to class certification as part of the Settlement will have no bearing on, and will not be admissible in connection with, the issue of whether a class should be certified in a non-settlement context in this Action or any other action, and in any of those events UPS SCS expressly reserves the right to oppose class certification.

        c.   Whether or not the Judgment becomes Final, neither the Settlement, this Agreement, any document, statement, proceeding or conduct related to the Settlement or the Agreement, nor any reports or accounting of those matters, will be (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to UPS SCS or any other beneficiary of the releases granted under this Agreement (the "Released Parties"), including, but not limited to, evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or

LEGAL_US_W # 63187022. 3

administrative action or proceeding except for purposes of effectuating the Settlement pursuant to this Agreement.

d.  This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement, or in defense of any claims released or barred by this Agreement.

2.  **Integrated Agreement.**  After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

3.  **Attorney Authorization.**  Class Counsel and UPS SCS's Counsel warrant and represent that they are authorized by Plaintiffs and UPS SCS, respectively, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

4.  **Modification of Agreement.**  This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their successors-in-interest.

5.  **Agreement Binding on Successors.**  This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

6.  **Applicable Law.**  All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles.

7.  **Cooperation in Drafting.**  The Parties have cooperated in the drafting and preparation of this Agreement.  This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

8.  **Fair Settlement.**  The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-

length negotiations, taking into account all relevant factors, current and potential.

9.    **Headings.**  The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

10.   **Notice.**  All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

*To Plaintiffs and the Class:*

Lynn Rossman Faris
Eleanor Morton
Jennifer Keating
Leonard Carder, LLP
1330 Broadway, Suite 1450
Oakland, California 94612

*To UPS SCS:*

Robert P. Kristoff
Zachary P. Hutton
Benjamin Strawn
Paul, Hastings, Janofsky & Walker LLP
55 Second Street, 24th Floor
San Francisco, California  94105-3441

11.   **Execution in Counterpart.**  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves original signed counterparts. Facsimile signatures will be accepted if the original signature is provided within seven days.  Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

## IV.    EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated: November ___, 2009      PAULA LABRIE

_____

LEGAL_US_W # 63187022. 3

22

Dated: November ___, 2009    ALREDO MACIAS

_____

Dated: November ___, 2009    PETER MILLMAN

_____

Dated: November ___, 2009    TOM CHORTABTIM

_____

Dated: November ___, 2009    RAF SISON

_____

Dated: November ___, 2009    UPS SUPPLY CHAIN SOLUTIONS, INC.

By: _____

Approved as to Form:

Dated: November 17, 2009    LYNN ROSSMAN FARIS
                          LEONARD CARDER, LLP

By: _____

Attorneys To Plaintiffs & Plaintiff Class

Dated: November 17, 2009    ROBERT P. KRISTOFF
                          PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Attorney to UPS SCS

LEGAL_US_W # 63187022. 3

23

Dated:  November ____, 2009       ALREDO MACIAS

_____

Dated:  November ____, 2009       PETER MILLMAN

_____

Dated:  November ____, 2009       TOM CHORTABTIM

_____

Dated:  November ____, 2009       RAF SISON

_____

Dated:  November ____, 2009       UPS SUPPLY CHAIN SOLUTIONS, INC.

By: _____

Approved as to Form:

Dated:  November ____, 2009       LYNN ROSSMAN FARIS
                                   LEONARD CARDER, LLP

By: _____

Attorneys To Plaintiffs & Plaintiff Class

Dated:  November ____, 2009       ROBERT P. KRISTOFF
                                   PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____
Attorney to UPS SCS

LEGAL_US_W # 63187022. 3

23

length negotiations, taking into account all relevant factors, current and potential.

9.   **Headings.** The descriptive heading of any section or paragraph of this Agreement is inserted for convenience of reference only and does not constitute a part of this Agreement.

10.   **Notice.** All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

*To Plaintiffs and the Class:*

Lynn Rossman Faris
Eleanor Morton
Jennifer Keating
Leonard Carder, LLP
1330 Broadway, Suite 1450
Oakland, California 94612

*To UPS SCS:*

Robert P. Kristoff
Zachary P. Hutton
Benjamin Strawn
Paul, Hastings, Janofsky & Walker LLP
55 Second Street, 24th Floor
San Francisco, California  94105-3441

11.   **Execution in Counterpart.** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves original signed counterparts. Facsimile signatures will be accepted if the original signature is provided within seven days. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

## IV.   EXECUTION BY PARTIES AND COUNSEL

The Parties and their counsel hereby execute this Agreement.

Dated: November 7, 2009        PAULA LABRIE

_____

Dated: November /7, 2009     ALREDO MACIAS

_____

Dated: November ___, 2009     PETER MILLMAN

_____

Dated: November ___, 2009     TOM CHORTABTIM

_____

Dated: November ___, 2009     RAF SISON

_____

Dated: November ___, 2009     UPS SUPPLY CHAIN SOLUTIONS, INC.

By: _____

Approved as to Form:

Dated: November /7, 2009     LYNN ROSSMAN FARIS
                             LEONARD CARDER, LLP

                             By: _____

                             Attorneys To Plaintiffs & Plaintiff Class

Dated: November /7, 2009     ROBERT P. KRISTOFF
                             PAUL, HASTINGS, JANOFSKY & WALKER LLP

                             By: _____
                             Attorney to UPS SCS

LEGAL_US_W # 63187022. 3

23

Dated: November ____, 2009     ALREDO MACIAS

_____

Dated: November **17**, 2009     PETER MILLMAN

_PETER Millman_

Dated: November ____, 2009     TOM CHORTABTIM

_____

Dated: November ____, 2009     RAF SISON

_____

Dated: November ____, 2009     UPS SUPPLY CHAIN SOLUTIONS, INC.

By: _____

Approved as to Form:

Dated: November **17**, 2009     LYNN ROSSMAN FARIS
                              LEONARD CARDER, LLP

By: _____

Attorneys To Plaintiffs & Plaintiff Class

Dated: November **17**, 2009     ROBERT P. KRISTOFF
                              PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: _____

Attorney to UPS SCS

Dated: November ___, 2009          ALREDO MACIAS

                                   _____

Dated: November ___, 2009          PETER MILLMAN

                                   _____

Dated: November 17, 2009           TOM CHORTABTIM

                                   _____

Dated: November ___, 2009          RAF SISON

                                   _____

Dated: November ___, 2009          UPS SUPPLY CHAIN SOLUTIONS, INC.

                                   By: _____


Approved as to Form:

Dated: November 17, 2009           LYNN ROSSMAN FARIS
                                   LEONARD CARDER, LLP

                                   By: _____

                                   Attorneys To Plaintiffs & Plaintiff Class


Dated: November 17, 2009           ROBERT P. KRISTOFF
                                   PAUL, HASTINGS, JANOFSKY & WALKER LLP

                                   By: _____
                                   Attorney to UPS SCS

LEGAL_US_W # 63187022. 3

                                        23

Dated: November ___, 2009        ALREDO MACIAS

Dated: November ___, 2009        _____

                                 PETER MILLMAN

Dated: November ___, 2009        _____

                                 TOM CHORTABTIM

Dated: November _17_, 2009       _____

                                 RAF SISON

                                 _Raf Sison_____

Dated: November ___, 2009        UPS SUPPLY CHAIN SOLUTIONS, INC.

                                 By: _____

Approved as to Form:

Dated: November _17_, 2009       LYNN ROSSMAN FARIS
                                 LEONARD CARDER, LLP

                                 By: _____

                                 Attorneys To Plaintiffs & Plaintiff Class

Dated: November _17_ 2009        ROBERT P. KRISTOFF
                                 PAUL, HASTINGS, JANOFSKY & WALKER LLP

                                 By: _____
                                 Attorney to UPS SCS